**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

JEREMY HOCKENSTEIN, for himself and all others similarly situated,

                         Plaintiff,

       -against-

CIGNA HEALTH AND LIFE INSURANCE COMPANY,

                         Defendant.

Civil Case Number: _____

**COMPLAINT**

Plaintiff alleges:

**NATURE OF THIS ACTION**

1.     Defendant violated the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq*.

**JURISDICTION AND VENUE**

2.     Defendant regularly engages in business in the state of New York.

3.     Defendant caused harm to Plaintiff in New York as alleged more fully below.

4.     The Court has subject matter jurisdiction under 29 U.S.C. § 1132(e)(1); 28 U.S.C. § 1331; and 28 U.S.C. §§ 2201-2.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and pursuant to 29 U.S.C. § 1132(b).

**PARTIES**

6.    Named Plaintiff is a natural person and a resident of New York, New York.

7.    Defendant CIGNA Health and Life Insurance Company ("Cigna") is an insurance company organized under the laws of Connecticut with a principal place of business located at 900 Cottage Grove Road, Bloomfield, Connecticut 06002.

**ERISA**

8.    Recognizing the centrality of employer sponsored benefits to the American healthcare system, Congress enacted the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq*.   To this day, millions of Americans rely on an employer sponsored plan for their healthcare coverage.  To assure that beneficiaries are protected and are treated equitably, ERISA imposes fiduciary obligations on insurers – such as Cigna – in the processing of claims for healthcare benefits.

9.    As a fiduciary, an insurer in this context owes the highest standard of loyalty and prudence in the processing of participant and beneficiary healthcare claims.

10.   This action asserts that Cigna breached its fiduciary duties under ERISA, and under ERISA plan documents, by failing to reimburse, in full and without cost sharing or other medical cost management, the costs of diagnostic Covid-19 testing.  This action further asserts Cigna failed to conduct "full and fair review" of its denial of diagnostic Covid-19 reimbursement claims, and further asserts Cigna failed to provide adequate notice of the reasons for its denials of diagnostic Covid-19 testing claims.

11.   Following are relevant provisions of ERISA for purposes of this action:

| ERISA § | 29 USC § | Text |
|---|---|---|
| 3(21)(A) | 1002(21)(A) | "a person is a fiduciary with respect to a **plan** to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets… (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.  Such term includes any person designated under section 1105(c)(1)(B) of this title." |
| 402(a)(1) | 1102(a)(1) | "Every employee benefit plan shall be established and maintained pursuant to a written instrument. Such instrument shall provide for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the **plan**." |
| 402(b) | 1102(b) | "Every **employee benefit plan** shall—<br>**(1)** provide a procedure for establishing and carrying out a funding policy and method consistent with the objectives of the plan and the requirements of this subchapter,<br>**(2)** describe any procedure under the plan for the allocation of responsibilities for the operation and administration of the plan (including any procedure described in section 1105(c)(1) of this title,<br>**…**<br>**(4)** specify the basis on which payments are made to and from the plan." |
| 404(a)(1) | 1104(a)(1) | "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—<br>(A)for the exclusive purpose of:<br>(i)<br>providing benefits to participants and their beneficiaries; and…<br>(B)<br>with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; [and]<br>…<br>(D)<br>in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter…" |
| 405(c)(1)(B) | 1105(c)(1)(B) | "The instrument under which a plan is maintained may expressly provide for procedures… for named fiduciaries to designate persons other than named fiduciaries to carry out fiduciary responsibilities (other than trustee responsibilities) under the plan." |
| 502(a) | 1132(a) | "A civil action may be brought— |

| | | |
|---|---|---|
| | | (1)<br>by a participant or beneficiary<br>…<br>(B)<br>to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;<br>(2)<br>by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;<br>(3)<br>by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan" |
| 503(1) | 1133(1) | "In accordance with regulations of the Secretary, every employee benefit plan shall—<br>**(1)** provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant." |
| 503(2) | 1133(2) | **"**In accordance with regulations of the Secretary, every employee benefit plan shall—<br>…<br>**(2)** afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." |

## **FACTS**

12. Cigna issued insurance policy number 00632911 to The Educational Alliance (the, "Policy").

13. The Policy funds healthcare benefits for an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(3) (the, "Plan").

14. The Plan is governed by ERISA.

15. Named Plaintiff was at all relevant times a beneficiary of the Policy and the Plan.

16.     Cigna acts as a fiduciary with respect to the Plan pursuant to 29 U.S.C. § 1002(21)(A), and

        pursuant to 29 U.S.C. § 1105(c).   Cigna handles all claims for healthcare benefits,

        including making all claims determinations, under the Policy.

17.     Cigna promulgates a summary plan description ("SPD") for the Plan, which provides in

        part (at p. 93):

> The Plan Administrator delegates to Cigna the discretionary
> authority to interpret and apply plan terms.... Such discretionary
> authority is intended to include, but not limited to… the
> determination of whether a person is entitled to benefits under the
> plan, and the computation of any and all benefit payments. The Plan
> Administrator also delegates to Cigna the discretionary authority to
> perform a full and fair review, as required by ERISA, of each claim
> denial which has been appealed by the claimant or his duly
> authorized representative.

