## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

JEREMY HOCKENSTEIN, for himself and
all others similarly situated,

                Plaintiff,

      -against-

CIGNA HEALTH AND LIFE INSURANCE
COMPANY,

                Defendant.

Civil Case Number: 1:22-cv-04046-ER

**FIRST AMENDED COMPLAINT
AND JURY DEMAND**

Plaintiff alleges:

### NATURE OF THIS ACTION

1.     Defendant violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*

### JURISDICTION AND VENUE

2.     Defendant regularly engages in business in the state of New York.

3.     Defendant caused harm to Plaintiff in New York as alleged more fully below.

4.     The Court has subject matter jurisdiction under 29 U.S.C. § 1132(e)(1); 28 U.S.C. § 1331; and 28 U.S.C. §§ 2201-2.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and pursuant to 29 U.S.C. § 1132(b).

## PARTIES

6.      Named Plaintiff is a natural person and a resident of New York, New York.

7.      Defendant CIGNA Health and Life Insurance Company ("Cigna") is an insurance company organized under the laws of Connecticut with a principal place of business located at 900 Cottage Grove Road, Bloomfield, Connecticut 06002.

## FACTS

8.      Cigna issued insurance policy number 00632911 to The Educational Alliance (the, "Policy").  The Educational Alliance is an employer, and the Policy funds healthcare benefits for its employees and their beneficiaries.

9.      The Policy funds an employee welfare benefit plan under ERISA, within the meaning of 29 U.S.C. § 1002(3) (the, "Plan").

10.     Named Plaintiff was at all relevant times a beneficiary of the Policy and the Plan.

11.     Cigna acts as a fiduciary with respect to the Plan pursuant to 29 U.S.C. § 1002(21)(A), and pursuant to 29 U.S.C. § 1105(c).  Cigna handles all claims for healthcare benefits, including making all claims determinations under the Policy.

12.     Cigna promulgates a summary plan description ("SPD") for the Plan, attached hereto as **Exhibit A**.  The SPD provides in part (at p. 93):

> The Plan Administrator delegates to Cigna the discretionary authority to interpret and apply plan terms.... Such discretionary authority is intended to include, but not limited to… the determination of whether a person is entitled to benefits under the plan, and the computation of any and all benefit payments. The Plan Administrator also delegates to Cigna the discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial which has been appealed by the claimant or his duly authorized representative.

13.     The SPD further states (at p. 5):

> We [i.e., Cigna] may, from time to time, offer or arrange for various entities to offer discounts, benefits, or other consideration to our members for the purpose of promoting the general health and well being of our members. We may also arrange for the reimbursement of all or a portion of the cost of services provided by other parties to the Policyholder.

14.     In March 2020, to address the emerging global Covid-19 pandemic, the United States Government passed the Families First Coronavirus Response Act, Pub. L. 116-127 (the "FFCRA"), followed by the Coronavirus Aid, Relief, and Economic Security Act Pub. L. 116-134 (the, "CARES Act"). Pursuant to section 6001(a) of the FFCRA, and section 3202 of the CARES Act, an insurer, such as Cigna, is obligated to reimburse in full the cost paid by a beneficiary for diagnostic Covid-19 testing, without imposing any cost-sharing, co-payments, deductibles, or coinsurance, regardless of whether the provider is in-network or out-of-network.

15.     The SPD contains no description of benefits relating to Covid-19 testing as such.

16.     On January 16, 2022, Plaintiff obtained a diagnostic Covid-19 test from the office of Dr. Stuart B. Weiss, MD, doing business under the name "Rapid Test Center." Plaintiff paid Rapid Test Center $250 out of pocket, constituting full payment for the Covid-19 test, at the time of services.

17.     The $250 fee charged by Rapid Test Center was posted on its Internet website at all relevant times.

18.     Rapid Test Center was an "out of network" provider for the Covid-19 test under the terms of the Policy.

19.     Plaintiff submitted a claim to Cigna for reimbursement of the $250 he paid. Cigna only approved and paid $51.31 in reimbursement to Plaintiff, otherwise denying Plaintiff's claim and leaving Plaintiff to personally cover $198.69 of the cost of the Covid test.

20.     The Plan delegates to Cigna the responsibility to prepare and communicate its claims determinations to beneficiaries such as Plaintiff.  Page 86 of the Plan's SPD, under the heading **"Federal Requirements"** provides the following, which largely tracks federal regulations promulgated under ERISA:

> When you or your representative requests a coverage determination or a claim payment determination after services have been rendered, Cigna will notify you or your representative of the determination …

> **Notice of Adverse Determination**

> Every notice of an adverse benefit determination will be provided in writing or electronically, and will include all of the following that pertain to the determination:… the specific reason or reasons for the adverse determination including, if applicable, the denial code and its meaning and a description of any standard that was used in the denial; reference to the specific plan provisions on which the determination is based…

21.     Cigna's general practice and procedure is to satisfy this requirement by furnishing an "explanation of benefits," or "EOB," which should have all information required by ERISA and required under the Plan.

