MALBHOCC

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  JEREMY HOCKENSTEIN,

4                  Plaintiffs,

5          v.                              22 Civ. 4046  (ER)

6  CIGNA HEALTH and LIFE
   INSURANCE COMPANY,
7
                   Defendants.
8                                          Teleconference
   ------------------------------x
9                                          New York, N.Y.
                                           October 21, 2022
10                                         10:00 a.m.

11 Before:

12                      HON. EDGARDO RAMOS,

13                                         District Judge

14                         APPEARANCES

15 POSNER LAW, PLLC
        Attorneys for Plaintiffs
16 BY:  GABRIEL POSNER

17 MCDERMOTT WILL & EMERY
        Attorneys for Defendants
18 BY:  DMITRIY TISHYEVICH
        RICHARD DIGGS
19

20

21

22

23

24

25

MALBHOCC

1              (Case called; appearances noted)

2              THE COURT:  Good morning to you all.  This matter is

3    on for a premotion conference.  I note for the record it is

4    being conducted by telephone.  I know that we are here at the

5    request of defendant, but I believe this is the first time that

6    the parties have appeared before me in this matter.

7              So, Mr. Posner, let me begin with you.  Tell me what

8    this case is about.

9              MR. POSNER:  Thank you, your Honor.

10             In this case plaintiff brings claims for himself and

11   on behalf of putative class members alleging that defendant

12   violated ERISA, the Employee Retirement Income Security Act

13   1974.  More specifically, plaintiff obtained Covid tests from a

14   healthcare provider and submitted a claim for reimbursement to

15   Cigna, and Cigna denied full reimbursement of those Covid tests

16   allegedly in violation of federal statutes and the terms of

17   plaintiff's ERISA governed healthcare benefits plan.

18             In particular, plaintiff alleges that Cigna should

19   determine the claims are reimbursed.  Cigna should provide a

20   disclosure that is reasonably comprehensible of its claims

21   determination.  And when plaintiff submitted an internal appeal

22   to Cigna, Cigna adhered to its claims denial, and thereto

23   plaintiff alleges Cigna should provide a full and fair review

24   as required by ERISA and ERISA plan documents at issue.

25             THE COURT:  Mr. Tishyevich.

MALBHOCC

1     MR. TISHYEVICH:  Good morning, your Honor.  I'm not

2 planning on speaking too long, but if it's okay with you I'll

3 just give you a high-level overview of what our proposed motion

4 to dismiss would look at and to talk about how that would

5 effect the scope of the case giving that we're not proposing to

6 dismiss the ERISA benefits claim.

7     THE COURT:  Okay.

8     MR. TISHYEVICH:  Mr. Hockenstein alleges high-level

9 that Cigna did not properly reimburse him and his dependents

10 for Covid tests that they received, and so he brought a number

11 of claims under ERISA on behalf of himself and also on behalf

12 of several of the proposed classes.

13     A few weeks ago Cigna filed a letter to request this

14 conference and plaintiff filed his response.  And after reading

15 those letters, it became apparent to me that the parties were

16 apparently talking pass each other at least to some extent.  As

17 Mr. Posner mentioned, there's a claim alleging a breach of a

18 full and fair review.  And Cigna proposed moving to dismiss

19 that claim, and also the claim for failure to provide adequate

20 notice of an adverse claim determination; because those

21 obligations comes from ERISA Section 503.  But Section 503 only

22 applies to plans, and Cigna itself is not the plan.

23     So in our response, plaintiffs clarified that they are

24 not bringing these claims under Section 503 directly, and

25 instead they're bringing them through Section 502(a)(3).  But

MALBHOCC

1    even with that clarification, Cigna's view is those claims

2    should still be dismissed.  And here's why.  The Supreme Court

3    has been very clear that Section 502(a)(3) acts as safety net

4    to provide equitable relief for ERISA injuries when there's no

5    other adequate remedy.  That's what the Supreme Court said in

6    1996 in *Varity Corporation v. Howe*, 516 U.S. 489.

7              It said, "Where Congress also provided adequate relief

8    for a beneficiary's injury, there will likely be no need for

9    further equitable relief, in which case such relief normally

10   would not be appropriate."  And that's from page 515 of the

11   decision.  In that case, for example, the Supreme Court found

12   that equitable relief was appropriate because the plan at issue

13   no longer existed.  And so plaintiffs could not have brought an

14   ERISA benefits claim, and they could only obtain a relief

15   through a Sections 502(a)(3) claim, but that's not the case

16   here.

17             The Second Circuit has also made it clear that after

18   *Varity*, Section 502(a)(3) claims are not appropriate when

19   there's another avenue for relief, and that was in a case

20   called *Frommert v. Conkright*, 433 F.3d 254 from 2006.

