UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEREMY HOCKENSTEIN, for himself and all
others similarly situated,

        Plaintiff,

   v.

CIGNA HEALTH AND LIFE INSURANCE
COMPANY,

        Defendant.

---

Case No.:  1:22-cv-04046-ER

**REPLY IN SUPPORT OF CIGNA'S
PARTIAL MOTION TO DISMISS**

**McDermott Will & Emery LLP**
One Vanderbilt Avenue
New York, New York 10017-3852
Tel: 212 547 5400
Fax: 212-547-5444

*Attorneys for Defendant Cigna
Health and Life Insurance Company*

## <u>TABLE OF CONTENTS</u>

I.    Plaintiff's ERISA § 502(a)(3) Claim in Count I Should Be Dismissed Because the Same Relief Is Available Through His ERISA § 502(a)(1)B) Claim.................................1

II.   All of Plaintiff's 502(a)(3) Claims Fail Because They Seek Money Damages..................4

III.  Plaintiff's Counts II and III Should Be Dismissed Because Cigna Is Not a Proper Defendant for Those Claims. ................................................................................7

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                 **Page(s)**

*Frommert v. Conkright,*
   433 F.3d 254 (2d Cir. 2006)........................................................................................4

*Gates v. United Health Grp., Inc.,*
   2012 WL 2953050 (S.D.N.Y. July 16, 2012) .......................................................7, 8

*Gerosa v. Savasta & Co., Inc.,*
   329 F.3d 317 (2d Cir. 2003)....................................................................................4, 5

*Great-W. Life & Annuity Ins. Co. v. Knudson,*
   534 U.S. 204 (2002)....................................................................................................4

*LI Neuroscience Specialists v. Blue Cross Blue Shield of Fla.,*
   361 F. Supp. 3d 348 (E.D.N.Y. 2019) .......................................................................2

*Metro. Life Ins. Co. v. Sicoli & Massaro Inc.,*
   2016 WL 5390899 (S.D.N.Y. Sept. 26, 2016)...........................................................8

*New York State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.,*
   798 F.3d 125 (2d Cir. 2015)............................................................................. *passim*

*RJ v. Cigna Behav. Health, Inc.,*
   2021 WL 1110261 (N.D. Cal. Mar. 23, 2021)...........................................................7

*Spears v. Liberty Life Assurance Co. of Bos.,*
   2018 WL 2390136 (D. Conn. May 25, 2018).............................................................3

*Staten Island Chiropractic Assocs., PLLC v. Aetna, Inc.,*
   2012 WL 832252 (E.D.N.Y. Mar. 12, 2012).........................................................2, 6

*Weinreb v. Hosp. for Joint Diseases Orthopaedic Inst.,*
   285 F. Supp. 2d 382 (S.D.N.Y. 2003), *aff'd*, 404 F.3d 167 (2d Cir. 2005)..............5

**Statutes**

29 U.S.C. § 1132(a)(1)B .................................................................................... *passim*

29 U.S.C. § 1132(a)(3)........................................................................................ *passim*

29 U.S.C. § 1133 .........................................................................................................7

**Other Authorities**

Rule 12 ........................................................................................................................1

Plaintiff spends most of his opposition arguing the merits of his breach of fiduciary duty claims.  Plaintiff is wrong on the merits, but that is not the point of Cigna's motion—because before getting to those merits, Plaintiff first needs to answer the three core pleading defects that Cigna raised in its opening brief regarding these claims.  Because he can't, his fiduciary duty claims should be dismissed.[1]

I.    **Plaintiff's ERISA § 502(a)(3) Claim in Count I Should Be Dismissed Because the Same Relief Is Available Through His ERISA § 502(a)(1)B) Claim.**

In its opening brief, Cigna explained that Plaintiff's ERISA § 502(a)(3) claim in Count I should be dismissed because it seeks relief that is available under Section 502(a)(1)(B), which makes relief under Section 502(a)(3) inappropriate.

