UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY HOCKENSTEIN, for himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>                    Defendant. | Case No.:  1:22-cv-04046-ER<br><br><br>**CIGNA'S ANSWER TO THE FIRST AMENDED COMPLAINT** |

**CIGNA HEALTH AND LIFE INSURANCE COMPANY'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Cigna Health and Life Insurance Company ("Cigna") hereby answers Plaintiff Jeremy Hockenstein's ("Plaintiff" or "Hockenstein") First Amended Complaint (the "Amended Complaint") in the above-captioned action with the following responses numbered to correspond with the numbered paragraphs of the First Amended Complaint (the "Amended Complaint").[1] Cigna denies each and every allegation not expressly admitted below, including all allegations contained in headings and titles.

## NATURE OF THIS ACTION

1.       Paragraph 1 asserts a legal conclusion and thus no response is required.  To the extent that a response is required, Cigna denies that any of its benefits determinations for Plaintiff's claims violated ERISA.[2]  Cigna further refers to the Court's Order, Dkt. No. 31, which dismissed

---

[1] The section headings in this Answer correspond to those in the First Amended Complaint (Dkt. No. 17), and the paragraphs are numbered to correspond with the numbered paragraphs of the Amended Complaint.

[2] For purposes of this Answer, "ERISA" refers to the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001, *et seq.*

Counts II and III of the Amended Complaint (claims under ERISA § 502(a)(3) based on allegedly inadequate EOBs and alleged lack of full and fair review) with prejudice.  Cigna otherwise denies the allegation in Paragraph 1.

**JURISDICTION AND VENUE**

2.      Paragraph 2 asserts legal conclusions to which no response is required, and Cigna denies the allegations in Paragraph 2 on this basis.

3.      Paragraph 3 asserts legal conclusions to which no response is required, and Cigna denies the allegations in Paragraph 3 on this basis.

4.      Paragraph 4 asserts legal conclusions to which no response is required, and Cigna denies the allegations in Paragraph 4 on this basis.

5.      Paragraph 5 asserts legal conclusions to which no response is required, and Cigna denies the allegations in Paragraph 5 on this basis.

**PARTIES**

6.      Cigna lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6, and therefore denies those allegations.

7.      Cigna admits that Cigna Health and Life Insurance Company has a place of business at 908 Cottage Grove Road, Bloomfield, Connecticut 06152.

**FACTS**

8.      Cigna admits that insurance policy number 00632911 was issued to The Educational Alliance, and that The Educational Alliance sponsors and funds an employer-funded health plan for its employees.  Cigna denies the remaining allegations in Paragraph 8.

9.       Paragraph 9 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Paragraph 9 purports to characterize federal ERISA law, the

2

terms of which speak for themselves, and Cigna denies any characterization contrary to the terms of ERISA.

10.     Cigna lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10, and therefore denies them.

11.     Paragraph 11 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Paragraph 11 purports to characterize federal ERISA law and the terms of The Educational Alliance OAP Plan (the "Plan"), the terms of which speak for themselves, and Cigna denies any characterization contrary to the terms of ERISA and the Plan.

12.     Paragraph 12 purports to partially quote the summary plan description ("SPD") for the Plan, the terms of which speak for themselves, and thus no response is required.  To the extent a response is required, Cigna denies any characterization contrary to the terms of the SPD.

13.     Paragraph 13 purports to partially quote the SPD for the Plan, the terms of which speak for themselves, and thus no response is required.  To the extent a response is required, Cigna denies any characterization contrary to the terms of the SPD.

14.     Paragraph 14 asserts a legal conclusion and thus no response is required.  To the extent that a response is required, Paragraph 14 purports to characterize federal law under the Families First Coronavirus Response Act, Pub. L. 116-127 (the "FFRCA") and the Coronavirus Aid, Relief, and Economic Security Act Pub. L. 116-134 (the "CARES Act"), the terms of which speak for themselves.  Cigna denies any characterization contrary to the terms of the FFRCA and CARES Act and otherwise denies the allegations in Paragraph 14.

15.     Paragraph 15 purports to characterize the SPD for the Plan, the terms of which speak for themselves, and thus no response is required.  To the extent a response is required, Cigna denies any characterization contrary to the terms of the SPD.