18.     The SPD further states (at p. 5):

> We [*i.e.,* Cigna] may, from time to time, offer or arrange for various
> entities to offer discounts, benefits, or other consideration to our
> members for the purpose of promoting the general health and well
> being of our members.  We may also arrange for the reimbursement
> of all or a portion of the cost of services provided by other parties to
> the Policyholder.

19.     In March 2020, to address the emerging global Covid-19 pandemic, the United States

        Government passed the Families First Coronavirus Response Act, Pub. L. 116-127 (the

        "FFCRA"), followed by the Coronavirus Aid, Relief, and Economic Security Act Pub. L.

        116-134 (the, "CARES Act").  Pursuant to section 6001(a) of the FFCRA, and section 3202

        of the CARES Act, an insurer, such as Cigna, is obligated to reimburse in full the cost paid

        by a beneficiary for diagnostic Covid-19 testing, without imposing any cost-sharing, co-

        payments, deductibles, or coinsurance, regardless of whether the provider is in-network or

        out-of-network.

20.   On January 16, 2022, Plaintiff obtained a diagnostic Covid-19 test from the office of Dr. Stuart B. Weiss, MD, for which Plaintiff paid $250 out of pocket, constituting full payment for the Covid test.

21.   The $250 fee charged by Dr. Weiss's office was posted on the Internet at all relevant times.

22.   Dr. Weiss was an "out of network" provider for the Covid-19 test under the terms of the Policy.

23.   Plaintiff submitted a claim to Cigna for reimbursement of the $250 he paid.  Cigna only approved and paid $51.31 in reimbursement to Plaintiff, otherwise denying Plaintiff's claim and leaving Plaintiff to personally cover $198.69 of the cost of the Covid test.

24.   According to Cigna's explanation of benefits ("EOB"), Cigna denied Plaintiff's claim for $250 because there was a "Discount" of $198.69 applied to the Covid test.  Cigna wrote (emphasis original):

> "**You saved $198.69**.  Cigna negotiates discounts with health care professionals and facilitates to help you save money."

This was simply not true.  Plaintiff was charged, and Plaintiff in fact paid, at the time services were rendered, the full $250 for the subject test, for which Plaintiff submitted the claim to Cigna.

25.   By letter dated February 4, 2022, Plaintiff timely submitted a grievance letter to Cigna contesting its claim determination.  Plaintiff highlighted the fact that Cigna was wrong to assert it had negotiated a discount, as Plaintiff had in fact paid the full $250 cost of the Covid test.  Plaintiff further asserted the test should be fully covered under the CARES Act.  Plaintiff wrote (emphasis original):

> I am submitting this Grievance to request that you cover the full cost of $250 for the out-of-network covid test I received on January 16, 2022, provided by Dr. Stuart B. Weiss.  Cigna appears to have

> provided partial coverage (about $53) for this test, leaving us to cover the remainder of the cost. The claim ID for my covid test is …. Cigna writes in the explanation of benefits that it negotiated a discount for this service, but that is not true. I paid the full $250 charged by the provider. Please reimburse us the full $250. Under the CARES Act, this test should be fully covered, even though the provider was out-of-network. Additionally could you please provide Cigna's policies for covering out-of-network covid tests. I do not see this issue addressed in my plan documents.

26. By letter dated March 3, 2022 addressed to Plaintiff, Cigna denied Plaintiff's grievance, and affirmed its coverage determination. Cigna wrote:

> We use a methodology similar to Medicare to determine reimbursement for the same or similar service within a geographic market. Because we don't have any information that supports a reason to pay more than the Maximum Reimbursable Charge, we won't pay anything more towards this claim.
> …
> The Maximum Reimbursable Charge for covered services is determined based on the lesser of:
> - The provider's normal charge for a similar service or supply; or
> - A policyholder-selected percentage of a schedule developed by Cigna that is based upon a methodology similar to a methodology utilized by Medicare to determine the allowable fee for the same or similar service within the geographic market.

27. Cigna's March 3 letter to Plaintiff contradicts Cigna's EOB. Cigna's EOB claims that Cigna underlined negotiated a discount with Dr. Weiss to benefit Plaintiff; that Cigna paid, in full, a negotiated rate; and that Plaintiff "saved $198.69." In contrast, Cigna's March 3 letter claimed that Cigna paid either the "provider's normal charge" – *not* a discounted rate – or that Cigna paid an amount methodologically derived ("based upon a methodology similar to… Medicare"), eschewing the notion of any negotiated rate between Cigna and Dr. Weiss altogether.

28.  Cigna's March 3 letter contradicts the plain requirements of the FFCRA and CARES Act, under which Cigna is obligated to reimburse for Covid testing in full – not at some other price determined by a "schedule" with a "methodology similar to… Medicare."