22.     Cigna provided Plaintiff an EOB for its coverage determination for Plaintiff's January 16 Covid test, a portion of which (in relevant part) is attached hereto as **Exhibit B**. According to Cigna's EOB, Cigna denied Plaintiff's claim for $250 because there was a "Discount" of $198.69.  Cigna prominently wrote (emphasis original):

| Discount | $198.69 | **You saved $198.69**.  Cigna negotiates discounts with health care professionals and facilities to help you save money. |
|---|---|---|

23.     Cigna's EOB was false.  Plaintiff was charged by the provider, and Plaintiff in fact paid at the time services were rendered, the full $250 for the subject test, for which Plaintiff submitted the claim to Cigna.

24.     The website for Rapid Test Center on the Internet states:

> **Insurance Notice**
> Please note we do not participate in any insurance programs.

(See, https://www.rapidtestcenter.us/test-pricing).  Rapid Test Center instructs patients, including Plaintiff, to submit their own claims to insurers for reimbursement.

25.     The EOB Cigna sent Plaintiff contained a table titled "Claim Detail."  The table again falsely states Cigna achieved a "Discount" of $198.69 for Plaintiff's Covid-19 test.  The table falsely asserts that the "Amount Not Covered" is "$0.00."  In fact, Cigna was not covering $198, leaving Plaintiff to cover that portion of the bill.

26.     By letter dated February 4, 2022, Plaintiff timely submitted an appeal letter to Cigna contesting its claim determination for his Covid-19 test.  Plaintiff highlighted the fact that Cigna was wrong to assert it had negotiated a discount, as Plaintiff had in fact paid the full $250 cost.  Plaintiff further asserted the test should be fully covered under the CARES Act.  Plaintiff wrote (emphasis original):

> I am submitting this Grievance to request that you cover <u>the full</u> cost of $250 for the out-of-network covid test I received on January 16, 2022, provided by Dr. Stuart B. Weiss. Cigna appears to have provided partial coverage (about $53) for this test, leaving us to cover the remainder of the cost. The claim ID for my covid test is …. Cigna writes in the explanation of benefits that it negotiated a discount for this service, but that is not true. I paid the full $250 charged by the provider. Please reimburse us the full $250. Under the CARES Act, this test should be fully covered, even though the provider was out-of-network. Additionally could you please provide Cigna's policies for covering out-of-network

> covid tests.  I do not see this issue addressed in my plan
> documents.

27.     Cigna ERISA Plan documents generally delegate to Cigna the responsibility to

decide appeals and communicate the result to the claimant.  The Plan's SPD (at p. 96), describing

the appeal procedure, states: "We [*i.e.,* Cigna] will decide the grievance and notify you…"

28.     By letter dated March 3, 2022 addressed to Plaintiff, Cigna denied Plaintiff's

appeal, and affirmed its coverage determination.  Cigna's letter is attached hereto as **Exhibit C**.

Cigna wrote:

> We use a methodology similar to Medicare to determine
> reimbursement for the same or similar service within a geographic
> market.  Because we don't have any information that supports a reason
> to pay more than the Maximum Reimbursable Charge, we won't pay
> anything more towards this claim.
> …
> The Maximum Reimbursable Charge for covered services is
> determined based on the lesser of:
> o The provider's normal charge for a similar service or supply;
>   or
> o A policyholder-selected percentage of a schedule developed
>   by Cigna that is based upon a methodology similar to a
>   methodology utilized by Medicare to determine the allowable
>   fee for the same or similar service within the geographic
>   market.

29.     Cigna's March 3 letter to Plaintiff contradicts Cigna's EOB.  Cigna's EOB claims

that Cigna negotiated a discount with Rapid Test Center to benefit Plaintiff; that Cigna paid, in

full, a negotiated rate; and that Plaintiff "saved $198.69."   In contrast, Cigna's March 3 letter

claimed that Cigna paid either the "provider's normal charge" – not a discounted rate – or that

Cigna paid an amount methodologically derived ("based upon a methodology similar to…

Medicare"), eschewing the notion of any negotiated rate altogether.

30. Cigna's March 3 letter contradicts the plain requirements of the FFCRA and CARES Act, under which Cigna is obligated to reimburse for Covid testing in full – not at some other price determined by a "schedule" with a "methodology similar to… Medicare."

31. In its March 3 letter, Cigna completely ignored Plaintiff's assertion that he had paid the full $250 cost of the Covid test out of pocket, and completely ignored Plaintiff's assertion that the Covid test should be covered under the CARES Act.

32. Cigna's claim processing of Plaintiff's January 16 Covid test was not an isolated incident, but rather, part of a general pattern and practice. On September 6, 2021, and on September 27, 2021, Plaintiff obtained for himself and two of his dependents (all beneficiaries under the Plan) Covid-19 tests at Rapid Test Center. Plaintiff was charged the full $250 price for each such test, paid the same, and submitted a claim to Cigna for full reimbursement. Cigna denied, at least in part, all of Plaintiff's claims as set forth in the following chart:

| Beneficiary | Test Date | Plaintiff Paid | Cigna Covered | Cigna Asserts in EOB |
|---|---|---|---|---|
| Dependent 1 | 9/6/2021 | $250 | $153.93 | Patient Responsibility $96.07 |
| Plaintiff | 9/27/2021 | $250 | $76.97 | Patient responsibility $173.03 |
| Dependent 2 | 9/27/2021 | $250 | $153.93 | Patient Responsibility $0; Cigna negotiated discount of $96.07 |

33. In each instance noted in the chart above, Plaintiff and Plaintiff's dependents obtained the same services from Rapid Test Center.