21             So in that case the Second Circuit said, citing *Varity*

22   that the Supreme Court has "consistently disfavored the

23   expansion of the availability of equitable relief where

24   remedies of law are sufficient." So that's from page 270.

25             Your Honor, these cases stand for a simple

MALBHOCC

proposition.  If a plaintiff is able to obtain relief for an

alleged ERISA injury through some provision of ERISA outside of

Section 502(a)(3), it is not appropriate to provide that relief

through Section 502(a)(3).  But that's exactly what

Mr. Hockenstein is trying to do here.

He argues that Cigna violated Section 502(a)(3) by

failing to provide full and fair review of his claims and to

provide him with adequate notice of his benefit denials as

required by Section 503.  But, he already has a perfectly

adequate avenue to challenge dishonest conduct, which does not

require relying on Section 502(a)(3).  And that's to bring a

Section 503 claim for lack of full and fair review or for lack

of adequate notice directly against his plan.

So given that Mr. Hockenstein already has other

avenues to pursue these claims, it's not appropriate for him to

pursue them under Section 502(a)(3).  That's one problem with

these claims.  Separately, there's another problem for these

Section 502(a)(3) claims.  They very clearly seek money

damages, which is not a relief that's available under Section

502(a)(3).

Again, the Supreme Court has made this very clear in a

case from 2002 called *Great-West Life & Annuity Insurance Co.*

*v. Knudson*, 534 U.S. 204.  So here's what the Supreme Court

said in how you distinguish between equitable relief, which is

addressable under 502(a)(3), versus legal relief, which is not.

MALBHOCC

The Supreme Court said "A claim for money due and owing under a
contract is quintessentially an action at law."

And then it says, "Almost invariably, suit seeking,
whether by judgment, injunction or declaration to compel the
defendant to pay a sum of money to the plaintiff are suits for
money damages, as that phrase has traditionally been applied,
since they seek no more than compensation for loss resulting
from the defendant's breach of legal duty, and money damages
are, of course, the classic form of legal relief."  That's from
page 210 of the decision.  And here, your Honor, the complaint
makes it very clear that money damages, meaning legal relief,
is exactly what Mr. Hockenstein is trying to recover through
his Section 502(a)(3) claims.

I'll give your Honor just one example, which is Count
One on page 17 of the first amended complaint.  Count One is
literally titled "Reimbursement for Covid tests." That is money
damages.  No question about it.  And paragraph 73, one of the
first paragraphs in this Count One again make this very clear.
It says, "Plaintiff and each member of the reimbursement
classes is entitled to full reimbursement for the cost of
diagnostic COVID-19 test."

So plainly what Mr. Hockenstein is seeking is to be
paid more for his Covid tests, but that kind of reimburse is
the not equitable relief at Section 502(a)(3) allows.  That is
just straight money damages.  And we cited a number of cases on

MALBHOCC

1    page three of our letter where courts dismissed Section

2    502(a)(3) claims because those claims are effectively seeking

3    money damages, because those claims are legal and not

4    equitable.

5           And one last point, your Honor.  As we said in the

6    letter, Cigna is not moving to dismiss the ERISA benefits

7    claim.  And you may be wondering, Why bother moving to dismiss

8    the Section 502(a)(3) claims since some portion of this case is

9    going to go forward anyway.  But I do think that the outcome of

10   this motion is going to potentially having a meaningful impact

11   on the case.  Because if Cigna prevails on this motion, then

12   all that's left is the ERISA benefits claim.

13          And if we're just dealing with this case as a pure

14   ERISA benefits denial, that is going to significantly effect

15   the scope of discovery, because discovery will then very likely

16   be limited to just the administrative record.  And Mr. Posner

17   and I already had a preliminary discussion about discovery

18   impact. He had the view that it makes sense to stay discovery

19   pending the outcome of Cigna's motion, and I fully agree, of

20   course assuming that's acceptable to your Honor.

21          Because the alternative would be to start discovery on

22   the ERISA benefits claim while the other claims are up in the

23   air given the motion to dismiss, which just does not seem

24   parity efficient.  With that, I just want to thank you for your

25   time.  I'm happy to address any questions you may have.

MALBHOCC

1    Otherwise I'll turn it over to Mr. Posner to respond.

2              THE COURT:  Mr. Posner, I'll give you an opportunity

3    to respond briefly.

4              MR. POSNER:  I follow everything Mr. Tishyevich is

5    saying and the leading cases that he cited to, *Varity Corp.*,

6    and *Great-West Life* and so on.  Based on Mr. Tishyevich is

7    saying, plaintiff were to pose the motion, it's a bit of a

8    pivot for Cigna.  This is not really what they focused on in

9    their premotion letter.