In response, Plaintiff argues that he should be allowed to proceed with his Section 502(a)(3) claim because he suggests he doesn't have a valid Section 502(a)(1)(B) claim.  But the question isn't whether Plaintiff believes his Section 502(a)(1)(B) claim has merit; it's whether he believes that the relief to which he says he is entitled to under Section 502(a)(3) is also available under Section 502(a)(1)(B), or whether Section 502(a)(3) would provide some unique additive relief that is not available under Section 502(a)(1)(B).

Here, Plaintiff clearly thinks that the relief he wants is available under Section 502(a)(1)(B) alone:  Count I frames his Section 502(a)(3) theory as a failsafe that Plaintiff brings only "insofar as not inconsistent or duplicative" of his Section 502(a)(1)(B) claim.  (*See* FAC ¶ 57.)  But to survive Rule 12, Plaintiff must allege facts showing ***why*** his Section 502(a)(3) claim is distinctive—not make conclusory statements that distinctions may exist—as even Plaintiff himself

---

[1] Unless otherwise noted, all emphasis has been added, and all citations, alterations, and internal quotation marks have been omitted.  "Br." refers to the memorandum in support of Cigna's partial motion to dismiss (ECF No. 25);  "Opp." refers to Plaintiff's opposition (ECF No. 26).  Other abbreviations have the same meaning as in Cigna's opening brief.

acknowledges.  (*See* Opp. at 22 (trying to distinguish *LI Neuroscience Specialists v. Blue Cross Blue Shield of Florida*, 361 F. Supp. 3d 348 (E.D.N.Y. 2019) because there, plaintiff "did not plausibly allege § 502(a)(1)(B) was inadequate for relief").)

But Plaintiff can offer no such plausible facts here—because, again, the relief he seeks is all available under Section 502(a)(1)(B).  *See, e.g.*, *Staten Island Chiropractic Assocs., PLLC v. Aetna, Inc.*, 2012 WL 832252, at *10-11 (E.D.N.Y. Mar. 12, 2012) (dismissing equitable relief claims that were "simply recast[ed] . . . claims for the provision of benefits" and thus did not seek unique relief that only Section 502(a)(3) could provide, and also noting that "courts have consistently refused to order injunctive relief that has the practical effect of ordering the provision of benefits under the plan, because such relief is available under § 1132(a)(1)(B)"); Br. at 8-9 & n.3 (collecting cases that dismissed Section 502(a)(3) claims in similar circumstances).  In fact, while Plaintiff argues that *LI Neuroscience* is supposedly different because plaintiff in that case specifically sought "an order directing defendant to pay plaintiff all benefits [the] patient would be entitled to under the plan" (Opp. at 22), Plaintiff seeks the exact same relief here.  (FAC at 25, Prayer for Relief, subsection (c) (Plaintiff seeking a "judgment enforcing the terms of Cigna ERISA Plans against Cigna").)  This allegation once again confirms that Plaintiff thinks he can get the relief he needs under Section 502(a)(1)(B).

*New York State Psychiatric Association, Inc. v. UnitedHealth Group*, 798 F.3d 125 (2d Cir. 2015) ("*NY State*"), doesn't change this result.  Plaintiff argues that *NY State* stands for the blanket proposition that Section 502(a)(3) claims, when brought together with Section 502(a)(1)(B) claims, should **always** survive the pleading stage.  It does not.  Instead, the Second Circuit found that in that particular case, there was "no serious dispute" that plaintiff had "adequately and plausibly alleged in the amended complaint" claims under **both** Section 502(a)(1)(B) and Section

502(a)(3)—but it also concluded that based on the complaint, "it [was] not clear at the motion-to-dismiss stage" whether plaintiff's "claims under § 502(a)(3) are in effect repackaged claims under § 502(a)(1)(B)."  *Id.* at 134.  So what *NY State* actually shows is that courts must analyze the alleged facts in the complaint to determine whether:  (1) plaintiff has adequately pled both a Section 502(a)(1) claim and a Section 502(a)(3) claim (and if not, then dismissal is proper on that basis); and (2) if plaintiff has pled both claims, the court should still ask whether the relief sought under Section 502(a)(1)(B) would provide the plaintiff with an adequate remedy in the event that liability is proven—and if the answer is yes, then plaintiff's Section 502(a)(3) claims should ***still*** be dismissed.