16.     Cigna lacks information or knowledge sufficient to form a belief as to the truth of the other allegations set forth in Paragraph 16, and therefore denies those allegations.

17.     Cigna lacks information or knowledge sufficient to form a belief as to the truth of the other allegations set forth in Paragraph 17, and therefore denies those allegations.

18.     Cigna lacks information or knowledge sufficient to form a belief as to the truth of the other allegations set forth in Paragraph 18, and therefore denies those allegations.

19.     Cigna admits that Plaintiff submitted claims to Cigna for reimbursement and that Cigna approved benefits for a portion of the claim covered by the Plan.  Cigna otherwise lacks information or knowledge sufficient to form a belief as to the truth of the other allegations set forth in Paragraph 19, and therefore denies those allegations.

20.     Paragraph 20 asserts a legal conclusion and thus no response is required.  To the extent a response is required, Paragraph 20 purports to partially quote and characterize the SPD for the Plan, the terms of which speak for themselves, and Cigna denies any characterization contrary to the terms of the SPD.

21.     Paragraph 21 asserts a legal conclusion and thus no response is required.  To the extent a response is required, Cigna admits that it generally furnishes an Explanation of Benefits ("EOB") to a Cigna plan member after adjudicating the member's claim.  Cigna denies the remaining allegations in Paragraph 21.

22.     Cigna admits that it provided Plaintiff with an EOB for the claim related to the January 16 COVID test referenced in the Amended Complaint.  The remainder of Paragraph 22 purports to characterize that EOB, the terms of which speak for themselves.  Cigna denies any characterization contrary to the terms of the EOB, and otherwise denies the allegations in Paragraph 22.

23.     Cigna denies that the EOB referenced in Paragraph 23 was false.  Cigna otherwise lacks information or knowledge sufficient to form a belief as to the truth of the other allegations set forth in Paragraph 23, and therefore denies those allegations.

24.     Cigna lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24, and therefore denies those allegations.

25.     Cigna denies the allegations in Paragraph 25.

26.     Paragraph 26 purports to partially quote from a February 4, 2022 appeal letter, which speaks for itself, and thus no response is required.  Paragraph 26 also asserts a legal conclusion as to whether the test referenced in Paragraph 26 "should be fully covered under the CARES Act," to which no response is likewise required.  To the extent a response is required, the terms of the February 4, 2022 appeal letter and the statutory terms of the CARES Act speak for themselves.  Cigna denies any characterization contrary to those terms, and otherwise denies the allegations in Paragraph 26.

27.     Paragraph 27 asserts a legal conclusion to which no response is required.

28.     Cigna admits that Plaintiff submitted claims to Cigna for reimbursement and that Cigna approved benefits for a portion of the claims covered by the Plan, and later upheld the benefits determination.  Cigna otherwise lacks information or knowledge sufficient to form a belief as to the truth of the other allegations set forth in Paragraph 28, and therefore denies those allegations.

29.     Cigna denies the allegations in Paragraph 29.

30.     Paragraph 30 asserts a legal conclusion to which no response is required.  Cigna otherwise denies the allegations in Paragraph 30.

31.     Cigna denies the allegations in Paragraph 31.

32.     Cigna admits that Plaintiff submitted claims to Cigna for reimbursement and that Cigna approved benefits for a portion of the claims covered by the Plan.  Cigna otherwise lacks information or knowledge sufficient to form a belief as to the truth of the other allegations set forth in Paragraph 32, and therefore denies those allegations.

33.     Cigna admits that Plaintiff submitted claims to Cigna for reimbursement and that Cigna approved benefits for a portion of the claims covered by the Plan.  Cigna otherwise lacks information or knowledge sufficient to form a belief as to the truth of the other allegations set forth in Paragraph 33, and therefore denies those allegations.

34.     Cigna denies the allegations in Paragraph 34.

35.     Cigna admits that Plaintiff submitted claims to Cigna for reimbursement and that Cigna approved benefits for a portion of the claims covered by the Plan.  Cigna otherwise denies the allegations in Paragraph 35.

36.     Cigna lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36, and therefore denies those allegations.

37.     Cigna admits that Plaintiff submitted letters to Cigna challenging Cigna's benefits determinations.  Paragraph 37 otherwise states legal conclusions and thus no response is required.  To the extent a response is required, Cigna denies the allegations in Paragraph 37.