29.  Cigna's March 3 letter is altogether incomprehensible to an ordinary beneficiary.  Cigna's March 3 letter failed to inform Plaintiff, and more generally, would fail to inform any reasonable person, how Cigna arrived at the determination to cover $51.31 – but no more – toward Plaintiff's $250 Covid test.

30.  In its March 3 letter, Cigna completely ignored Plaintiff's assertion that he had paid the full $250 cost of the Covid test out of pocket, and completely ignored Plaintiff's assertion that the Covid test should be covered under the CARES Act.

31.  Cigna's March 3 letter provides no information regarding additional documentation Plaintiff should provide to obtain full coverage for his Covid-19 test.  If, with further documentation from Plaintiff, Cigna would cover the costs of Plaintiff's Covid-19 test, then Cigna was obligated to disclose the same pursuant to 29 CFR § 2560.503-1(g), and pursuant to the terms of the Plan promulgated by Cigna in the SPD (at p. 86), stating, "Every notice of an adverse benefit determination… will include… a description of any additional material or information necessary to perfect the claim."

32.  Cigna's claim processing of Plaintiff's January 16 Covid test was not an isolated incident, but rather, part of a general pattern and practice.  On September 6, 2021, and on September 27, 2021, Plaintiff obtained for himself and two of his dependents Covid-19 tests at Dr. Weiss's office.  Plaintiff was charged the full $250 price for each such test, paid the same, and submitted a claim to Cigna for full reimbursement.  Cigna denied, at least in part, all of Plaintiff's claims as set forth in the following chart:

| Beneficiary | Test Date | Plaintiff Paid | Cigna Covered | Cigna Asserts in EOB |
|---|---|---|---|---|
| Dependent 1 | 9/6/2021 | $250 | $153.93 | Patient Responsibility $96.07 |
| Plaintiff | 9/27/2021 | $250 | $76.97 | Patient responsibility $173.03 |
| Dependent 2 | 9/27/2021 | $250 | $153.93 | Patient Responsibility $0; Cigna negotiated discount of $96.07 |

33.  In each instance noted in the chart above, Plaintiff and Plaintiff's dependents obtained the same services from Dr. Weiss's office.

34.  As set forth in the above chart, Cigna's claims processing was inconsistent and contradictory. For Dependent 2, Cigna claimed to have negotiated a discount for Covid-19 testing with Dr. Weiss's office, such that Plaintiff's responsibility was "$0." This was false. Plaintiff received no discount from Dr. Weiss's office, and Plaintiff's responsibility was not $0.

35.  Still further, when it came to Plaintiff's September 2021 Covid test, and that of Dependent 1, Cigna did not purport to have negotiated any discount at all with Dr. Weiss's office. Cigna claimed Plaintiff was responsible for some – but in each case, conflicting amounts – of the $250 bill for these tests.

36.  Plaintiff undertook diligent efforts to obtain coverage from Cigna for the September 2021 Covid tests he obtained for himself and his dependents.

37.  Plaintiff submitted grievance letters to Cigna, contesting its claims determination for coverage of the September 2021 Covid-19 tests Plaintiff and his dependents had obtained. Plaintiff asserted that he paid in full the $250 charged by the provider, and that such Covid-19 testing should be covered in full under the CARES Act, without regard to in-network or out-of-network status.

38. In each case, Cigna upheld its claims determination.  In each case, Cigna ignored, and did not respond, to Plaintiff's assertion that the subject Covid-19 tests should be covered in full under the CARES Act.

39. Cigna's responses to Plaintiff contained almost precisely the same boilerplate language pertaining to limits on the "Maximum Reimbursable Charge," the provider's "normal charge," and a purported "methodology similar to… Medicare," appearing in Cigna's March 3, 2022, letter to Plaintiff cited above.

40. Plaintiff could not possibly know, and indeed, to this day does not know, the basis for Cigna's claims determinations, or, indeed, whether there is any rhyme or reason at all to Cigna's landing upon the reimbursement rates of $76.97, or $153.93, or $51.31 – all for the same service, from the same provider, for which Plaintiff paid the same $250.

41. To this day, Plaintiff does not know, and cannot know, why Cigna has failed to cover the subject Covid-19 tests in accordance with the FFCRA and CARES Act, or what further documentation Plaintiff should provide to obtain such coverage.

42. Cigna's March 3, 2022, letter to Plaintiff denying his grievance, and Cigna's responses to each of Plaintiff's grievances pertaining to the September 6 and September 27, 2021 Covid-19 tests, confirmed that Plaintiff exhausted internal remedies, and that any claim Plaintiff might have could thereafter proceed in court.

## CLASS ALLEGATIONS COMMON TO ALL COUNTS

43. Each Count below is brought by Plaintiff for himself, and on behalf of a class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP").

44. As used in this complaint, the following terms have the following meanings:

- "**Class Period**" means the time period beginning March 27, 2020, and through the earlier of: (a) the certification of the class in this matter, or (b) the termination of the emergency period described in section 6001(a) of the FFCRA.