34. As set forth in the above chart, Cigna's claims processing was inconsistent and contradictory. For Dependent 2, Cigna claimed to have negotiated a discount for Covid-19 testing with Rapid Test Center, such that Plaintiff's responsibility was "$0." This was false. Plaintiff received no discount from the provider, and Plaintiff's responsibility was not $0.

35.     Still further, when it came to Plaintiff's September 2021 Covid test, and that of Dependent 1, Cigna did not purport to have negotiated any discount at all with Rapid Test Center. Cigna claimed Plaintiff was responsible for some – but in each case, conflicting amounts – of the $250 bill for these tests.

36.     Plaintiff undertook diligent efforts to obtain coverage from Cigna for the September 2021 Covid tests he obtained for himself and his dependents.

37.     Plaintiff submitted letters to Cigna, contesting its claims determination for coverage of the September 2021 Covid-19 tests Plaintiff and his dependents had obtained.  Plaintiff asserted that he paid in full the $250 charged by the provider, and that such Covid-19 testing should be covered in full under the CARES Act, without regard to in-network or out-of-network status.

38.     In each case, Cigna refused full imbursement.  In each case, Cigna ignored, and did not respond, to Plaintiff's assertion that the subject Covid-19 tests should be covered in full under the CARES Act.

39.     Cigna's responses to Plaintiff contained almost precisely the same boilerplate language pertaining to limits on the "Maximum Reimbursable Charge," the provider's "normal charge," and a purported "methodology similar to… Medicare," appearing in Cigna's March 3, 2022, letter to Plaintiff cited above.

40.     Plaintiff could not possibly know, and indeed, to this day does not know, the basis for Cigna's claims determinations, or, indeed, whether there is any rhyme or reason at all to Cigna's landing upon the reimbursement rates of $76.97, or $153.93, or $51.31 – all for the same service, from the same provider, for which Plaintiff paid the same $250.

41.     To this day, Plaintiff does not know, and cannot know, why Cigna has failed to cover the subject Covid-19 tests in accordance with the FFCRA and CARES Act, or what further documentation Plaintiff should provide to obtain such coverage.

42.     Cigna's March 3, 2022, letter to Plaintiff denying his appeal, and Cigna's responses to each of Plaintiff's grievances pertaining to the September 6 and September 27, 2021 Covid-19 tests, confirmed that Plaintiff exhausted internal remedies, and that any claim Plaintiff might have could thereafter proceed in court.

## CLASS DEFINITIONS

43.     As used in this complaint, the following terms have the meanings set forth below.

44.     **"Class Period"** means the time period beginning March 27, 2020, and through the earlier of: (a) the certification of the subject class(es) in this matter, or (b) the termination of the emergency period described in section 6001(a) of the FFCRA.

45.     **"Cigna ERISA Plan"** means an ERISA employee health benefit plan which delegates to Cigna discretionary authority to process claims thereunder.   Excluded are plans governed by collective bargaining agreements.

46.     **"RTC"** means the business Rapid Test Center owned or operated by Dr. Stuart B. Weiss in New York.

47.      **"Nationwide Reimbursement Class"** means: All participants or beneficiaries of a Cigna ERSIA Plan; who obtained an in-person diagnostic Covid-19 test during the Class Period in the United States; from an out of network provider; who paid for such diagnostic Covid-19 test; who duly submitted a claim to Cigna therefor; and who Cigna failed to reimburse, in full, for such claim.

48.     **"RTC Reimbursement Class"** means: All participants or beneficiaries of a Cigna ERSIA Plan; who obtained an in-person diagnostic Covid-19 test during the Class Period from the office of Dr. Stuart B. Weiss operating as Rapid Test Center; who paid for such diagnostic Covid-19 test; who duly submitted a claim to Cigna therefor; and who Cigna failed to reimburse, in full, for such claim.

49.     **"Nationwide EOB Class"** means: All participants or beneficiaries of a Cigna ERSIA Plan; who obtained an in-person diagnostic Covid-19 test during the Class Period in the United States; from an out-of-network provider; who paid for such diagnostic Covid-19 test; who duly submitted a claim to Cigna therefor; and to whom Cigna furnished an EOB falsely stating the amount of any "Discount" or the amount of "What I Owe."

50.     **"RTC EOB Class"** means: All participants or beneficiaries of a Cigna ERSIA Plan; who obtained an in-person diagnostic Covid-19 test during the Class Period at RTC; who paid for such diagnostic Covid-19 test; who duly submitted a claim to Cigna therefor; and to whom Cigna furnished an EOB falsely stating the amount of any "Discount" or the amount of "What I Owe."