10             But if their briefing were to lay out the arguments

11   Mr. Tishyevich just made, plaintiff would oppose the motion to

12   broadly -- if I understand the argument as it's now presented,

13   plaintiff's ERISA 502(a)(3) claims are duplicative of the

14   502 a)(1)(B) claims.  And that argument, as I read the cases,

15   should not be accepted by the Court on a motion to dismiss.

16             The Second Circuit has held quite explicitly that a

17   plaintiff can allege at the motion to dismiss phase, which is

18   where we are, a plaintiff can allege both claims under Section

19   502(a)(3) and 502(a)(1)(B).  There's a potential reason why we

20   need both.  If Cigna's conceding liability for a nationwide

21   class under Section 502(a)(1)(B), sure.  We don't need

22   duplicative recovery, but they're not doing that.  But to

23   dismiss the 502(a)(3) claims now and then go talk about whether

24   or not there's liability under 502(a)(1)(B), the alternative

25   provision, I don't understand that approach.  Cause if

MALBHOCC

 1  plaintiff losses on 502(a)(1)(B), we may very well have needed

 2  the 502(a)(3) claim.

 3          THE COURT:  Mr. Posner, what about Mr. Tishyevich's

 4  argument that 502(a)(3) does not allow for the recovery of

 5  equitable damages?

 6          MR. POSNER:  It happens to be the same Second Circuit

 7  decision, *New York State Psychiatric Association*, which I think

 8  we all agree is the current leading Second Circuit case.  Cigna

 9  also cites to that case in their letter, and I cite to it quite

10  a bit.  There too I quote on page three of my letter, there's a

11  block quote from that decision that says, A court order

12  compelling a defendant to pay cash that derives from a breach

13  of a fiduciary duty is an equitable remedy, and that's a

14  surcharge or there's other -- we can get into that in the

15  briefing what the traditional rules of equity say about that.

16          But the key words in the quote Mr. Tishyevich quoted

17  from *Great-West Life* was that, Money payment resulting from the

18  breach of a legal duty.  And the question here is, Was there a

19  breach of damages at a law.  Was it a legal duty or was it an

20  equitable duty that Cigna had.  And there could be very

21  important reasons why we need that equitable claim.  It's not

22  clear to me that there's a provision in the plan as it

23  currently exists that would require Cigna to compensate Covid

24  tests in full.  That's in a federal statute, not in ERISA

25  itself. It's in a parallel federal statute.

MALBHOCC

1      So the idea that Cigna violated another law, the CARES

2  Act, that could be where the equitable remedy, the equitable

3  duty and remedy comes in.  And to say under 502 -- all they

4  claim is under 502(a)(1)(B), Did Cigna violate terms of the

5  plan.  Cigna is going to whip out the plan and say, Where does

6  it say anything in here about Covid plans.  It doesn't, so we

7  didn't violate the plan.

8      I don't think that would be very -- they're dodging

9  their duty as a fiduciary.  They must comply with the law.  Not

10 just with ERISA, but with the law generally. They can't violate

11 laws and how they handle the plan.  In terms of answering your

12 Honor's question point blank.  My response to Mr. Tishyevich's

13 point about whether or not we're seeking money.  The answer to

14 that appears on page three of my premotion letter.  The Second

15 Circuit has said requesting money that arises out of a breach

16 of fiduciary duty, which is what we allege here, can be

17 equitable remedy recoverable under Section 502(a)(3).

18      THE COURT:  Okay.  Onward we go. Mr. Tishyevich, you

19 will be permitted to make your motion.  It will be done on the

20 following schedule.  Your motion will be due on, I'd say three

21 weeks, but November 11 is Veteran's Day, so Monday November

22 14th.  Mr. Posner your response will be due three weeks later,

23 December 5.  And Mr. Tishyevich, your response or your reply

24 will be due one week later on December 12.  So you have the

25 schedule.

MALBHOCC

1              Mr. Posner, is there anything else we should do today?

2              MR. POSNER:  Your Honor, Mr. Tishyevich just mentioned

3    that we are -- the parties are in agreement that we should stay

4    discovery on the rest of the case, and that's fine with me, as

5    long as it's clear to everyone, nobody's waiving any rights

6    with respect to that.  After the motion, we'll see where things

7    stand, and then we'll take up what we need to do in terms of

8    discovery.

9              THE COURT:  I take it you have no objection to that,

10   Mr. Tishyevich.  And it seems fair to me that no one is waiving

11   any rights by implementing a stay of discovery pending the

12   resolution of your motion?

13             MR. TISHYEVICH:  No objections.

14             THE COURT:  Very well.  Anything more from you,

15   Mr. Tishyevich?

16             MR. TISHYEVICH:  Nothing from me.

17             THE COURT:  Okay.  In that event, we're adjourned.

18   Everyone please stay well.

19             (Adjourned)

20

21

22

23

24

25