And in fact, post-*NY State* decisions have distinguished *NY State* precisely on that basis—rejecting the same argument that Plaintiff makes here, *i.e.*, that Section 502(a)(3) claims should always survive the pleadings stage.  *See Spears v. Liberty Life Assurance Co. of Bos.*, 2018 WL 2390136, at *7-8 (D. Conn. May 25, 2018) (declining to reconsider the court's prior dismissal of plaintiff's Section 502(a)(3) claim despite the Second Circuit's intervening *NY State* decision, rejecting plaintiff's argument that it was improper to dismiss the Section 502(a)(3) claim because *NY State* supposedly held that Section 502(a)(3) claims "should not be dismissed as duplicative of claims for monetary relief under § 502(a)(1)(B) at the motion to dismiss stage," and explaining that the court had previously dismissed plaintiff's Section 502(a)(3) claims "for failure to allege facts which might warrant equitable relief" and that "accordingly, [*NY State*] does not require the Court to reconsider its prior decision."); *see also id.* at *8-9 (declining to reconsider prior dismissal of Section 502(a)(3) claim where plaintiff had sought "restitution, disgorgement of profits . . . surcharge, and an injunction" because those are "claims . . . of the type which the

3

Supreme Court has held 'almost invariably' seek monetary rather than equitable relief") (quoting *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210, 218 (2002)).

Plaintiff's reliance on *NY State* is therefore misplaced.  Because Plaintiff hasn't plausibly alleged any facts to show that Section 502(a)(3) relief is appropriate and necessary, his Section 502(a)(3) claim should be dismissed.

## II.    All of Plaintiff's 502(a)(3) Claims Fail Because They Seek Money Damages.

Cigna also showed that while styled as requests for equitable relief, Plaintiff's Section 502(a)(3) claims still boil down to requests for money damages—but "money damages are, of course, the classic form of *legal*" (not equitable) "relief."  *Knudson*, 534 U.S. at 210 (emphasis in original); Br. at 10-14.  Plaintiff's responses are unavailing.

<u>First</u>, Plaintiff argues that Cigna got it wrong by "look[ing] only to the *relief* Plaintiff seeks—reimbursement—not the substance of the claim."  (Opp. at 20 (emphasis in original).)  But it would be odd indeed if the Court's inquiry did not focus on that relief, like Plaintiff urges—since the basic question here is whether the relief that Plaintiff seeks fits into the "appropriate equitable ***relief***" box of Section 502(a)(3).  Plaintiff's disagreement is at any rate with the Supreme Court and the Second Circuit, not Cigna, since it is those decisions that tell courts to look past labels and to focus on what relief the plaintiff actually seeks.  *See Knudson*, 534 U.S. at 210 ("Almost invariably . . . suits seeking ***(whether by judgment, injunction, or declaration)*** to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages'"); *Gerosa v. Savasta & Co., Inc.*, 329 F.3d 317, 321 (2d Cir. 2003) ("In determining the propriety of a remedy, we must look to the real nature of the relief sought, not its label"); *Frommert v. Conkright*, 433 F.3d 254, 270 (2d Cir. 2006) ("while the plaintiffs seek to expand the nature of their claim by couching it in equitable terms to allow relief under § 502(a)(3), the gravamen of this action remains a claim for monetary compensation and that, above all else, dictates the relief

4

available"); Br. at 10-12 (citing all these cases) & *id.* at 12 (collecting cases that dismissed ostensibly equitable claims that in fact effectively sought monetary damages).