38.     Cigna admits that it upheld its claims determinations for the claims referenced in Paragraph 38 that Plaintiff appealed to Cigna.  Cigna otherwise denies the allegations in Paragraph 38.

39.     Paragraph 39 purports to partially quote from and characterize Cigna's March 3, 2022 letter, the terms of which speak for themselves, and thus no response is required.  To the

extent a response is required, the terms of that letter speak for themselves.  Cigna denies any characterization contrary to those terms, and otherwise denies the allegations in Paragraph 39.

40.     Cigna lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40, and therefore denies those allegations.

41.     Cigna lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41, and therefore denies those allegations.

42.     Paragraph 42 asserts legal conclusions and thus no response is required.  To the extent that a response is required, the remaining allegations in Paragraph 42 purport to characterize federal ERISA law and the Plan, the terms of which speak for themselves.  Cigna denies any characterization contrary to the terms of ERISA and the Plan, and otherwise denies the allegations in Paragraph 42.

## CLASS DEFINITIONS

43.     Paragraph 43 does not address any alleged conduct by Cigna.

44.     Cigna admits that the Amended Complaint contains a proposed Class Period as set forth in Paragraph 44.  Cigna denies that class certification is appropriate in this matter, and denies all remaining allegations in Paragraph 44.

45.     Cigna admits that the Amended Complaint contains an alleged definition of a "Cigna ERISA Plan" for purposes of Plaintiff's proposed class definition.  Cigna denies that class certification is appropriate in this matter, and denies all remaining allegations in Paragraph 45.

46.     Cigna admits the Amended Complaint contains an alleged definition for "RTC." Paragraph 46 does not address any alleged conduct by Cigna.

47.     Cigna admits that Plaintiff purports to bring claims as a class action under Federal Rule of Civil Procedure 23 on behalf of the proposed "Nationwide Reimbursement Class" stated

in Paragraph 47.  Cigna denies that class certification is appropriate in this matter, and denies all remaining allegations in Paragraph 47.

48.     Cigna admits that Plaintiff purports to bring claims as a class action under Federal Rule of Civil Procedure 23 on behalf of the proposed "RTC Reimbursement Class" stated in Paragraph 48.  Cigna denies that class certification is appropriate in this matter, and denies all remaining allegations in Paragraph 48.

49.     Cigna admits that Plaintiff purports to bring claims as a class action under Federal Rule of Civil Procedure 23 on behalf of the proposed "Nationwide EOB Class" stated in Paragraph 49.  Cigna denies that class certification is appropriate in this matter, and further refers to the Court's Order, Dkt. No 31, which dismissed Plaintiff's EOB-based and the full-and-fair-review-based claims under ERISA § 502(a)(3) with prejudice.  Cigna denies all remaining allegations in Paragraph 49.

50.     Cigna admits that Plaintiff purports to bring claims as a class action under Federal Rule of Civil Procedure 23 on behalf of the proposed "RTC EOB Class" stated in Paragraph 50.  Cigna denies that class certification is appropriate in this matter, and further refers to the Court's Order, Dkt. No 31, which dismissed Plaintiff's EOB-based and the full-and-fair-review-based claims under ERISA § 502(a)(3) with prejudice.  Cigna denies all remaining allegations in Paragraph 50.

51.     Cigna admits that Plaintiff purports to bring claims as a class action under Federal Rule of Civil Procedure 23 on behalf of the proposed "Nationwide 'Fair Review' Class" stated in Paragraph 51.  Cigna denies that class certification is appropriate in this matter, and further refers to the Court's Order, Dkt. No 31, which dismissed Plaintiff's EOB-based and the full-and-fair-

review-based claims under ERISA § 502(a)(3) with prejudice. Cigna denies all remaining allegations in Paragraph 51.

52.     Cigna lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52, and therefore denies those allegations.

## CLASS ALLEGATIONS: OVERVIEW AND ALLEGATIONS COMMON TO ALL CLASS COUNTS

53.     Cigna admits that Plaintiff has brought this lawsuit on behalf of himself and that he purports to also bring claims as a class action under Federal Rule of Civil Procedure 23. Cigna denies that class certification is appropriate in this matter, and otherwise denies the allegations in Paragraph 53.