- "**Cigna ERISA Plan**" means an ERISA employee health benefit plan which delegates to Cigna discretionary authority to process claims thereunder.

45.    **Count I** is brought by Plaintiff for himself and the following class (the "Dr. Weiss Claims Processing Class"):

> All participants or beneficiaries of a Cigna ERSIA Plan; who obtained an in-person diagnostic Covid-19 test during the Class Period from the office of Dr. Stuart B. Weiss; who paid for such diagnostic Covid-19 test; who submitted a claim to Cigna therefor; and who Cigna failed to reimburse, in full, for such claim.

46.    As alleged more fully below, Count I alleges Cigna processed claims for diagnostic Covid-19 testing performed by the office of Dr. Stuart B. Weiss in violation of its fiduciary duties, by failing to reimburse such claims in full and without cost-sharing.

47.    **Count II** is brought by Plaintiff for himself and the following class (the "Dr. Weiss Claims Review Class"):

> All participants or beneficiaries of a Cigna ERISA Plan; who obtained an in-person diagnostic Covid-19 test during the Class Period from the office of Dr. Stuart B. Weiss; who paid for such diagnostic Covid-19 test; who submitted a claim to Cigna therefor, which Cigna failed to reimburse in full; who thereafter submitted an appeal or grievance for Cigna to review its claims denial; and where Cigna, following the submission of such appeal or grievance, failed to cover, in full, the cost of the subject diagnostic Covid-19 test.

48.   As alleged more fully below, Count II alleges Cigna failed to have a process for performing full and fair review of its denial of claims for reimbursement of diagnostic Covid-19 testing performed by the office of Dr. Stuart Weiss.

49.   **Count III** is brought by Plaintiff for himself and the following class ("Nationwide Inadequate Notice Class"):

>   All participants or beneficiaries of a Cigna ERISA Plan; who obtained an in-person (not over-the counter) diagnostic Covid-19 test during the Class Period; who paid for such diagnostic Covid-19 test; who submitted a claim to Cigna therefor, which Cigna failed to reimburse in full; who thereafter submitted an appeal or grievance for Cigna to review its claims denial; and where Cigna, following the submission of such appeal or grievance, responded with a denial letter in substantially the same form as Cigna's March 3, 2022 letter to Named Plaintiff.

50.   As alleged more fully below, Count III alleges Cigna failed to provide adequate notice, in a form reasonably calculated to be understood, of the specific reasons Cigna denied coverage for diagnostic Covid-19 testing.

51.   Plaintiff preserves the right to amend any of the class definitions, or to seek certification of one or more additional or alternative classes, or one or more sub-classes.

52.   Cigna acts as a fiduciary with respect to each Cigna ERISA Plan, pursuant to 29 U.S.C. § 1002(21)(A) and pursuant to 29 U.S.C. § 1105(c).  Upon information and belief, pursuant to delegation of authority by each Cigna ERISA Plan administrator, Cigna processes claims for healthcare benefits, including making all claims determinations, under each Cigna ERISA Plan.

53.   Each Count is brought under 29 U.S.C. § 1132(a)(3) to enjoin Cigna's violations of ERISA and violations of the terms of Cigna ERISA Plans; to obtain appropriate equitable relief to redress such violations; and to enforce the provisions of ERISA and Cigna ERISA Plans against Cigna.  This action seeks equitable remedies, including, *inter alia*, judgement

compelling Cigna to reprocess its claims determinations for class members' diagnostic Covid-19 testing; corrective disclosure from Cigna; and a surcharge against Cigna.

54. Named Plaintiff and class members are appropriate parties to assert such claims, under the holding of *Varity Corp. v. Howe*, 516 U.S. 489 (1996).

55. Each Count alleged below satisfies the requirements of FRCP 23(a).

   (a) <u>Numerosity</u>.   Members of the classes are so numerous that joinder is impractical.   Cigna is a nationwide health insurer which administers healthcare claims for millions of participants and beneficiaries.   Upon information and belief, Dr. Weiss's office provided diagnostic Covid-19 tests to thousands of people during the relevant time period, many of whom were surely participants or beneficiaries under Cigna ERISA Plans.   The numerosity requirement of Rule 23(a) will easily be satisfied.

   (b) <u>Commonality</u>.   There are questions of law and fact common to class members within each of the class claims, including:

      i.   With respect to Count I, whether Cigna violated its fiduciary duties under ERISA and Cigna ERISA Plans, by denying class member claims for reimbursement of diagnostic Covid-19 tests;

      ii.   With respect to Count II, whether Cigna violated 29 USC § 1133(2), and the terms of Cigna ERISA Plans, by failing to afford full and fair review of its denials of participant and beneficiary claims for reimbursement of diagnostic Covid-19 tests; and

      iii.   With respect to Count III, whether Cigna violated 29 USC §1133(1), and the terms of Cigna ERISA Plans, by failing to provide adequate notice, in

a form reasonably calculated to be understood by beneficiaries and participants, of the specific reasons claims for reimbursement of Covid-19 diagnostic testing were denied.