51.     **"Nationwide 'Fair Review' Class"** means: All participants or beneficiaries of a Cigna ERISA Plan; who obtained an in-person diagnostic Covid-19 test during the Class Period; from an out of network provider; who paid for such diagnostic Covid-19 test; who duly submitted a claim to Cigna therefor, which Cigna failed to reimburse in full; who thereafter submitted an appeal or grievance for Cigna to review its claims denial; and where Cigna, following the submission of such appeal or grievance, responded with a denial letter in substantially the same form as Cigna's March 3, 2022 letter to Named Plaintiff.

52.     Plaintiff preserves the right to amend any of the class definitions, or to seek certification of one or more additional or alternative classes, or one or more sub-classes.  Without limiting the foregoing, subject to discovery, Plaintiff may seek to exclude from any class those Cigna ERISA Plans which are wholly or partly self-funded.

### CLASS ALLEGATIONS: OVERVIEW AND
### ALLEGATIONS COMMON TO ALL CLASS COUNTS

53.     Each Count below is brought by Plaintiff for himself, and on behalf of a class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP").

54.     Cigna's conduct violated ERISA and/or the obligations of Cigna ERISA Plans:

(a)     Cigna denied compensation to Plaintiff and class members for the costs of Covid-19 tests for which reimbursement was due;

(b)     Cigna issued false EOB's claiming to have negotiated a "discount" for diagnostic Covid-19 tests;

(c)     When Plaintiff and class members appealed Cigna's decision, and rightly pointed out that Cigna was mistaken, Cigna failed to conduct an adequate review of those appeals, and wrongly adhered to its decision.

55.     Cigna acts as a fiduciary with respect to each Cigna ERISA Plan, pursuant to 29 U.S.C. § 1002(21)(A) and pursuant to 29 U.S.C. § 1105(c).  Cigna further acts as a fiduciary pursuant to the delegation of discretionary authority to Cigna, by the administrator of each Cigna ERISA Plan, in the form materially the same alleged more fully above: "The Plan Administrator delegates to Cigna the discretionary authority to interpret and apply plan terms…"  At common law and under ERISA, "discretionary authority" is a hallmark of fiduciary status.

56.     Plaintiff's claims are asserted under section 502(a)(1)(B) of ERISA, for benefits due under Cigna ERISA Plans and to exercise Plaintiff's and class members' rights under such plans.  With respect to the benefits and disclosures claimed herein, Cigna exercises complete

control.  No class member could realistically obtain, from any source other than Cigna, a coverage determination for reimbursement of a diagnostic Covid-19 test, or an accurate EOB pertaining thereto, or full and fair review in an appeal regarding the same.

57.     Insofar as not inconsistent or duplicative, Plaintiff's and class members' claims are further asserted under ERISA section 502(a)(3) to enjoin Cigna's violations of its fiduciary duties; its violations of ERISA and the terms of Cigna ERISA Plans; to obtain appropriate equitable relief to redress such violations; and to enforce the provisions of ERISA and Cigna ERISA Plans against Cigna.   This action seeks equitable remedies, including, *inter alia*, judgement compelling Cigna to reprocess its claims determinations for class members' diagnostic Covid-19 testing; Cigna to undertake new processes for full and fair review of adverse appeal decisions pertaining to Covid-19 reimbursement claims; corrective disclosures from Cigna in EOB's and appeals notifications; and a surcharge against Cigna.

58.     Upon information and belief, the delegations of authority appearing in the Plan SPD governing Plaintiff's Cigna ERISA Plan are materially standard in form across Cigna ERISA Plans, such that, insofar as relevant to claims for reimbursement of diagnostic Covid-19 tests, Cigna processes claims for healthcare benefits, including making all claims determinations, under each Cigna ERISA Plan; Cigna furnishes notices of adverse benefits determinations; and Cigna is tasked with full and fair review of the same under ERISA.

<u>Rule 23(a)</u>

59.     Each Count alleged below satisfies the requirements of FRCP 23(a).

60.     <u>Numerosity</u>.  Members of the classes are so numerous that joinder is impractical. Cigna is a nationwide health insurer which administers healthcare claims for millions of participants and beneficiaries.  Upon information and belief, Rapid Test Center alone provided

diagnostic Covid-19 tests to thousands of people during the relevant time period, many of whom were surely participants or beneficiaries under Cigna ERISA Plans.  The numerosity requirement of Rule 23(a) will easily be satisfied.

61.     <u>Commonality</u>.  There are questions of law and fact common to class members within each of the class claims, including:

     (a)    With respect to count I: whether class members are entitled under Cigna ERISA Plans to reimbursement for Covid diagnostic tests, and/or whether Cigna violated its fiduciary duties under ERISA and Cigna ERISA Plans, by denying class member claims for reimbursement of diagnostic Covid-19 tests;

     (b)    With respect to Count II: whether Cigna, in its standard form EOB's, provided accurate and transparent disclosure in its standard form EOB's for the denial of class members' claims for reimbursement of diagnostic Covid-19 tests ; and

     (c)    With respect to Count III: whether Cigna satisfied its obligations to conduct full and fair review, and communicate the results thereof, for appeals by class members of adverse determinations for diagnostic Covid-19 reimbursement claims.