Second, *NY State* does not support Plaintiff's contention that he identified equitable losses that "flow[] from Cigna's breach of fiduciary duties," separate and distinct from his alleged money damages. (Opp. at 21.)  To start, "compensatory damages, ***even if they resulted from a breach of fiduciary duty***, are not recoverable as equitable relief under § 1132(a)(3)."  *Weinreb v. Hosp. for Joint Diseases Orthopaedic Inst.*, 285 F. Supp. 2d 382, 388 (S.D.N.Y. 2003), *aff'd*, 404 F.3d 167 (2d Cir. 2005); Br. at 13.

But even more fundamentally, the FAC does not separate Plaintiff's allegedly "equitable" losses from his money damages—it does the opposite.  Every one of Plaintiff's three Counts seeks the same relief under ***both*** Section 502(a)(3) and Section 502(a)(1)(B), which makes it impossible to distinguish one set of Plaintiff's alleged damages from another.  And as Cigna also said, Plaintiff's requested relief—whatever the label—all still ultimately comes down to his demand that Cigna pay more money to him and the putative class for the disputed claims at issue.  (Br. at 10-13; *see, e.g.*, FAC at 25, subsection (d)(1) (in seeking "equitable and injunctive relief," seeking an order to compel Cigna to "approve reimbursement of class member claims for diagnostic Covid-19 testing, and/or tender payment therefor").)

And so the real substance of Plaintiff's claims—*i.e.*, "the real nature of the relief sought, not its label," *Gerosa*, 329 F.3d at 321—is thus plainly money damages rather than true equitable relief.  That is reason alone to dismiss Plaintiff's 502(a)(3) claims.  *See NY State*, 798 F.3d at 135 (finding that "the amended complaint is not altogether clear about the source of [plaintiff's] losses" and remanding to the district court to determine whether "the relief [plaintiff] seeks is merely monetary compensation resembling legal damages" or "true equitable relief").

5

Finally, Plaintiff cannot escape dismissal by framing Counts II and III as "Procedural Claims." (Opp. at 23.) Cigna's basis for dismissal here is not that these claims are duplicative of the Section 502(a)(1)(B) count; it is that they do not seek true ***equitable relief*** because their end result would be additional reimbursement—*i.e.*, money damages. (Br. at 16-17.) This is clear from the fact that what Plaintiff really wants to obtain through these Procedural Claims is not (for example) a remand back to Cigna—which might be a form of equitable relief. *Id.* (citing *Levi v. RSM McGladrey, Inc.*, 2014 WL 4809942, at *10 n.24 (S.D.N.Y. Sept. 24, 2014) (Ramos, J.)) (noting that where plaintiff was not seeking a remand of the claim to plan administrator but rather sought "monetary relief," those allegations "do not suggest that Plaintiff is seeking equitable relief from the perceived procedural inadequacies themselves, but rather that he is focused exclusively on obtaining *monetary* relief for the denial of COBRA benefits that, according to Plaintiff, those procedural inadequacies helped perpetuate.") (emphasis in original).

Instead, Plaintiff wants Cigna to ***pay more money*** on his and his family's claims. That's because while Plaintiff attacks Cigna's EOBs and appeal letters (Opp. at 23-24), he doesn't ask for any equitable relief to address those perceived procedural inadequacies. Instead, Plaintiff argues that having to provide proper EOBs and to conduct proper full-and-fair review will surely result in Cigna paying more for the disputed claims. (*See* FAC ¶ 88 ("Any 'full and fair review' of such appeals would approve full reimbursement to class members.").) And so the real thrust of Plaintiff's Procedural Claims is not procedural deficiencies as such; it is that those alleged deficiencies supposedly caused his claims to be underpaid—which, again, means that Plaintiff seeks money damages that are not available under Section 502(a)(3). Br. at 16-17; *Staten Island*, 2012 WL 832252, at *11 (holding that "the thrust of the complaint in this case is that the defendants

have failed to follow proper procedures" which allegedly "resulted in an improper denial of benefits"—which means that adequate relief is "available under Section 1132(a)(1)(B)").