54.     Paragraph 54 asserts legal conclusions and thus no response is required. To the extent that a response is required, Cigna denies that any of its benefits determinations for Plaintiff's claims violated ERSA. Cigna further refers to the Court's Order, Dkt. No. 31, which dismissed Counts II and III of the Amended Complaint (claims under ERISA § 502(a)(3) based on allegedly inadequate EOBs and alleged lack of full and fair review) with prejudice. Cigna otherwise denies the allegations in Paragraph 54.

55.     Paragraph 55 asserts legal conclusions and thus no response is required. To the extent that a response is required, Cigna denies the allegations in Paragraph 55 to the extent it contains allegations specific to Cigna, and lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 and therefore denies those allegations.

56.     Cigna admits that Plaintiff has asserted claims under Section 502(a)(1)(B) of ERISA, on behalf of himself and the purported class, but Cigna denies that any of its benefits determinations for Plaintiff's claims violated ERISA. The remaining allegations assert legal

conclusions and thus no response is required.  To the extent a response is required, Cigna denies the remaining allegations in Paragraph 56.

57.     Cigna admits that Plaintiff has asserted claims under Section 502(a)(3) of ERISA, on behalf of himself and the purported class, and Cigna refers to the Court's Order, Dkt. No. 31, which dismissed Counts II and III of the Amended Complaint (claims under ERISA § 502(a)(3) based on allegedly inadequate EOBs and alleged lack of full and fair review) with prejudice.  The remaining allegations assert legal conclusions and thus no response is required.  To the extent a response is required, Cigna denies the remaining allegations in Paragraph 57.

58.     Paragraph 58 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegations in Paragraph 58 to the extent it contains allegations specific to Cigna, and lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58 and therefore denies those allegations.

59.     Paragraph 59 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegations in Paragraph 59.

60.     Paragraph 60 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegations in Paragraph 60.

61.     Paragraph 61 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegations in Paragraph 61.

62.     Paragraph 62 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegations in Paragraph 62.

63.     Paragraph 63 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegations in Paragraph 63.

64.     Paragraph 64 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegations in Paragraph 64.

65.     Paragraph 65 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegations in Paragraph 65.

66.     Paragraph 66 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegation in Paragraph 66.

67.     Paragraph 67 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegations in Paragraph 67.

68.     Paragraph 68 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegations in Paragraph 68.

69.     Paragraph 69 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegations in Paragraph 69.

70.     Paragraph 70 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegations in Paragraph 70.

## COUNT I

71.     Cigna incorporates its responses to the previous Paragraphs as though fully set forth herein.

72.     Cigna admits that Plaintiff purports to bring Count I on behalf of himself and on behalf of the Nationwide Reimbursement Class and the RTC Reimbursement Class (the "Reimbursement Classes").  Cigna denies that it is liable to Plaintiff, denies that class certification is appropriate in this matter, and otherwise denies the allegations in Paragraph 72.

73.     Paragraph 73 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegations in Paragraph 73.

11

74.     Paragraph 74 asserts a legal conclusion and thus no response is required.  To the extent that a response is required, the allegations in Paragraph 74 purport to characterize federal ERISA law and the Plan, the terms of which speak for themselves.   Cigna denies any characterization contrary to the terms of ERISA and the Plan and otherwise denies the allegations in Paragraph 74.

75.     Paragraph 75 asserts a legal conclusion and thus no response is required.  To the extent that a response is required, the allegations in Paragraph 75 purport to characterize federal ERISA law, the terms of which speak for themselves.  Cigna denies any characterization contrary to the terms of ERISA and otherwise denies the allegations in Paragraph 75.

76.     Paragraph 76 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegation in Paragraph 76.

77.     Paragraph 77 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegation in Paragraph 77.

78.     Paragraph 78 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegations in Paragraph 78.

79.     Paragraph 79 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegations in Paragraph 79.

80.     Paragraph 80 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegations in Paragraph 80.

81.     Paragraph 81 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegations in Paragraph 81.

82.     Cigna denies the allegations in Paragraph 82.

83.     Paragraph 83 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegations in Paragraph 83.

84.     Paragraph 84 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegations in Paragraph 84.

85.     Paragraph 85 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegations in Paragraph 85.

86.     Paragraph 86 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegations in Paragraph 86.

87.     Paragraph 87 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegations in Paragraph 87.

88.     Paragraph 88 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegations in Paragraph 88.

89.     Paragraph 89 asserts legal conclusions and thus no response is required.  To the extent that a response is required, Cigna denies the allegations in Paragraph 89.