(c) Upon information and belief, relevant terms of Cigna ERISA Plans and related documentation are contained in standard form documents and are materially the same, and accordingly are susceptible of class treatment.  These include:

    i.  The delegation to Cigna of discretionary authority for, "the determination of whether a person is entitled to benefits under the plan, and the computation of any and all benefit payments";

    ii.  The delegation to Cigna of, "discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial";

    iii.  The process for grievances and appeals set forth in Cigna's summaries of plan benefits;

    iv.  Cigna's grievance denial letters, in the form sent to named Plaintiff alleged more fully above, including with respect to referenced to the "Maximum Reimbursable Charge," the "provider's normal charge," and a purported "methodology similar to… Medicare."

(d) <u>Typicality</u>.   Named Plaintiff's claims are typical of class members' claims. With respect to the "<u>Dr. Weiss Claims Processing Class</u>," just as named Plaintiff paid for a diagnostic Covid-19 test from Dr. Weiss, submitted a claim to Cigna, and was denied reimbursement, so too class members.  With respect to the "<u>Dr. Weiss Claims Review Class</u>," just as Named Plaintiff submitted an appeal to Cigna seeking reimbursement for his out-of-pocket payment for a

diagnostic Covid test with Dr. Weiss, and Cigna thereafter declined coverage, so too class members. With respect to the "Nationwide Inadequate Notice Class," just as Named Plaintiff was not provided a reasonable explanation for Cigna's coverage determination in Cigna's March 3, 2022 letter to Plaintiff, so too class members were not provided a reasonable explanation of Cigna's claims denial for diagnostic Covid-19 testing in letters of substantially the same form.

(e) Adequacy. Named Plaintiff and undersigned counsel are adequate to represent the class. Named Plaintiff is prepared to represent the interests of class members, and has retained experienced counsel to do so.

56. Each of the classes alleged is ascertainable. Upon information and belief, Cigna maintains records of participant and beneficiary claims; Cigna maintains records of which claims are submitted under ERISA plans; Cigna maintains records pertaining to participant and beneficiary claim submissions, including diagnostic codes, CPT codes, and/or other coding systems sufficient to identify class members who submitted claims for diagnostic Covid-19 tests during the Class Period; and Cigna maintains records of coverage determinations and communications pertaining thereto for beneficiaries and participants of Cigna ERISA Plans.

**COUNT I**
**29 U.S.C. § 1104**
**CLAIMS PROCESSING IN BREACH OF FIDUCIARY DUTY**

57. All preceding paragraphs are re-alleged.

58. Count I is brought by Plaintiff for himself and the "Dr. Weiss Claims Processing Class" defined above.

59.     For each Cigna ERISA Plan, Cigna's determination of reimbursements for beneficiary healthcare coverage, including diagnostic Covid-19 tests, is within the scope of Cigna's "duties with respect to the plan," as that phrase is used in 29 U.S.C. § 1104.

60.     As a fiduciary, Cigna is obligated to discharge its obligations with respect to each Cigna ERISA Plan under a prudent standard of care, pursuant to 29 U.S.C. § 1104.  Cigna must discharge its obligations:

- solely in the interests of plan participants and beneficiaries;

- for the exclusive purpose of providing benefits to participants and beneficiaries; and

- with reasonable care, skill, diligence, and prudence.

61.     Cigna violated the FFCRA and the CARES Act by failing to reimburse Plaintiff's January 16, 2022, Covid-19 test in full.

62.     Cigna violated the FFCRA and CARES Act by failing to reimburse, in full, the diagnostic Covid-19 tests obtained by each member of the class.

63.     Cigna's violation of the FFCRA and CARES Act constitutes a failure, as a matter of law, to discharge its fiduciary duties with reasonable care, skill, diligence and prudence.  A prudent fiduciary, and one acting with reasonable skill, care and diligence, would comply with the FFCRA and CARES Act in handling participant and beneficiary claims for diagnostic Covid-19 tests.

64.     Cigna's violation of the FFCRA and CARES Act constitutes a failure, as a matter of law, to discharge its fiduciary duties solely in the interests of, and for the purpose of providing benefits to, participants and beneficiaries.  A fiduciary discharging its duties for the benefit of plan beneficiaries would comply with the FFCRA and CARES Act in handling claims

for diagnostic Covid-19 tests, and would cover such claims in full, and without cost sharing, as required by law.

65.  A fiduciary properly discharging its obligations would treat like cases alike, as required by 29 CFR § 2560.503-1(b)(5), and in so doing, reimburse, in full, all beneficiaries and participants for the costs of diagnostic Covid-19 tests.  Cigna failed to meet this standard, and instead made inconsistent and haphazard coverage determinations.