62.     Upon information and belief, relevant terms of Cigna ERISA Plans and related documentation are contained in standard form documents and are materially the same, and accordingly are susceptible of class treatment.  These include:

     (a)    The delegation to Cigna of discretionary authority for, "the determination of whether a person is entitled to benefits under the plan, and the computation of any and all benefit payments";

(b)     The delegation to Cigna of, "discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial";

(c)     Cigna's EOB's for adverse claims determinations relating to diagnostic Covid-19 tests;

(d)     The process for grievances and appeals set forth in Cigna's summaries of plan benefits;

(e)     Cigna's grievance denial letters, in the form sent to named Plaintiff alleged more fully above, including with respect to referenced to the "Maximum Reimbursable Charge," the "provider's normal charge," and a purported "methodology similar to… Medicare."

63.     _Typicality_.  Named Plaintiff's claims are typical of class members' claims.  With respect Count I, just as named Plaintiff paid for a diagnostic Covid-19 test, submitted a claim to Cigna, and was denied reimbursement, so too class members.  With respect to Count II, just as Named Plaintiff received an EOB falsely stating his diagnostic Covid-19 test was subject to a "Discount," so too class members.  With respect to Count III, just as Cigna denied Named Plaintiff's appeal for reimbursement of his diagnostic Covid-19 test, in a process which did not take into account the CARES Act or FFCRA, so too class members.

64.     _Adequacy_.  Named Plaintiff and undersigned counsel are adequate to represent the class.  Named Plaintiff is prepared to represent the interests of class members, and has retained experienced counsel to do so.

65.     Each of the classes alleged is ascertainable.  Upon information and belief, Cigna maintains records of participant and beneficiary claims; Cigna maintains records of which claims are submitted under ERISA plans; Cigna maintains records pertaining to participant and

beneficiary claim submissions, including diagnostic codes, CPT codes, and/or other coding systems sufficient to identify class members who submitted claims for diagnostic Covid-19 tests during the Class Period; and Cigna maintains records of coverage determinations and communications pertaining thereto for beneficiaries and participants of Cigna ERISA Plans.

<u>Rule 23(b)</u>

66.     Each Count alleged below satisfies the requirements of FRCP 23(b).

67.     Plaintiff may seek certification of each of the classes and class claims under FRCP 23(b)(1).  Cigna is required by law, and as a fiduciary, to treat like cases alike, and accordingly, adjudication of Plaintiff's claims, or any individual class member's claim, may establish standards for class members as a whole.

68.     Plaintiff may seek certification pursuant to FRCP 23(b)(2).  Plaintiff seeks equitable remedies pursuant to ERISA, and accordingly, an award of class wide injunctive and declaratory relief is appropriate.  Class claims seek one or more indivisible equitable remedy, including:

(a)     a uniform policy and practice by Cigna for reimbursing diagnostic Covid-19 testing claims;

(b)     a uniform policy and practice by Cigna for accurately storing and processing information pertaining to diagnostic Covid-19 reimbursement claims, and disclosing such information, including adverse claims determinations, in accurate and transparent EOB's;

(c)     a uniform policy and practice by Cigna for conducting full and fair review of appeals of Cigna's denial of reimbursement claims for diagnostic Covid-19 tests.

(d)     a uniform policy and practice by Cigna for providing, in its standard form appeal response letters, a clear explanation, reasonably calculated to be understood, of Cigna's claims determination for reimbursement of diagnostic Covid-19 testing claims;

(e)     a uniform policy and practice by Cigna to administer reimbursement claims for out-of-network Covid-19 tests pursuant to a written instrument.

69.     Plaintiff may seek certification pursuant to FRCP 23(b)(3) because common questions of law and fact predominate the class claims, including:

(a)     whether Cigna's policies and procedures for reimbursement of beneficiary and participant diagnostic Covid-19 testing, at out-of-network providers, complied with, or alternatively violated, the terms of Cigna ERISA Plans and Cigna's fiduciary duties under ERISA;

(b)     whether CIGNA's standard form EOB's purporting to disclose a "Discount" violated the requirements of ERISA and regulations thereunder, and Cigna's obligations under Cigna ERISA Plans.

(c)     whether Cigna treated like cases alike in reimbursements for diagnostic Covid-19 testing, and EOB's pertaining thereto, and whether Cigna's failure to do so constitutes a breach of its fiduciary duties under ERISA and the terms of Cigna ERISA Plans.

(d)     whether Cigna's policies and procedures for appeals of claims for reimbursement of diagnostic Covid-19 tests, and Cigna's standard form adverse determination letter relating thereto, satisfied Cigna's obligations to conduct a full and fair review under ERISA and Cigna ERISA Plans.

70.     The requirements of FRCP 23(b)(3) are further satisfied because a class action is a superior means of adjudicating this controversy.  Individual claims are relatively small in value, making separate litigation uneconomical.  Further, individual class members may be unaware of their rights asserted in this litigation.