### III.   Plaintiff's Counts II and III Should Be Dismissed Because Cigna Is Not a Proper Defendant for Those Claims.

Cigna also showed that Counts II and III should be dismissed for a final reason: they are premised on alleged violations of Section 503, but Section 503 only imposes obligations on plans.[2] Plaintiff's responses do not change this outcome.

As Cigna argued (and Plaintiff does not dispute), Counts II and III are premised on alleged violations of Section 503, and Section 503 by its plain terms only imposes obligations on "employee benefit *plan[s]*."   29 U.S.C. § 1133; Br. at 17-18.   As Cigna also showed, courts routinely dismiss Section 503-based claims against claims administrators like Cigna, because "a [Section 503] claim can only be asserted against a plan, and Cigna is not the Plan."   *RJ v. Cigna Behav. Health, Inc.*, 2021 WL 1110261, at *6 (N.D. Cal. Mar. 23, 2021); Br. at 17-18.

Plaintiff has no real response to this.   He argues that "the Plan documents expressly incorporate ERISA obligations by reference and delegate these to Cigna," pointing to a portion of his SPD through which "the Plan Administrator also delegates to Cigna the discretionary authority to perform a full and fair review[.]"   (Opp. at 24.)   But Plaintiff does not cite any cases to show that such a delegation in an ERISA plan can rewrite the plain statutory terms of Section 503— which, again, only imposes certain claims procedure obligations on "every employee benefit plan."

---

[2] Plaintiff argues that "Cigna does not seek dismissal of [Counts II and III] insofar as alleged under § 502(a)(1)(B)."   (Opp. at 23.)   To be clear, Section 502(a)(1)(B) does not provide any statutory mechanism to bring a claim for allegedly inadequate EOBs or lack of full and fair review—because as Plaintiff acknowledges, Section 502(a)(1)(B) claims are limited to enforcing plan terms.   (*See id.* at 14 ("Courts of appeals have construed § 502(a)(1)(B) as limited to authorizing the enforcement of . . . plans as written") (quoting *Laurent v. PriceWaterhouseCoopers LLP*, 945 F.3d 739, 746 (2d Cir. 2019)).)

Finally, Plaintiff suggests that *Gates v. United Health Group, Inc.*, 2012 WL 2953050 (S.D.N.Y. July 16, 2012) does not support dismissal because it predated *NY State*.  (Opp. at 25.) This argument ignores another case that Cigna cited—which post-dated the 2015 *NY State* decision, and which held (the same as *Gates*) that "because a claim for equitable relief under Section 502(a)(3) must be based on an underlying ERISA violation, Plaintiff's claims for equitable relief under Section 502(a)(3) will be dismissed."  *Metro. Life Ins. Co. v. Sicoli & Massaro Inc.*, 2016 WL 5390899, at *8 (S.D.N.Y. Sept. 26, 2016).  Because Plaintiff has not alleged that Cigna violated Section 503 (and he cannot make this allegation, given that Cigna is not his plan), he has not established an underlying ERISA violation to support his Procedural Claims.  Counts II and III should be dismissed accordingly.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Cigna's motion and dismiss Plaintiff's claims under Section 502(a)(3) in Counts I, II, and III with prejudice.

Dated:   December 12, 2022
         New York, New York

Respectfully submitted,

By:   */s/ Dmitriy Tishyevich*
      Joshua B. Simon
      Warren Haskel
      Dmitriy Tishyevich
      Richard Diggs
      **McDermott Will & Emery LLP**
      One Vanderbilt Avenue
      New York, New York 10017-3852
      Tel: (212) 547-5400
      Fax: (212) 547-5444

      *Attorneys for Defendant Cigna Health and
      Life Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 12, 2022, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send notice of the filing to counsel of record.

*/s/ Dmitriy Tishyevich*
Dmitriy Tishyevich