**COUNT II**

90.     Cigna incorporates its responses to the previous Paragraphs as though fully set forth herein.  Cigna further refers to the Court's Order, Dkt. No. 31, which dismissed Counts II and III of the Amended Complaint (claims under ERISA § 502(a)(3) based on allegedly inadequate EOBs and alleged lack of full and fair review) with prejudice.

91.     Cigna refers to the Court's Order, Dkt. No. 31, dismissing Count II with prejudice. To the extent that a response is required, Cigna admits that Plaintiff purports to bring Count II for himself and the Nationwide EOB Class and the RTC EOB class, and denies the remaining allegations in Paragraph 91.

92.     Cigna refers to the Court's Order, Dkt. No. 31, dismissing Count II with prejudice. To the extent that a response is required, Paragraph 92 asserts legal conclusions and thus no response is required.  To the extent a response is still required, Cigna denies the allegations in Paragraph 92.

93.     Cigna refers to the Court's Order, Dkt. No. 31, dismissing Count II with prejudice. To the extent that a response is required, Paragraph 93 asserts legal conclusions to which no response is required; Cigna otherwise denies the allegations in Paragraph 93.

94.     Cigna refers to the Court's Order, Dkt. No. 31, dismissing Count II with prejudice. To the extent that a response is required, Paragraph 94 asserts legal conclusions to which no response is required; Cigna otherwise denies the allegations in Paragraph 94.

95.     Cigna refers to the Court's Order, Dkt. No. 31, dismissing Count II with prejudice. To the extent that a response is required, Paragraph 95 asserts legal conclusions to which no response is required; Cigna otherwise denies the allegations in Paragraph 95.

96.     Cigna refers to the Court's Order, Dkt. No. 31, dismissing Count II with prejudice. To the extent that a response is required, Paragraph 96 asserts legal conclusions to which no response is required; Cigna otherwise denies the allegations in Paragraph 96.

97.     Cigna refers to the Court's Order, Dkt. No. 31, dismissing Count II with prejudice. To the extent that a response is required, Cigna denies the allegations in Paragraph 97.

98.     Cigna refers to the Court's Order, Dkt. No. 31, dismissing Count II with prejudice. To the extent that a response is required, Paragraph 98 asserts legal conclusions to which no response is required; Cigna otherwise denies the allegations in Paragraph 98.

## COUNT III

99.     Cigna incorporates its responses to the previous Paragraphs as though fully set forth herein.  Cigna further refers to the Court's Order, Dkt. No. 31, which dismissed Counts II and III of the Amended Complaint (claims under ERISA § 502(a)(3) based on allegedly inadequate EOBs and alleged lack of full and fair review) with prejudice.

100.     To the extent that a response is required, Cigna admits that Plaintiff purports to bring Count III for himself and the Nationwide Fair Review Class, and denies the remaining allegations in Paragraph 100.

101.     Cigna refers to the Court's Order, Dkt. No. 31, dismissing Count III with prejudice. To the extent that a response is required, Paragraph 101 asserts legal conclusions to which no response is required; Cigna otherwise denies the allegations in Paragraph 101.

102.     Cigna refers to the Court's Order, Dkt. No. 31, dismissing Count III with prejudice. To the extent that a response is required, Paragraph 102 asserts a legal conclusion and thus no response is required.  To the extent that a response is required, the allegations in Paragraph 102 purport to characterize federal ERISA law and the Plan, the terms of which speak for themselves. Cigna denies any characterization contrary to the terms of ERISA and the Plan.

103.     Cigna refers to the Court's Order, Dkt. No. 31, dismissing Count III with prejudice. To the extent that a response is required, Paragraph 103 asserts legal conclusions and thus no response is required; Cigna otherwise denies the allegations in Paragraph 103.

104.     Cigna refers to the Court's Order, Dkt. No. 31, dismissing Count III with prejudice. To the extent that a response is required, Paragraph 104 asserts legal conclusions and thus no response is required; Cigna otherwise denies the allegations in Paragraph 104.