66.  Cigna's has offered false, contradictory, and inadequate explanations concerning its coverage determinations for reimbursement of diagnostic Covid-19 testing, including:

   (a)  Cigna's false statements in its EOB for Plaintiff's January 16 Covid test, stating Plaintiff's responsibility was "$0," when Plaintiff had paid in full;

   (b)  Cigna's March 3, 2022 letter to Plaintiff, which claimed it was reimbursing at a rate that was "normal" or methodologically derived, contradicting its EOB which claimed to have negotiated a rate for Plaintiff's Covid test and that, "**You** [*i.e.,* Plaintiff] **saved $198.69**";

   (c)  Cigna's issuing haphazard and inconsistent claims determinations for the identical Covid-19 tests for Plaintiff and his dependents in September 2021, performed by the same provider, for which Plaintiff paid the same amount, which Plaintiff submitted for reimbursement.

67.  A fiduciary properly exercising its responsibilities with requisite skill, care and prudence would provide accurate and consistent explanations to beneficiaries.  Cigna's inconsistent and inaccurate disclosures are evidence that Cigna lacks a sound basis for denying beneficiary and participant claims for reimbursement of diagnostic Covid-19 tests, and that Cigna's denial of such claims is a breach of its fiduciary duties.

68.  No requirement should be imposed on each class member individually to exhaust Cigna's internal claims review procedures.  Any such exhaustion would be futile.  Named Plaintiff submitted four Covid-19 test claims to Cigna for reimbursement, and Cigna denied, in part, all four.  Named Plaintiff appealed all four denials, and all four appeals were denied by Cigna.  As alleged more fully above, Cigna lacks a *policy* for covering class members'

claims for reimbursement of Covid-19 testing.   Absent such a policy, Cigna's appeals review process will provide no better results than its claims processing.

69.   Moreover, class members assert statutory violations of ERISA for which internal exhaustion is altogether unnecessary.

70.   The requirements of Rule 23(b) of the Federal Rules of Civil Procedure are satisfied with respect to the class.

(a) Plaintiff may seek certification under FRCP 23(b)(1)(A) and 23(b)(1)(B). Cigna is required by law to treat like cases alike, and accordingly, adjudication of Plaintiff's claims may, in whole or in part, establish standards for class members as a whole.

(b) Plaintiff may seek certification pursuant to FRCP 23(b)(2).   Plaintiff seeks equitable remedies pursuant to ERISA, and accordingly, an award of class wide injunctive and declaratory relief is appropriate.   The class claim seeks an indivisible equitable remedy, specifically a single policy and practice by Cigna of reimbursing beneficiary and participant claims for reimbursement for diagnostic Covid-19 testing, and enforcement thereof.

(c) Plaintiff may seek certification pursuant to FRCP 23(b)(3) because common questions of law and fact predominate the class claims, including:

i.   whether Cigna is subject to a fiduciary duty under ERISA or Cigna ERISA Plans to reimburse beneficiaries and participants who pay for diagnostic Covid-19 tests;

ii.   whether Cigna's policies and procedures for reimbursement of beneficiary and participant diagnostic Covid-19 testing complied with, or alternatively

violated, Cigna's fiduciary duties under ERISA and the terms of Cigna ERISA Plans;

iii.  whether Cigna treated like cases alike in reimbursements for diagnostic Covid-19 testing, and whether Cigna's failure to do so constitutes a breach of its fiduciary duties under ERISA and the terms of Cigna ERISA Plans.

(d) The requirements of FRCP 23(b)(3) are further satisfied because a class action is a superior means of adjudicating this controversy. Individual claims are relatively small in value, making separate litigation uneconomical. Further, individual class members may be unaware of their rights asserted in this litigation.

71.   As to each member of the class, Cigna's failures to meet the standard of conduct set forth in 29 U.S.C. § 1104, including specifically Cigna's failure to reimburse in full the cost of diagnostic Covid-19 tests, constitutes a violation of the terms of ERISA, and the terms of the plan under which Cigna exercises discretionary authority to determine healthcare reimbursements to beneficiaries.

72.   Cigna's violations of ERISA, and the terms of each Cigna ERISA Plan, cause harm to Plaintiff and class members.

73.   The Court should enter judgement enjoining such violations; awarding appropriate equitable relief to redress such violations; and enforcing the provisions of ERISA, and the terms of Cigna ERISA Plans, against Cigna.

**COUNT II**
**29 U.S.C. § 1133(2)**
**FAILURE TO AFFORD FULL AND FAIR REVIEW**

74.   All preceding paragraphs are re-alleged.

75.   Count II is brought by Plaintiff for himself and the "Dr. Weiss Claims Review Class" defined above.

76.   As alleged more fully above, Named Plaintiff submitted a claim to Cigna for his January 16, 2022, Covid-19 test; was denied coverage by Cigna; and Plaintiff thereafter submitted a grievance to Cigna to review its claims determination, after which Cigna upheld its denial of Plaintiff's claim, and refused to provide full coverage.

77.   The Plan, and upon information and belief Cigna ERISA Plans generally, delegate to Cigna, "discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial which has been appealed by the claimant or his duly authorized representative."