**COUNT I**
**REIMBURSEMENT FOR COVID TESTS**
**(Claim by Plaintiff for himself and the Nationwide Reimbursement Class,**
**and the RTC Reimbursement Class)**

71.     All preceding paragraphs are realleged.

72.     Plaintiff brings Count I for himself and on behalf of the Nationwide Reimbursement Class and the RTC Reimbursement Class (the, "Reimbursement Classes"), defined above.

73.     Plaintiff and each member of the Reimbursement Classes is entitled to full reimbursement for the costs of diagnostic Covid-19 tests, for which Plaintiff and class members paid out of pocket, and which Cigna, to date, has wrongly denied reimbursement.

74.     For each Cigna ERISA Plan, Cigna's determination of reimbursements for beneficiary healthcare coverage, including diagnostic Covid-19 tests, is within the scope of Cigna's "duties with respect to the plan," as that phrase is used in 29 U.S.C. § 1104.  Moreover, Cigna's reimbursement determinations are within the scope of its fiduciary duties pursuant to Cigna ERISA Plan documents, which delegate to Cigna, "discretionary authority... include[ing] ... the determination of whether a person is entitled to benefits under the plan, and the computation of any and all benefit payments," as alleged more fully above (¶12).

75.     As a fiduciary, Cigna is obligated to discharge its obligations with respect to each Cigna ERISA Plan under a prudent standard of care, pursuant to 29 U.S.C. § 1104.  Cigna must discharge its obligations:

- solely in the interests of plan participants and beneficiaries;

- for the exclusive purpose of providing benefits to participants and beneficiaries; and

- with reasonable care, skill, diligence, and prudence.

76.     Cigna violated the FFCRA and the CARES Act by denying reimbursement for Plaintiff's January 16, 2022, Covid-19 test in full.

77.     Cigna violated the FFCRA and the CARES Act by denying reimbursement, in full, for diagnostic covid tests obtained at RTC for each member of the RTC Reimbursement Class.

78.     Cigna violated the FFCRA and the CARES Act by denying reimbursement, in full, for in-person diagnostic covid tests obtained at any out-of-network provider for each member of the Nationwide Reimbursement Class.

79.     Cigna's denial of such reimbursement claims deprives members of the Reimbursement Classes of their rights and benefits under Cigna ERISA Plans, and furthermore, violates Cigna's fiduciary duties owed to Plaintiff and each member of the Reimbursement Classes.

80.     By violating the FFCRA and CARES Act, Cigna failed to discharge its fiduciary duties with reasonable care, skill, diligence and prudence, and in the interests of, and for the purpose of providing benefits to, participants and beneficiaries.  A fiduciary discharging its duties in compliance with the statutory standard would allow full reimbursement for such claims.

81.     A fiduciary properly discharging its obligations would treat like cases alike, as required by 29 CFR § 2560.503-1(b)(5), and in so doing, reimburse, in full, all beneficiaries and participants for the costs of diagnostic Covid-19 tests.  Cigna failed to meet this standard, and instead made inconsistent and haphazard coverage determinations.

82.    Cigna's has offered false, contradictory, and inadequate explanations concerning its coverage determinations for reimbursement of diagnostic Covid-19 testing, including:

(a)    Cigna's false statements in its EOB for Plaintiff's January 16 Covid test, stating Plaintiff's responsibility was "$0," when Plaintiff had paid in full;

(b)    Cigna's March 3, 2022 letter to Plaintiff, which claimed it was reimbursing at a rate that was "normal" or methodologically derived, contradicting its EOB which claimed to have negotiated a rate for Plaintiff's Covid test and that, "**You** [*i.e.,* Plaintiff] **saved $198.69**";

(c)    Cigna's issuing haphazard and inconsistent claims determinations for the identical Covid-19 tests for Plaintiff and his dependents in September 2021, performed by the same provider, for which Plaintiff paid the same amount, which Plaintiff submitted for reimbursement.

83.    A fiduciary properly exercising its responsibilities with requisite skill, care and prudence would provide accurate and consistent explanations to beneficiaries. Cigna's inconsistent and inaccurate disclosures are evidence that Cigna lacks a sound basis for denying beneficiary and participant claims for reimbursement of diagnostic Covid-19 tests, and that Cigna's denial of such claims is a breach of its fiduciary duties.

84.    If, with further documentation, Cigna would cover the costs of class members' Covid-19 test, then Cigna was obligated to disclose the same pursuant to 29 CFR § 2560.503-1(g), and pursuant to the terms of the Plan promulgated by Cigna in the SPD (at p. 86), stating, "Every notice of an adverse benefit determination… will include… a description of any additional material or information necessary to perfect the claim." Cigna failed to provide any such disclosure to Plaintiff and, upon information and belief, class members generally.