105.     Cigna refers to the Court's Order, Dkt. No. 31, dismissing Count III with prejudice. To the extent that a response is required, Paragraph 105 asserts legal conclusions and thus no response is required; Cigna otherwise denies the allegations in Paragraph 105.

106.     Cigna refers to the Court's Order, Dkt. No. 31, dismissing Count III with prejudice. To the extent that a response is required, Paragraph 106 asserts legal conclusions and thus no response is required; Cigna otherwise denies the allegations in Paragraph 106.

107.     Cigna refers to the Court's Order, Dkt. No. 31, dismissing Count III with prejudice. To the extent that a response is required, Paragraph 107 asserts legal conclusions and thus no response is required; Cigna otherwise denies the allegations in Paragraph 107.

108.     Cigna refers to the Court's Order, Dkt. No. 31, dismissing Count III with prejudice. To the extent that a response is required, Paragraph 108 asserts legal conclusions and thus no response is required; Cigna otherwise denies the allegations in Paragraph 108.

## PRAYER FOR RELIEF

Cigna denies that Plaintiff or the putative classes are entitled to the relief sought in their Prayer for Relief in the Amended Complaint, or any other relief whatsoever.  Cigna further denies that class certification is appropriate in this matter.

## AFFIRMATIVE DEFENSES

Cigna, by its attorneys, hereby submits the following defenses to the Amended Complaint, without regard to which party may bear the burden of proof as to each defense.  Cigna expressly and specifically reserves the right to amend this Answer to add, delete, and/or modify defenses based upon legal theories, facts, and circumstances that may or will be divulged through discovery and/or further legal analysis of Plaintiff's position in this litigation.

16

Defense 1: The Amended Complaint fails to state a claim upon which relief may be granted. Cigna additionally refers to the Court's Order, Dkt. No. 31, which dismissed Counts II and III of the Amended Complaint (claims under ERISA § 502(a)(3) based on allegedly inadequate EOBs and alleged lack of full and fair review) with prejudice.

Defense 2: Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, by their lack of Article III standing to the extent they did not suffer injury from the conduct alleged in the Amended Complaint, including to the extent they did not suffer out-of-pocket losses from the alleged conduct.

Defense 3: Plaintiff's claims cannot be properly joined with the claims of any potential class members because Plaintiff's claims involve highly individualized facts and circumstances.

Defense 4: This action may not be maintained as a class action because one or more of the requirements for a class action are not met: (1) joinder of all members of the purported class is not impracticable; (2) there are no questions of fact or law common to all purported members of the class; (3) the claims asserted in the Complaint are not typical of the claims of the purported class; (4) the representative party and proposed class counsel will not fairly and adequately protect the interests of the purported class; (5) facts common to the purported class do not predominate over questions affecting only individual members; (6) a class action lawsuit is not superior to other methods for the fair and efficient adjudication of the matter; and (7) the proposed class action would not be manageable.

Defense 5: Plaintiff's alleged claims cannot be certified for class-wide adjudication under Federal Rule of Civil Procedure 23 to the extent that such adjudication would enlarge, modify, or abridge any substantive right placed at issue in this case, in violation of the Rules Enabling Act, 28 U.S.C. § 2072.

<u>Defense 6</u>:  Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent that Cigna is not liable by reason of its full compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the Amended Complaint, including ERISA.

<u>Defense 7</u>:  Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent they failed to exhaust their plans' administrative remedies and failed to avail themselves of the applicable claims and appeal procedures set forth in their plans.

<u>Defense 8</u>:  Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent those claims do not seek "appropriate equitable relief" under ERISA § 502(a)(3).

<u>Defense 9</u>:  Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, by the applicable statute of limitations or statute of repose, including, but not limited to, limitations periods under the terms of their plans, which upon information and belief independently limit the time period during which a plan participant may bring a claim for plan benefits and/or to assert plan rights.

<u>Defense 10</u>:  Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent Cigna was not acting as a fiduciary within the meaning of ERISA §3(21)(A) with respect to some or all of the purported misconduct alleged by Plaintiff.

<u>Defense 11</u>:  To the extent that Plaintiff's claims, and the claims of each putative class or subclass member, raise issues of plan design, amendment or termination, Cigna is immune from fiduciary liability under the settlor function doctrine.