78.   Cigna's March 3, 2022 letter to Plaintiff, denying Plaintiff's appeal of Cigna's claims determination for Plaintiff's diagnostic Covid-19 test, constituted a failure by Cigna to conduct a full and fair review, as required by ERISA, of Plaintiff's claim for coverage. Had Cigna performed a full and fair review of Plaintiff's claim, Cigna would have recognized that Plaintiff's claim for coverage for a diagnostic Covid-19 test should have been covered in full.

79.   Where Cigna denied reimbursement to class members for diagnostic Covid-19 testing, any "full and fair review" of the claim denial should have uncovered the fact that Cigna's claim determination violated the FFCRA and CARES Act, and that Cigna's claim determination should have been corrected, to provide full reimbursement to the claimant.

80.   Cigna failed, as a matter of law, to provide a "full and fair review" in each instance where it denied a class member's appeal of a claim denial for reimbursement of diagnostic Covid-19 testing.

81.   Each member of the class exhausted Cigna's internal remedies by submitting an appeal or grievance challenging Cigna's claim denial.

82.   The requirements of Rule 23(b) of the Federal Rules of Civil Procedure are satisfied with respect to the class.

   (a) Plaintiff may seek certification under FRCP 23(b)(1)(A) and 23(b)(1)(B). Cigna is required by law to treat like cases alike, and accordingly, adjudication of Plaintiff's claims may, in whole or in part, establish standards for class members as a whole.

   (b) Plaintiff may seek certification pursuant to FRCP 23(b)(2).  Plaintiff seeks equitable remedies pursuant to ERISA, and accordingly, an award of class wide injunctive and declaratory relief is appropriate.  The class claim seeks an indivisible equitable remedy, specifically a single policy and practice by Cigna of providing full and fair review and reprocessing Cigna's claims denials for reimbursement of diagnostic Covid-19 testing, and enforcement thereof.

   (c) Plaintiff may seek certification pursuant to FRCP 23(b)(3) because common questions of law and fact predominate the class claims, including:

      i.   whether Cigna is subject to a fiduciary duty under ERISA or Cigna ERISA Plans to reimburse beneficiaries and participants who pay for diagnostic Covid-19 tests;

      ii.  whether Cigna is subject to a duty to conduct a full and fair review of the denial of claims for reimbursement of diagnostic covid-19 testing;

iii.  whether Cigna's policies and procedures for review of claims for reimbursement of diagnostic Covid-19 testing satisfied its obligations to conduct a full and fair review under ERISA and Cigna ERISA Plans;

(d)  The requirements of FRCP 23(b)(3) are further satisfied because a class action is a superior means of adjudicating this controversy.   Individual claims are relatively small in value, making separate litigation uneconomical.   Further, individual class members may be unaware of their rights asserted in this litigation.

83.  As to each member of the class, Cigna's failures to conduct a full and fair review of its denial of claims for reimbursement of diagnostic Covid-19 testing constitutes a violation of the terms of ERISA and the terms of the Plan under which Cigna exercises discretionary authority to determine healthcare reimbursements to beneficiaries, and under which Cigna is delegated the authority to conduct full and fair review of claims denials.

84.  Cigna's violations of ERISA, and the terms of each Cigna ERISA Plan, cause harm to Plaintiff and class members.

85.  The Court should enter judgement enjoining such violations; awarding appropriate equitable relief to redress such violations; and enforcing the provisions of the of ERISA, and the terms of Cigna ERISA Plans, against Cigna.

**COUNT III**
**29 U.S.C. § 1133(1)**
**FAILURE TO PROVIDE ADEQUATE NOTICE**

86.  All preceding paragraphs are re-alleged.

87.  Count III is brought by Plaintiff for himself and the "Nationwide Inadequate Notice Class" defined above.

88.   The Plan, and upon information and belief Cigna ERISA Plans generally, delegate to Cigna the responsibility to provide notice of adverse claims determinations as required by ERISA.

89.   Pursuant to 29 USC §1133(1), and pursuant to the terms of Cigna ERISA Plans generally, every notice of claim denial must set forth the specific reasons for such denial, in a manner calculated to be understood by the participant.

90.   Cigna's letter of March 3, 2022 to named Plaintiff, states:

> Because we don't have any information that supports a reason to pay more than the Maximum Reimbursable Charge, we won't pay anything more towards this claim.
> …
> The Maximum Reimbursable Charge for covered services is determined based on the lesser of:
> o The provider's normal charge for a similar service or supply; or
> o A policyholder-selected percentage of a schedule developed by Cigna that is based upon a methodology similar to a methodology utilized by Medicare to determine the allowable fee for the same or similar service within the geographic market.

91.   Cigna's March 3 letter to Plaintiff was false, or was not calculated to be clearly understood, in providing the reason for Cigna's denial of Plaintiff's claim for reimbursement of Plaintiff's diagnostic Covid-19 test.   Cigna is prohibited by law from limiting reimbursement of diagnostic Covid-19 tests to, "the lesser of [t]he provider's normal charge… or [a] policyholder-selected percentage of a schedule developed by Cigna…"  In fact, under the CARES Act, Cigna is required to reimburse such claims at the provider's normal charge.