85.    No requirement should be imposed on each class member individually to exhaust Cigna's internal claims review procedures. Any such exhaustion would be futile. Named Plaintiff submitted four Covid-19 test claims to Cigna for reimbursement, and Cigna denied, in part, all four. Named Plaintiff appealed all four denials, and all four appeals were denied by Cigna. As alleged more fully above, Cigna lacks a policy for covering class members' claims for

reimbursement of Covid-19 testing.  Upon information and belief, Cigna ERISA Plans generally lack a written policy for reimbursement of in-person Covid-19 diagnostic testing as such.  Absent such a policy, Cigna's appeals review process will provide no better results than its claims processing.

86.     Pursuant to regulations promulgated under ERISA, Cigna failed to provide a reasonable claims procedure, and accordingly, class members are relieved of the requirement to exhaust internal remedies.  29 CFR § 2560.503-1(l).

87.     Moreover, class members assert statutory violations of ERISA for which internal exhaustion is altogether unnecessary.

88.     In the event internal exhaustion is deemed a prerequisite for class members to bring claims under this Count, then the Reimbursement Classes are limited to those class members who, like Plaintiff, appealed Cigna's decision to deny reimbursement for diagnostic Covid testing claims, and whose appeals were denied by Cigna.  Such class members fully exhausted internal remedies.  Moreover, Cigna failed to conduct a "full and fair review" of such class members' appeals, constituting further violations of ERISA, fiduciary duties under ERISA, and the terms of ERISA plan documents.  Any "full and fair review" of such appeals would approve full reimbursement to class members, pursuant to the CARES Act and FFCRA.

89.     As to each member of the Reimbursement Classes, Cigna's failures to meet the standard of conduct set forth in 29 U.S.C. § 1104, including specifically Cigna's failure to approve reimbursement in full the cost of diagnostic Covid-19 tests, constitutes a violation of Cigna's fiduciary duties, a violation of the terms of ERISA, and a violation the terms of the plan under which Cigna exercises discretionary authority to determine healthcare reimbursements to beneficiaries.   Accordingly, Plaintiff and class members assert claims against Cigna pursuant to

ERISA § 502(a)(3).  Moreover, Cigna's conduct deprives class members of their rights under Cigna ERISA Plans, for which claims are brought under ERISA § 502(a)(1)(B).

## COUNT II
## EXPLANATIONS OF BENEFITS ("EOB's")
### (Claim by the Nationwide EOB Class and RTC EOB Class for accurate EOB's)

90.     All preceding paragraphs are realleged.

91.     Plaintiff brings Count II for himself and the Nationwide EOB Class and the RTC EOB Class (together, the "EOB Classes") defined more fully above.

92.     Pursuant to ERISA, 29 U.S.C. § 1133(1), Plaintiff and class members who submitted diagnostic Covid-19 test claims to Cigna are entitled to adequate notice if such claims are denied.  Such notice must include "the specific reasons for [the] denial," and must be written in a manner "reasonably calculated to be understood."  Regulations promulgated pursuant to ERISA include additional minimum standards for accuracy and transparency of adverse claims determinations.  29 CFR § 2560.503-1(g).

93.     Cigna's EOB for Plaintiff's January 16, 2022 Covid-19 test constituted notice of an adverse claim determination under 29 U.S.C. §1133.

94.     Each EOB Cigna furnished to members of the EOB Classes for Covid-19 tests, where full reimbursement was not provided, constituted notice of an adverse claim determination under 29 U.S.C. §1133.

95.     Cigna's EOB's were false, misleading, and did not meet the requirements of ERISA, nor those of governing ERISA Plan documents, insofar as such EOB's falsely stated Cigna had negotiated a "Discount" with the provider, or falsely stated class members' liability pertaining to such claims.  Such EOB's furnished by Cigna omitted to disclose the true reasons Cigna was denying payment: Cigna was unilaterally refusing payment, and foisting the expense on its insured.

96.     Plaintiff and EOB Class members are entitled to a true and accurate statement of account, in the form of an EOB, from Cigna.  A truthful and transparent EOB from Cigna would disclose to Plaintiff and EOB Class members that their claims were denied not because Cigna had negotiated a "Discount," but because Cigna unilaterally refused payment, and accurate EOB's from Cigna would further disclose that Plaintiff's and class members' liability was not $0 (or some other falsely discounted number), but rather, the accurate and truthful health care costs incurred. Such information is valuable to Plaintiff and class members for obvious reasons, including simply keeping track of household healthcare expenses, computing tax deductible healthcare payments, and/or dealing with and negotiating with the relevant provider.  Moreover, Cigna's false EOB's hampered Plaintiff's and class members' ability to appeal Cigna's claims determination internally: it is more difficult to appeal Cigna's claims determination, if Cigna does not disclose its basis.

97.     Cigna has, as of this date, failed to furnish Plaintiff – and, upon information and belief, EOB Class members generally – corrected and truthful EOB's for reimbursement claims for Covid-19 diagnostic testing.

98.     As to each member of the EOB Classes, Cigna's failures to provide compliant EOB's constitutes a violation of Cigna's fiduciary duties, a violation of the terms of ERISA, and a violation the terms of the plan under which Cigna exercises discretionary authority to determine healthcare reimbursements to beneficiaries and furnish adverse claims determinations relating thereto.  All of the above is actionable pursuant to ERISA § 502(a)(3).  Moreover, Cigna's conduct deprives class members of their rights under Cigna ERISA Plans, for which claims are brought under ERISA § 502(a)(1)(B).