<u>Defense</u> 12:  Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, because Cigna complied with the terms of their plans and governing plan documents.

<u>Defense</u> 13:  Cigna's determinations about Plaintiff's and the putative class or subclass members' health care services and Cigna's interpretation of the plans' terms are entitled to deference, and Cigna at all times acted within the scope of its discretion under the plans.

<u>Defense</u> 14:  Plaintiff's ERISA claims are barred because Cigna's determination of benefits under all of the circumstances was reasonable and was not arbitrary, capricious, unreasonable, or erroneous as a matter of law.

<u>Defense</u> 15:  Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent the members have not suffered any actual injury or damage.

<u>Defense</u> 16:  Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent they failed to mitigate any and all damages or losses claimed by them.

<u>Defense</u> 17:  If Plaintiff and/or the putative class or subclass members suffered harm as alleged in the Amended Complaint, which Cigna specifically denies, that harm is attributable in whole or in part to conduct of Plaintiff and/or other persons or entities other than Cigna.

<u>Defense</u> 18:  Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent any injury or damage they allegedly suffered has already been redressed.

<u>Defense</u> 19:  Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent they assigned their benefits to a provider or anyone else relating to the services at issue in this lawsuit.

Defense 20:  Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent any injury or damage they allegedly suffered was not proximately caused by Cigna.  Plaintiff's claims and the claims of the putative class members are also barred, in whole or in part, to the extent any injury or damage they allegedly suffered was proximately caused, in whole or in part, by persons and/or entities that are neither agents nor employees of Cigna, and no legal or factual basis exists for imposing liability upon Cigna for the acts or omissions of any such other persons and/or entities.

Defense 21:  Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent they relate to services and/or fees improperly billed, coded, or charged by medical providers or other third parties.

Defense 22:  Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent they seek to impose liability on Cigna based on actions by Cigna's agents or employees, to the extent those actions were unforeseeable and/or outside the course and scope of that person's or entity's agency or employment, and there are no facts to support any vicarious liability.

Defense 23:  Plaintiff's claims and the claims of the putative class members are barred, in whole or in part by the doctrine of set-off.

Defense 24:  Plaintiff's claims and the claims of the putative class members are barred, in whole or in part to the extent they were released in settlements or other agreements.

Defense 25:  There is no basis in law or fact for Plaintiff to recover attorneys' fees, costs, expenses, or interest associated with this litigation.

Defense 26:  Cigna is entitled to contest, in whole or in part, its liability for damages to any particular individual plaintiff, even if the representatives of the purported plaintiff class prevail on their claims, as a matter of constitutional right and substantive due process.

Defense 27:  Plaintiff may not maintain this lawsuit as a class action because the interests of the purported class members are in conflict with each other.

Defense 28:  Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent they are barred by the doctrine of res judicata and/or collateral estoppel.

Defense 29:  Plaintiff's claims and the claims of the putative class members are barred, in whole or in part, to the extent there are forum selection clauses and/or class action waiver clauses in the benefit plans of the putative class members that preclude plan members subject to those clauses from pursuing claims in this litigation.

Defense 30:  Plaintiff's claims are barred in whole or in part to the extent Plaintiff waived the right to assert them.

## RESERVATION OF RIGHTS

Cigna reserves the right to amend and/or supplement this Answer and these Affirmative Defenses as may be warranted by future discovery or investigation in this action and otherwise in the interests of justice.

## PRAYER FOR RELIEF

WHEREFORE, Cigna respectfully requests this Court enter judgment in Cigna's favor on all counts of the Amended Complaint, together with an award in Cigna's favor for its attorneys' fees, costs, and all such other legal and equitable relief as this Court deems just and proper.

Dated:   October 3, 2023                           Respectfully submitted,
New York, New York

By:   */s/  Dmitriy Tishyevich*
Joshua B. Simon
Warren Haskel
Dmitriy Tishyevich
Richard Diggs
**McDermott Will & Emery LLP**
One Vanderbilt Avenue
New York, New York 10017-3852
Tel: (212) 547-5400
Fax: (212) 547-5444

*Attorneys for Defendant Cigna Health and
Life Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2023, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send notice of the filing to counsel of record.

*/s/ Dmitriy Tishyevich*
Dmitriy Tishyevich