92.   The "Maximum Reimbursable Charge" under Cigna ERISA Plans is a cap on benefits for out-of-network providers.  Pursuant to the FFCRA and CARES Act, insurers are obligated to cover diagnostic Covid-19 tests without regard to in-network, or out-of-network status.

By definition, the "Maximum Reimbursable Charge" under Cigna ERISA Plans should be irrelevant to coverage for diagnostic Covid-19 tests, and constitutes extraneous, irrelevant, or false information.

93.   As to named Plaintiff and each member of the class who received a letter of substantially the same form from Cigna after submitting a grievance or appeal for coverage of a claim for reimbursement of a diagnostic Covid-19 test, Cigna violated 29 USC §1133(1), and violated the terms of the governing Cigna ERISA Plan, which require Cigna to accurately and truthfully provide specific reasons for claims denials, in a manner calculated to be understood by the claimant.

94.   Each member of the class exhausted Cigna's internal remedies by submitting an appeal or grievance challenging Cigna's claim denial.

95.   The requirements of Rule 23(b) of the Federal Rules of Civil Procedure are satisfied with respect to the class.

    (a) Plaintiff may seek certification under FRCP 23(b)(1)(A) and 23(b)(1)(B). Cigna is required by law to treat like cases alike, and accordingly, adjudication of Plaintiff's claims may, in whole or in part, establish standards for class members as a whole.

    (b) Plaintiff may seek certification pursuant to FRCP 23(b)(2).  Plaintiff seeks equitable remedies pursuant to ERISA, and accordingly, an award of class wide injunctive and declaratory relief is appropriate.  The class claim seeks an indivisible equitable remedy, specifically a single policy and practice by Cigna of providing adequate notice of claims denials in a manner calculated to be understood by the claimant for reimbursement of diagnostic Covid-19 claims, or

in the alternative, coverage determinations reimbursing claims for diagnostic Covid-19 testing where Cigna lacks a reason to deny the same.

(c) Plaintiff may seek certification pursuant to FRCP 23(b)(3) because common questions of law and fact predominate the class claims, including, whether Cigna is obligated to cover class members' claims for reimbursement, and whether Cigna's application of a "Maximum Reimbursable Charge" provides an adequate explanation for the denial of a claim for reimbursement of diagnostic Covid-19 testing, or alternatively, constitutes extraneous and confusing information which is not reasonably calculated to be understood by class members.

(d) The requirements of FRCP 23(b)(3) are further satisfied because a class action is a superior means of adjudicating this controversy. Individual claims are relatively small in value, making separate litigation uneconomical. Further, individual class members may be unaware of their rights asserted in this litigation.

96. As to each member of the class, Cigna's failures to provide reasonable notice, in a form calculated to be understood, of its denial of class members claims for reimbursement of diagnostic Covid-19 testing, constitutes a violation of the terms of ERISA, and the terms of the governing Cigna ERISA Plan.

97. Cigna's violations of ERISA, and the terms of each Cigna ERISA Plan, cause harm to Plaintiff and class members. Class members are deprived of valuable information to which they are entitled, and which they could use to contest Cigna's claims determinations, or to

supplement their claims submissions such that Cigna would cover their claims for reimbursement.

98.    The Court should enter judgement enjoining such violations; awarding appropriate equitable relief to redress such violations; and enforcing the provisions of the of ERISA, and the terms of Cigna ERISA Plans, against Cigna.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, for himself and on behalf of the classes herein alleged, prays for relief as follows:

(a)    An order certifying the proposed classes herein alleged under Federal Rule of Civil Procedure 23 and appointing Plaintiff and undersigned counsel to represent same;

(b)    A declaration that Defendants' conduct complained of herein is unlawful;

(c)    Equitable and injunctive relief sufficient to remedy Defendant's unlawful conduct including judgement compelling Cigna to:

    1)    approve reimbursement of class member claims for diagnostic Covid-19 testing, and tender payment therefor;

    2)    conduct full and fair review of Cigna's claims denial for diagnostic Covid-19 testing, or, in the alternative, cover such claims in the event further review is futile;

    3)    provide adequate notice in writing to class members whose claims for diagnostic Covid-19 testing has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood, or in the alternative, cover such claims;

(d)    Further equitable relief against Cigna including a surcharge;

(e)    Reformation insofar as necessary to effect the provisions, the intent, and the purposes of

ERISA and Cigna ERISA Plans;

(f)    The creation of a common fund to provide notice of and remedy Defendant's unlawful

conduct;

(g)    Attorneys' fees, expenses and costs of this action;

(h)    Interest as allowed by law; and

(i)    All such further relief as the Court deems just and proper.

Dated: May 16, 2022
        White Plains, New York

POSNER LAW PLLC

*s/ Gabriel Posner, Esq.*
50 Main Street, Suite 1000
White Plains, New York 10606
Phone: (914) 517-3532
Email: gabe@posner.law
*Counsel for Plaintiff*