## COUNT III
## FULL AND FAIR REVIEW
### (Claim by the Nationwide Fair Review Class for Full and Fair Review)

99.     All preceding paragraphs are realleged.

100.     Plaintiff brings Count III for himself and the Nationwide Fair Review Class defined more fully above.

101.     ERISA requires that any claimant be afforded the opportunity for full and fair review of any adverse benefits claims determination.   29 U.S.C. § 1133(2).   Regulations promulgated under ERISA mandate minimum requirements for such review, including that it, "Provide for a review that takes into account all comments, documents, records, and other information submitted by the claimant relating to the claim." 29 C.F.R. 2560.503-1(h)(2)(iv).  The outcome of such review, if adverse, must communicate, "The specific reason or reasons for the adverse determination."  29 C.F.R. 2560.503-1(j)(1).

102.     The Plan, and upon information and belief, Cigna ERISA Plans generally, delegate to Cigna the responsibility to conduct full and fair review under ERISA, and to communicate to claimants the results thereof.  As alleged more fully above (¶12), the SPD governing Plaintiff's benefits provides:

> The Plan Administrator also delegates to Cigna the discretionary authority to perform a full and fair review, as required by ERISA, of each claim denial which has been appealed by the claimant or his duly authorized representative.

103.     Cigna's denial of Plaintiff's claim for reimbursement of his January 16 diagnostic Covid-19 test constituted an adverse claim determination.

104.    Cigna's denials of full reimbursement for diagnostic Covid-19 testing for each Nationwide Fair Review class member's duly submitted claim constituted adverse claims determinations.

105.    Plaintiff and each class member who appealed Cigna's adverse claims determination was entitled to full and fair review under ERISA, and under the plan documents governing Cigna ERISA Plans.

106.    Cigna failed to undertake full and fair review of Plaintiff's and class members' appeals.  Cigna's denying appeals for Covid test reimbursement, where the beneficiary had already paid, was by definition not, "fair" and did not accord "full review," because such a determination contradicts the explicit requirements of the FFCRA and the CARES Act.

107.    Cigna's response letter to Plaintiff and class members fails to provide a coherent reason why Cigna did not comply with the requirements of the FFCRA or CARES Act, and accordingly, fails to provide the "specific reason" why class member's diagnostic Covid-19 tests were denied coverage, even after they appealed.

108.    As to each member of the class, Cigna's failures to provide full and fair review of appeals seeking reimbursement for diagnostic Covid-19 tests constitutes a violation of Cigna's fiduciary duties, a violation of the terms of ERISA, and a violation the terms of the plan under which Cigna exercises discretionary authority to conduct full and fair review.  All of the above is actionable pursuant to ERISA § 502(a)(3).  Moreover, Cigna's conduct deprives class members of their rights under Cigna ERISA Plans, for which claims are brought under ERISA 502(a)(1)(B).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, for himself and on behalf of the classes herein alleged, prays for relief as follows:

(a)   An order certifying the proposed classes herein alleged under Federal Rule of Civil Procedure 23 and appointing Plaintiff and undersigned counsel to represent same;

(b)   A declaration that Defendants' conduct complained of herein is unlawful;

(c)   Judgement enforcing the terms of Cigna ERISA Plans against Cigna, and conferring the rights of such plans on Plaintiff and class members as alleged herein;

(d)   Equitable and injunctive relief sufficient to remedy Defendant's unlawful conduct including judgement compelling Cigna to:

    1)   approve reimbursement of class member claims for diagnostic Covid-19 testing, and/or tender payment therefor;

    2)   provide adequate notice in writing to class members whose claims for diagnostic Covid-19 testing has been denied, all in a manner compliant with ERISA and Cigna's obligations under ERISA and ERISA plans, or in the alternative, cover such claims;

    3)   conduct full and fair review of adverse claims denial for diagnostic Covid-19 testing and communicate the results thereof to claimants, all in a manner compliant with ERISA and Cigna's obligations under ERISA and ERISA plans, or, in the alternative, cover such claims;

(e)   Further equitable relief against Cigna including a surcharge;

(f)   Reformation insofar as necessary to effect the provisions, the intent, and the lawful purposes of ERISA and Cigna ERISA Plans;

(g)   The creation of a common fund to provide notice of and remedy Defendant's unlawful

conduct;

(h)   Attorneys' fees, expenses and costs of this action;

(i)   Interest as allowed by law; and

(j)   All such further relief as the Court deems just and proper.

### **JURY DEMAND**

Plaintiff demands trial by jury on all claims so triable.

Dated: August 12, 2022
       White Plains, New York

**POSNER LAW PLLC**

*s/ Gabriel Posner, Esq.*
50 Main Street, Suite 1000
White Plains, New York 10606
Phone: (914) 517-3532
Email: gabe@posner.law
*Counsel for Plaintiff*