EXECUTION VERSION

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

**THIS SETTLEMENT AGREEMENT** (the "Agreement") is made as of January 6, 2025, and entered into by Lead Plaintiff Jeremy Hockenstein (as defined below), on behalf of himself and all other Settlement Class Members (as defined below), by and through Plaintiff's Counsel (as defined below), and defendant Cigna (as defined below) (collectively, the "Parties").[1] The Parties intend this Agreement to resolve, discharge and settle the Released Claims (as defined below), fully, finally and forever according to the terms and conditions set forth below.

## <u>RECITALS</u>

WHEREAS, Lead Plaintiff filed a putative class action complaint, on behalf of himself and the putative classes, against Cigna in the U.S. District Court for the Southern District of New York, No.1:22-cv-04046-ER (S.D.N.Y.) on May 17, 2022 (the "*Hockenstein* Action");

WHEREAS, the putative class action complaint was amended on August 12, 2022;

WHEREAS, the First Amended Class Action Complaint is the operative complaint (the "Complaint") in the *Hockenstein* Action;

WHEREAS, Lead Plaintiff alleged in the Complaint, *inter alia*, that Cigna violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, by not properly approving for reimbursement certain member claims for out-of-network COVID-19 lab tests;

WHEREAS, Lead Plaintiff sought relief pursuant to ERISA §§ 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)) and 502(a)(3) (29 U.S.C. § 1132(a)(3));

WHEREAS, Cigna Health and Life Insurance Company denies the material allegations in the Complaint, denies that it engaged in any wrongdoing whatsoever, and denies that Lead Plaintiff

---

[1] Unless indicated otherwise, capitalized terms used herein shall have the meaning in Section 1, titled "Defined Terms."

and putative class members are entitled to the benefits, declaratory relief, injunctive relief, and all other remedies that they seek;

WHEREAS, the Parties have concluded that settlement of the claims brought by Lead Plaintiff on behalf of the Settlement Class (as defined below) is appropriate;

WHEREAS, the Parties have engaged in settlement discussions, and as a result of these discussions have agreed to seek a classwide settlement to resolve the Complaint's claims, as stated below.

## TERMS OF THE AGREEMENT OF SETTLEMENT

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among Lead Plaintiff for himself and the Settlement Class Members, and Cigna Health and Life Insurance Company, by and through their counsel or attorneys of record that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Settlement Class and the Released Claims shall be finally and fully compromised, settled, and released, and the *Hockenstein* Action (as defined below) shall be dismissed with prejudice as to all Parties upon and subject to the terms and conditions of this Agreement, as follows:

## DEFINITIONS

**1. Defined Terms.**

    1.1.    "Agreement" means this Settlement Agreement, inclusive of exhibits.

    1.2.    "Attorneys' Fees" means the attorneys' fees and expenses that may be awarded by the Court to the Plaintiff's Counsel for representation of Lead Plaintiff and the Settlement Class.

    1.3.    "Authorized Claimant" means any Settlement Class Member whose entitlement to recovery has been allowed pursuant to the terms of this Agreement.

1.4.    "Cigna" means defendant Cigna Health and Life Insurance Company, and each of its parent companies, subsidiaries, affiliates, officers, directors, employees, and agents.

1.5.    "Court" means the U.S. District Court for the Southern District of New York.

1.6.    "Effective Date" means the date upon which the settlement embodied in this Agreement becomes effective, meaning the date on which the Judgment approving this Agreement and dismissing this Action with prejudice becomes Final as a matter of law.

1.7.    "Escrow Account" means the escrow account in which Cigna shall pay the Settlement Amount as defined in ¶1.27.

1.8.    "Final" means when the last of the following with respect to the Judgment approving this Agreement and dismissing this Action shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) the expiration of the time for the filing or noticing of any appeal from the Judgment without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, immediately after the final determination of that motion or appeal such that no further judicial review or appeal is permitted, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the Settlement, substantially in accordance with the terms and conditions of this Agreement.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of this Settlement.  Any appeal or proceeding seeking subsequent judicial review pertaining solely to (i) Attorneys' Fees or any Incentive Award, (ii) the Plan of Allocation (as submitted or subsequently modified), or (iii) the procedures for determining Authorized

Claimants' recognized claims shall not in any way delay, affect, or preclude the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.9.    "Final Approval Date" means the date on which the Court issues the Final Order and Judgment.

1.10.    "Final Approval Hearing" means the hearing during which the Court will determine whether to enter the Final Order and Judgment.

1.11.    "Final Order and Judgment" or "Judgment" means the order and form of judgment approving this Agreement and dismissing the *Hockenstein* Action with prejudice.

1.12.    "Lead Plaintiff" or "Lead Plaintiff Hockenstein" means Jeremy Hockenstein, the named plaintiff in the Complaint in the *Hockenstein* Action.

1.13.    "Notice and Administration Expenses" means amounts duly owed to the Settlement Administrator for the performance of its role hereunder.

1.14.    "Notice Date" means the date notice of this action is mailed to Settlement Class Members as set forth in ¶5.1.

1.15.    "Person" or "Persons" means all persons and entities (including, without limitation natural persons, firms, corporations, limited liability companies, joint ventures, joint stock companies, unincorporated organizations, agencies, bodies, governments, political subdivisions, governmental agencies and authorities, associations, partnerships, limited liability partnerships, trusts, and their predecessors, successors, administrators, executors, heirs and assigns).

1.16.    "Plaintiff's Counsel" means Gabriel Posner and/or Posner Law PLLC.

1.17.    "Plan(s)" means an employee welfare benefit plan established and maintained under ERISA insured by and/or for which Cigna administered claims for benefits for all or part of the Class Period.

4

1.18.    "Plan Member" means an individual who was or is covered by or entitled to receive benefits pursuant to a Plan.

1.19.    "Plan of Allocation" means the plan or formula of allocation of settlement funds in the Total Settlement Fund to Settlement Class Members described in section 7.1 below.

1.20.    "Preliminary Approval Order" means a preliminary approval order *inter alia*, certifying the Settlement Class for settlement purposes only, preliminarily approving the terms and conditions of this Agreement, scheduling a Final Approval Hearing concerning the final approval of the Settlement, and directing that notice of the proposed Settlement and Final Approval Hearing be provided to the Settlement Class.

1.21.    "Released Claims" means any and all claims, including any and all claims, rights, and liabilities of any nature, including, but not limited to, actions, claims, demands, causes of action, obligations, damages, debts, charges, attorneys' fees, costs, arbitrations, forfeitures, judgments, indebtedness, liens and losses of any kind, source or character whether arising out of federal or state law, whether known, suspected to exist or unknown, whether asserted or unasserted, whether asserted by any Releasing Party either on its own behalf or on behalf of any other Person, whether in contract, express or implied, tort, at law or in equity or arising under or by virtue of any statute or regulation, by reason of, arising out of or relating to the payment of claims by the Released Parties for COVID-19 testing claims, and includes all causes of actions that were brought in the *Hockenstein* Action, and all such claims that could have been brought in the *Hockenstein* Action or against any of the Released Parties.  Released Claims does not include claims to enforce the Settlement.  Released Claims includes the "Unknown Claims" as defined in ¶1.33.

1.22.    "Released Parties" means (i) Cigna and any of its former, present, and future assigns, predecessors, successors, affiliates, parent companies, subsidiaries, controller companies,

EXECUTION VERSION

employees, officers, directors, principals, and agents; and (ii) any Plan and any of its former, present, and future assigns, predecessors, successors, affiliates, parent companies, subsidiaries, controller companies, employees, officers, directors, principals, and agents.

1.23.    "Releasing Parties" means Lead Plaintiff, and all Settlement Class Members who do not Opt Out of this Agreement pursuant to ¶8.1, including their respective current and former officers, directors, employees, attorneys, heirs, executors, administrators, agents, legal representatives, professional corporations, partnerships, members, assigns, and successors, but only to the extent their claims are derived from the claims of the Plaintiff and related to COVID-19 testing rendered to Plan Members. For the avoidance of doubt, "Releasing Parties" includes Plan Members who paid for their COVID-19 tests rendered to them as described in the *Hockenstein* Action, but does not include Plans, plan sponsors, or fiduciaries except to the extent any such entity brings claims on a Plan Member's behalf.

1.24.    "Incentive Award" means any incentive award payment provided to Lead Plaintiff as awarded by the Court, not to exceed $10,000.

1.25.    "Settlement" means the resolution of the Lead Plaintiff's and the Settlement Class's claims in the *Hockenstein* Action in accordance with the terms and provisions of this Agreement.

1.26.    "Settlement Administrator" means the entity appointed by the Court to perform the settlement administration duties described in this Agreement, including the dissemination of Notice and payment to Settlement Class Members. The Settlement Administrator shall also serve as the Escrow Agent for the Settlement Amount, as that term is used in ¶3.2 herein and throughout this Agreement. The Parties shall propose and recommend to the Court that Angeion Group, LLC serve as Settlement Administrator.

1.27.    "Settlement Amount" is two million nine hundred and eight thousand six hundred and eighty-three dollars ($2,908,683).

1.28.    "Settlement Class" means, collectively, all Persons enrolled in a Plan who received, or whose dependents enrolled in a Plan received, COVID-19 testing services on or after March 27, 2020 and prior to September 1, 2023, and who submitted a claim to their respective Plans for reimbursement, and whose claim(s) for such services were allowed at less than the amount that their provider billed for such COVID-19 testing services.   Excluded from the Settlement Class are: (1) any of Cigna's officers or directors; (2) the judicial officers to whom this case is assigned and any members of their staffs and immediate families; (3) any heirs, assigns, or successors of any of the persons or entities described in this paragraph; and (4) anyone who opts out of the Settlement pursuant to ¶8.1 below.

1.29.    "Settlement Class Member" means a Person who is a member of the Settlement Class.

1.30.    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.31.    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

1.32.    "Total Settlement Fund" means the Settlement Amount plus all interest and accretions thereto earned after being deposited to the Escrow Account controlled by the Escrow Agent.

1.33.    "Unknown Claims" means any and all Released Claims which Plaintiffs, Plaintiff's Counsel, or any Settlement Class Members do not know or suspect to exist in his or her

favor at the time of the release of the Released Parties which, if known by him or her, might have affected his or her settlement with and release of the Released Parties or might have affected his or her decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or to the release of the Released Parties.  With respect to any and all Released Claims, each of the Releasing Parties agree that they shall expressly waive and shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiff and Plaintiff's Counsel shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542.  The Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the Released Claims, but the Parties shall expressly settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Parties

EXECUTION VERSION

acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential term of the Settlement of which this release is a part.

1.34.   "Class Period" means on or after March 27, 2020 and prior to September 1, 2023.

1.35.   "Settlement Website" means the website established by the Settlement Administrator pursuant to paragraph 5.2(c) below.

## TERMS

2.1.   Filing Motion for Preliminary Approval of Settlement.

(a)    Within fourteen (14) days of execution of this Agreement, Lead Plaintiff will file a motion for preliminary approval of the Settlement as set forth in ¶5.1 herein, and seek the Court's approval that this Settlement will resolve all claims brought by Lead Plaintiff and the Settlement Class.  Lead Plaintiff shall provide a draft of such motion for preliminary approval and supporting papers to counsel for Cigna in advance of filing and provide reasonable opportunity for review and comment.

2.2.   The Settlement Payment.

(a)    In full and final settlement of the claims asserted by Lead Plaintiff and the Settlement Class in the *Hockenstein* Action against Cigna and in consideration of the releases specified in ¶6.1 herein, Cigna agrees to pay the Settlement Amount as set forth in ¶1.27. For avoidance of doubt, other than the class representative incentive fee of up to $10,000 to be paid to Lead Plaintiff in accordance with ¶ 7.2(b) and the Settlement Amount as set forth in ¶ 1.27, Cigna will not contribute any additional monies toward the settlement.

2.3.   Payment of the Settlement Amount into the Escrow Account.

(a)     The Settlement Administrator shall provide Cigna with wire payee instructions for the Escrow Account no later than seven (7) days after entry of the Preliminary Approval Order as defined in ¶1.20 herein.  On or before twenty-one (21) days after the entry of the Preliminary Approval Order as defined in ¶1.20 herein, Cigna shall cause two million nine hundred and eight thousand six hundred and eighty-three dollars ($2,908,683) to be delivered to the Escrow Account.  The Escrow Account with the Settlement Amount shall be treated as a payment to a Qualified or Designated Settlement Fund under I.R.C. § 468B and the regulations or proposed regulations promulgated thereunder (including, without limitation, Treasury Reg. § 1.468B-1-5 or any successor regulation).

(b)     Attorneys' Fees as defined hereunder, and any similar fees and expenses awarded or costs paid to Plaintiff's Counsel and Lead Plaintiff (other than any Incentive Award, not to exceed $10,000) in this matter pursuant to ¶9.1 shall be paid exclusively out of the Total Settlement Fund before the Total Settlement Fund is used to pay Settlement Class Members.  Further, all Notice and Administration Expenses, including all fees and costs of the Settlement Administrator, shall be paid exclusively out of the Total Settlement Fund before the Total Settlement Fund is used to pay the Settlement Class Members.  Other than as deducted from the Settlement Amount, in no event shall Cigna bear any responsibility for any fees, payments, costs or expenses tied to administering the Total Settlement Fund.

(c)     Other than the obligation to pay or cause to be paid the Settlement Amount into the Escrow Account and any Incentive Award to Lead Plaintiff as may be ordered by the Court, Cigna shall have no obligation to make any additional payments pursuant to this Agreement, and shall have no responsibility, obligation, or liability with respect to the Escrow Account or the monies maintained therein.

3.1.    The Settlement Administrator.

(a)    The Settlement Administrator, in its capacity as Escrow Agent, shall invest the Settlement Amount deposited pursuant to ¶2.3(a) hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All costs and risks related to the investment of the Total Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Total Settlement Fund, and the Parties hereto and Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

3.2.    The Escrow Agent.

(a)    The Escrow Agent shall not disburse the Total Settlement Fund except as provided in this Agreement, by an order of the Court, or with the prior written agreement of Cigna's counsel.

(b)    Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Agreement, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Agreement. The Parties hereto and Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

(c)    All funds held by the Escrow Agent shall be deemed and considered to be in the legal custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

**EXECUTION VERSION**

3.3.    <u>Payment for Notice Plan from the Total Settlement Fund</u>.

(a)    Notwithstanding the fact that the Effective Date of the Settlement has not occurred, the Settlement Administrator may be paid from the Total Settlement Fund, without further approval and/or order of the Court, its reasonable and documented costs and expenses in connection with providing notice of this Settlement to the Settlement Class by mail and other means, locating Settlement Class Members, assisting with the submission of the claims, administering the Settlement, and other Notice and Administration Expenses. The Parties hereto and Released Parties shall have no responsibility for or liability whatsoever with respect to the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto.

4.1.    <u>Tax Implications</u>.

(a)    The Parties and the Escrow Agent agree to treat the Escrow Account, including the Total Settlement Fund as being at all times a "qualified settlement fund[s]" within the meaning of Treas. Reg. § 1.468B-1. The Parties and the Escrow Agent further agree that the Total Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treas. Reg. § 1.468B-1(c)(1). In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶4, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas.

Reg. § 1.468B-2(k)(3)) shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Total Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)). Such returns (as well as the elections described in ¶4.1 hereof) shall be consistent with this ¶4 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Total Settlement Fund shall be paid out of those funds respectively as provided in ¶4.2 hereof.

      4.2.   <u>Taxes on Income Earned</u>.

      (a)   All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Total Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Parties or their counsel with respect to any income earned by the Total Settlement Fund for any period, after the payment of the Settlement Amount, during which the Total Settlement Fund does not qualify as a "qualified settlement fund[s]" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶4 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶4) ("Tax Expenses") shall be paid out of the Total Settlement Fund; in all events, the Released Parties and their counsel shall have no liability or responsibility whatsoever for the Taxes or the Tax Expenses. The Escrow Agent, through the Total Settlement Fund, shall indemnify and hold each of the Released Parties and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Tax Expenses shall be treated as, and considered to be, a cost of administration of the Total Settlement Fund and shall be timely paid by the Escrow Agent out of the Total Settlement Fund without prior order from the Court, and the Escrow Agent shall be

**EXECUTION VERSION**

authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)); neither the Released Parties nor their counsel are responsible nor shall they have any liability for any Tax Expenses. The Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶4.

      5.1.   The Preliminary Approval Order.

        (a)     Plaintiff's Counsel shall submit this Agreement together with its Exhibits to the Court and shall apply for entry of the Preliminary Approval Order, substantially in the form of **Exhibit A** attached hereto, requesting the Court's preliminary approval of the Agreement, conditional certification of the Settlement Class, appointment of Plaintiff's Counsel, approval of the short form and long form notices substantially in the form of **Exhibits B and C** attached hereto (together, "Notice"), and entry of the Preliminary Approval Order staying any activities in the *Hockenstein* Action, except for activities related to the approval of this Settlement. Cigna shall not oppose Plaintiff's Counsel's application to the Court for entry of the Preliminary Approval Order. Until the Preliminary Approval Order is entered, the Parties, respectively, covenant and agree that they will not pursue any litigation proceedings against any other Party with respect to the Released Claims; and the Parties, respectively, shall not in any way subsequently argue that any other Party has failed to comply with its litigation obligations in any respect by reason of the suspension of litigation following the execution of this Agreement.

      5.2.   Notice Plan.

        (a)     Within fourteen (14) calendar days of the date of entry of the Preliminary Approval Order, Cigna will provide to the Settlement Administrator, consistent with

**EXECUTION VERSION**

HIPAA and other applicable privacy restrictions, information from its claims reporting system that it reasonably and in good faith believes is sufficient to identify the Settlement Class Members including each Settlement Class Member's full name, last known address, and such other reasonably accessible identifying information as may be necessary to effectuate notice contemplated hereunder ("Class List").

(b)       Within 35 days after entry of the Preliminary Approval Order, the Settlement Administrator shall mail, via U.S. Mail postage pre-paid, to each Settlement Class Member a short form notice as in the form of **Exhibit B** hereto.  The Settlement Administrator shall use customary tools to verify the mailing addresses of Settlement Class Members and to further research the current addresses of any Settlement Class Members whose notice is returned as undeliverable.

(c)       The Settlement Administrator shall also establish a Settlement website which shall be named "covid-class-action-settlement.com," subject to availability, and will include basic information about the Settlement and Settlement Class Members' rights and options, and shall make basic documents from the *Hockenstein* Action available for download, including the Complaint, this Settlement Agreement, and the long form notice in the form attached hereto as **Exhibit C**.

(d)       No later than 30 days prior to the Final Approval Hearing, the Settlement Administrator shall certify to the Parties its adherence to the notice plan set forth herein. The Settlement Administrator shall provide to the Parties or either of them upon reasonable request such information as may be relevant to oversee and monitor the notice plan set forth herein, and/or to support any motion before the Court for approval of the Settlement Agreement.

(e)       Settlement Class Members shall have no recourse as to the Released Parties with respect to any claims they may have that arise from the failure of the notice process.

Docusign Envelope ID: 2D97ADEE-85B5-44FA-9E7B-551A3107A34C
Case 1:22-cv-04046-ER    Document 38-2    Filed 01/29/25    Page 16 of 71

EXECUTION VERSION

5.3.    <u>Application for Entry of Final Order and Judgment</u>.

(a)    After notice is given and Settlement Class Members have had an opportunity to submit written objections or opt out of the Settlement Agreement, Plaintiff's Counsel shall apply for entry of the Final Order and Judgment in the form substantially the same as attached hereto as **Exhibit D**.  Cigna shall not oppose such request.  Plaintiff's Counsel shall request that a Final Approval Hearing be held not earlier than one hundred (100) calendar days after the appropriate federal official and the appropriate State officials are sent notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, et seq. ("CAFA") as set forth in ¶5.4 below.  In requesting final approval of this Settlement Agreement, Plaintiff's Counsel also will further request that the Court approve the proposed Plan of Allocation, payment of Notice and Administration Expenses out of the Total Settlement Fund, and the Fee Application as defined in ¶9.1.

5.4.    <u>CAFA Notice</u>.

(a)    Cigna, via the Settlement Administrator, shall, no later than ten (10) calendar days following the filing of this Agreement with the Court, serve upon the appropriate State official of each State in which a Settlement Class Member resides and the Attorney General of the United States a notice of the proposed Settlement in compliance with the requirements of CAFA, 28 U.S.C. § 1715. All CAFA notice fees shall be included within Notice and Administration Expenses and shall be paid from the Total Settlement Fund.

5.5.    <u>Conditional Certification and Provisional Designations</u>.

(a)    The Parties only agree to the conditional certification of the Settlement Class, the provisional designation of Plaintiff's Counsel, or the provisional designation of Lead Plaintiff as representatives of the Settlement Class for the purpose of effectuating this Agreement.  If this Agreement is terminated pursuant to its terms, or if the Effective Date does not

occur for any reason, then the conditional certification of the Settlement Class and the provisional designation of Lead Plaintiff and Plaintiff's Counsel shall be automatically vacated, and the *Hockenstein* Action shall proceed as though the Settlement Class had never been conditionally certified and as though the provisional designations of Lead Plaintiff and Plaintiff's Counsel had not been made, without prejudice to Lead Plaintiff's right to file a motion to certify a class or classes and to seek appointment of class representatives and Plaintiff's Counsel, and without prejudice to Cigna's right to assert any and all defenses to class certification and to Plaintiffs' claims, including, but not limited to, the propriety of a class or classes and/or the substantive allegations asserted by Lead Plaintiff and the putative class or classes.  This provision survives termination of this Agreement.

      6.1.   <u>Discharge of Released Claims</u>.

      (a)   Upon the Effective Date, for good and valuable consideration received from Cigna, the receipt and sufficiency of which are hereby acknowledged, Lead Plaintiff and all Settlement Class Members who do not Opt Out of this Agreement pursuant to ¶8.1, including their respective current and former heirs, executors, assigns, and successors, but only to the extent their claims are derived from the claims of the Releasing Parties, shall forever unconditionally, fully, and finally release, remise, relinquish, compromise, and discharge all Released Claims against any of the Released Parties, and will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Parties.

      (b)   Lead Plaintiff (i) represents and warrants that he has not provided an assignment for any Released Claims, or (ii) to the extent permitted by law, hereby revokes any such assignment of any Released Claim provided prior to the execution of this Agreement.

(c)     Lead Plaintiff agrees and covenants not to sue or cooperate in the filing or prosecution of any suit or proceeding, in any forum based upon or related to any Released Claims against any Released Party.

6.2.    <u>Enforcing Provisions of this Agreement</u>.

(a)     Notwithstanding any other provision of this Agreement, nothing in this Agreement shall limit or preclude the Releasing Parties' rights to enforce any provision of this Agreement.  Insofar as the Action is not already dismissed, the Releasing Parties shall apply to the Court to dismiss with prejudice the *Hockenstein* Action within five (5) business days of the Effective Date.  It is the Parties' intention that such dismissal shall constitute a final Judgment of the Releasing Parties' claims against the Released Parties on the merits to which the principles of res judicata shall apply to the fullest extent of the law as to the Released Parties.

6.3.    <u>Actions Inconsistent with this Agreement</u>.

(a)     The Parties agree that Cigna shall suffer irreparable harm if Lead Plaintiff takes action inconsistent with ¶6.1 and that in that event Cigna may seek an injunction from the Court as to such action without a further showing of irreparable harm and without the need to post any bond (or, if a bond is required by controlling law, without the need to post anything more than a nominal bond).

7.1.    <u>Settlement Administrator Shall Calculate Claims and Administer Distributions to Class members</u>.

(a)     The Settlement Administrator shall administer and calculate any claims submitted by Settlement Class Members and shall oversee distribution of the Total Settlement Fund to Authorized Claimants, all in accordance with and pursuant to the Plan of Allocation set forth herein.

(b)      Cigna has maintained records of Settlement Class Member Covid-19 claims data including "Billed Charges" and "Allowed" amounts pertaining to each Settlement Class Member for Class Period Covid-19 tests ("Class Claims Data").  The terms Billed Charges and Allowed amounts as used in this section shall have the meanings and values ascribed to those terms in the Class Claims Data.  Cigna represents and warrants that the Class Claims Data produced in this Action to Plaintiffs' counsel on or about March 8, 2024, accurately and truthfully represents an extract of the Class Claims Data in its possession.

(c)      The Claim Difference for each Settlement Class Member shall be equal to the difference between:

> the Billed Charges to such Settlement Class Member for each Class Period Covid-19 test as set forth in Cigna's Class Claims Data, up to a maximum of $500 per test or in excess thereof for which a Claim Form and supporting Adequate Documentation (each as defined immediately below) showing actual payment by such Settlement Class Member is supplied,

> *minus*

> the Allowed amount for each such Covid-19 test as set forth in Cigna's Class Claims Data.

The Pro Rata Percentage is the number which, when multiplied by the sum of all Claim Differences for all Settlement Class Members, equals the Settlement Amount.

The Gross Pro Rata Share of each Settlement Class Member shall be equal to such Settlement Class Member's Claim Difference, multiplied by the Pro Rata Percentage.

As used in this section, Claim Form means a completed and legible claim on the form attached hereto as **Exhibit E**, or an online version thereof requiring the same information and accessible *via* the Settlement Website.  As used in this section, Adequate Documentation means a receipt or similar record from the healthcare service provider or its billing handler, and/or a record

from a bank, credit or debit card, or other commonly used payment platform, which shows the following information:

(i) the service provider of the Covid-19 test;

(ii) the service provided and date of service;

(iii) the amount billed by the service provider for the Covid-19 test; and

(iv) proof of actual payment for the Covid-19 test.

Adequate Documentation must not contradict Class Claims Data provided by Cigna to the Settlement Administrator, and must not contradict the Claim Form submitted by the Settlement Class member.

(d) Settlement Class Members who seek payment for any Class Period Covid-19 tests billed in excess of $500 must comply with all relevant instructions in the Notice and Claim Form, and must timely submit a Claim Form and Adequate Documentation either: (i) by mail, by submitting a legible completed paper Claim Form, personally signed by the Settlement Class Member, together with Adequate Documentation, addressed to the Settlement Administrator postmarked no later than 30 days prior to the Final Approval Hearing; or (ii) on the Settlement Website, by completing the online Claim Form and uploading Adequate Documentation, no later than 30 days prior to the Final Approval Hearing.

(e) The Settlement Administrator shall, in accordance with the requirements and provisions of this Settlement Agreement, review, evaluate, and approve or deny each claim and supporting documentation submitted by Settlement Class Members for payment for Covid-19 tests billed in excess of $500. The Settlement Administrator shall deny all such claims which, in the exercise of its reasonable discretion: do not comply with the requirements of this Settlement Agreement or the instructions in the Notice; consist of an incomplete Claim Form; lack Adequate Documentation supporting such claim; are inconsistent with or contradicted by

EXECUTION VERSION

Class Claims Data provided by Cigna; or which it determines are fraudulent or falsified in any manner whatsoever.

(f)     Settlement Class Members may not assign their right to any other person to seek payment for Covid-19 tests billed in excess of $500. Any such assigned claims will not be valid and will not be honored, and any request for payment on such assigned claims will be denied to both the assignor and assignee.

(g)     The Net Pro Rata Share of each Settlement Class Member shall equal the Gross Pro Rata Share *minus* a deduction, in equal percentage for each Settlement Class Member's Gross Pro Rata Share, such that the aggregated value of all such deductions taken from the Gross Pro Rata Share of all Settlement Class Members shall be equal to the amount necessary and sufficient to cover any court awarded Attorneys' Fees, Notice and Administration Expenses, Tax Expenses, and other payments out of the Total Settlement Fund as required under this Settlement Agreement and approved by the Court.

(h)     The Settlement Administrator shall calculate Settlement Class Members' Gross Pro Rata Share and Net Pro Rata Share in accordance with the terms hereof and applicable orders of the Court. Cigna shall provide to the Settlement Administrator, consistent with HIPAA and other applicable privacy restrictions, sufficient Class Claims Data for the Settlement Administrator to perform its obligations hereunder.

7.2.    <u>The Total Settlement Fund Shall Be Applied as Follows</u>:

(a)     to pay the Notice and Administration Expenses;

(b)     to pay any Attorneys' Fees, as approved by the Court;

(c)     to pay Tax Expenses;

(d)     after the Effective Date, to distribute the funds to Settlement Class Members as allowed by this Agreement, the Plan of Allocation, or the Court.

7.3.    <u>Timing for Distribution of Settlement Fund</u>.

(a)    Within 21 days of the Effective Date, and in accordance with the terms of this Agreement, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Settlement Administrator shall cause to be distributed to Settlement Class Members their respective Net Pro Rata Share payments from the Total Settlement Fund, subject to and in accordance with this Agreement. Each claimant shall have 90 days from issuance of payment by the Escrow Agent to cash any physical check, with any unclaimed or uncashed payments to be distributed pursuant to ¶7.7.

7.4.    <u>Submission to Jurisdiction of the Court</u>.

(a)    Each claimant who declines to Opt Out from the Settlement Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including, but not limited to, all releases provided for herein and in the Judgment.

7.5.    <u>Liability of Released Parties Concerning Distribution of Settlement Fund</u>.

(a)    The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Total Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claim of any kind against the Released Parties or counsel for Cigna with respect to the matters set forth in ¶7 hereof; and the Settlement Class Members, and Plaintiff's Counsel release the Released Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Total Settlement Fund.

(b)    No Person shall have any claim against Cigna or the Released Parties, Cigna's counsel, Plaintiff, Plaintiff's Counsel, or the Settlement Administrator, or any other Person designated by Plaintiff's Counsel based on determinations or distributions made

substantially in accordance with this Agreement and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

7.6.    <u>Plan of Allocation Not Part of this Agreement for Certain Purposes</u>.

(a)    It is understood and agreed by the Parties that any dispute, order, or proceeding relating solely to the interpretation or implementation of the Plan of Allocation or any adjustments to an Authorized Claimant's claim set forth therein, shall not operate to terminate or cancel this Agreement or affect the finality of the Court's Judgment approving this Agreement and the Settlement set forth herein, or any other orders entered pursuant to the Agreement.

7.7.    <u>Exhaustion of Total Settlement Fund</u>.

(a)    In the event that the Total Settlement Fund is not exhausted after all claims have been distributed pursuant to ¶7.2 within 180 days of the Effective Date because any Settlement Class Member who received a check did not cash it or because of other unmade payments, the Settlement Administrator shall determine the amount of funds remaining in the Total Settlement Fund, including interest earned but excluding taxes owed ("Cy Pres Funds"). The Settlement Administrator shall provide written notice of the amount of Cy Pres Funds to Plaintiff's Counsel and Cigna's counsel, and no later than twenty (20) calendar days after providing such written notice, the Settlement Administrator shall cause all Cy Pres Funds to be charitably contributed to Health Leads, P.O. Box 961630, Boston, MA 02196, or, in the absence of Court approval thereof, to a charitable organization mutually agreed to by Plaintiff's Counsel and Cigna following good-faith discussion. For the avoidance of doubt, Cy Pres Funds will not be re-distributed to Settlement Class Members.

8.1.    <u>Right to Opt Out of Settlement Agreement</u>.

(a)    Putative Settlement Class Members shall have the right to exclude themselves or "Opt Out" from this Settlement and from the Settlement Class by timely submitting,

either via the Settlement Website online or via first class mail, a written and legible request to Opt Out in accordance with the Opt Out procedure set forth herein, approved by the Court, and outlined in the Notice. The Parties will request that the Court set the deadline for requesting exclusion from the Settlement Class to be submitted online via the Settlement Website or postmarked no later than thirty (30) calendar days prior to the Final Approval Hearing. To be valid, the proposed Settlement Class Member's opt-out request must contain the proposed Settlement Class Member's name, original signature, current postal address, and current telephone number, and a statement that the proposed Settlement Class Member wants to be excluded from the Settlement. To be valid, a request to Opt Out must not purport to be made on behalf of a group, aggregate, or class involving more than one Settlement Class Member. The Settlement Administrator shall exercise its reasonable discretion in reviewing opt-put requests for compliance with the requirements of this paragraph. Requests for exclusions that do not comply with the requirements in this provision will not be valid. Persons who properly request to Opt Out shall be excluded from this Settlement and from the Settlement Class. The Settlement Administrator shall, upon reasonable request, furnish the Parties with a complete list of all proper Opt Out requests. Any Person who does not properly request to Opt Out who would otherwise be considered a Settlement Class Member shall be deemed a Settlement Class Member and shall be bound by the terms of this Agreement and the Final Order and Judgment.

    8.2.   <u>Objection to Settlement Agreement</u>.

    (a)   Settlement Class Members shall have until thirty (30) calendar days prior to the Final Approval Hearing to submit, in the manner and timeframe specified in the Notice and in accordance with the terms of this Agreement, any written objection or other response to this Agreement. All objections must comply with the requirements for objections set forth in Rule 23 of the Federal Rules of Civil Procedure, in addition to the provisions set forth herein.

(b)        All objections must contain: (a) the objecting Settlement Class Member's name, address, telephone number, and email; (b) the objecting class member's Notice ID and confirmation code; (c) the name of this Litigation and the case number; (d) a statement of each objection; and (e) a written statement explaining with specificity  the grounds for each objection, including any legal and factual support that the objecting Settlement Class Member wishes to bring to the Court's attention and any evidence the objecting Settlement Class Member wishes to introduce in support of the objection.

(c)        If the Settlement Class Member's objection is submitted through an attorney, the objection must contain, in addition to the information set forth above, the identity and number of the Settlement Class Members represented by objector's counsel.  If an objector is represented by counsel and will ask to be awarded attorneys' fees or expenses from a source other than such attorney's client, that counsel must file with the Court and serve on all Counsel, in addition to the documents described hereunder, not later than 30 days before the Final Approval Hearing, a document containing the following information: (a) a description of the attorney's legal background and prior experience in connection with class action litigation, including all the previous cases in which the attorney has represented an objector to a class action settlement; (b) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (c) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (d) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (e) the attorney's hourly rate.

(d)        No person who requests to be excluded from the Settlement may object.  In the event a person requests both to be excluded from the Settlement and to object, the request to be excluded shall prevail and the purported objection shall be disregarded.

8.3.    Appearing at the Final Approval Hearing

(a)    All Settlement Class Members may request to appear and be heard at the Final Approval Hearing by following the instructions in the class Notice, including sending a letter to the Court or Settlement Administrator, post marked at least 30 days prior to the Final Approval Hearing, which states it is a "Notice of Intention to Appear at the *Hockenstein v. Cigna* Approval Hearing," and including the case number for this action, and the Settlement Class Member's name, address, telephone number, email, and signature.

9.1.    Payment of Attorneys' Fees and Other Costs.

(a)    Plaintiff's Counsel may submit an application or applications to the Court (the "Fee Application") for: (a) an award from the Total Settlement Fund of Attorneys' Fees in connection with prosecuting the *Hockenstein* Action, not to exceed a combined total of 25% of the Settlement Amount, to be paid from the Total Settlement Fund and (b) an incentive award to Lead Plaintiff from Cigna not to exceed $10,000 ("Incentive Award").  Cigna shall not oppose Plaintiff's application for an Incentive Award or Plaintiff's Counsel's Fee Application.

(b)    Any Attorneys' Fees awarded by the Court shall be paid to Plaintiff's Counsel from the Total Settlement Fund within 21 days of the Effective Date.  Any Incentive Award awarded by the Court to Named Plaintiff shall be paid by Cigna within 21 days of the Effective Date.

(c)    In the event that the Effective Date does not occur, or the Judgment or the order Attorneys' Fees or Incentive Award is reversed or modified, or this Agreement is canceled or terminated for any other reason before the Final Approval Date, and such reversal, modification, cancellation or termination becomes Final and not subject to review, and in the event that any Attorneys' Fees or any Incentive Award, or similar awards or payments, has been paid to any extent, then Plaintiff's Counsel, and Lead Plaintiff, within ten (10) business days from

receiving notice of reversal or modification from a court of appropriate jurisdiction, or from Cigna's counsel, shall refund to Cigna any Incentive Award and shall refund to the Total Settlement Fund all such fees and expenses previously paid to them from the Total Settlement Fund plus interest thereon at the same rate as earned on the Total Settlement Fund in an amount consistent with such reversal, modification, cancellation or termination. Any refunds required pursuant to this ¶9.1 shall be the joint and several obligation of Plaintiff's Counsel and Lead Plaintiff that received fees or expenses to make appropriate refunds or repayments to the Total Settlement Fund or, with respect any Incentive Award, to Cigna. Plaintiff's Counsel and Lead Plaintiff, as a condition of receiving such fees and expenses, agrees to be subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph. Cigna reserves the right to make applications to the Court to summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should such law firms or their partners, shareholders, members, or Plaintiffs fail to timely repay fees and expenses pursuant to this paragraph.

(d)    The procedure for and the allowance or disallowance by the Court of any applications by any Plaintiff's Counsel for Attorneys' Fees to be paid out of the Total Settlement Fund, or any Incentive Award to named Plaintiff, is not part of the Settlement set forth in this Agreement and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Agreement, and any order or proceeding relating to the Fee Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the Judgment approving this Agreement and the Settlement of the *Hockenstein* Action set forth therein.

(e)      Any fees and/or expenses awarded by the Court shall be paid solely from the Total Settlement Fund, other than any Incentive Award to Lead Plaintiff Hockenstein, which shall not exceed $10,000.  With the sole exception of Cigna's obligation to pay or cause the Settlement Amount to be paid to the Escrow Account as provided for in ¶2.3(a), Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of Attorneys' Fees (including Taxes) to Plaintiff's Counsel, or any other counsel or Person who receives payment from the Total Settlement Fund.

9.2.    <u>Liability of Released Parties Concerning Payment of Fees or Costs</u>.

(a)      Released Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiff's Counsel and/or any other Person who may assert some claim thereto of any of the Attorney's Fees or Incentive Award that the Court may award or order in the *Hockenstein* Action.

(b)      The Released Parties shall have no responsibility for, and no liability whatsoever with respect to the Attorneys' Fees (including Taxes) incurred by or on behalf of any Settlement Class Member, whether or not paid from the Escrow Account.

10.1.   <u>The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events</u>:

(a)      the Court has entered the Preliminary Approval Order;

(b)      Cigna has paid the Settlement Amount;

(c)      Cigna has not exercised its option to terminate the Agreement pursuant to ¶10.3 hereof;

(d)      the Court has entered the Judgment dismissing the Action with prejudice in substantial conformity with the terms of this Settlement Agreement, following notice

**EXECUTION VERSION**

to the Settlement Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

       (e)       the Judgment has become Final, as defined in ¶1.11 hereof.

    10.2.   <u>If Conditions of Settlement Are Not Met</u>.

       (a)       If the conditions specified in ¶10.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶¶10.4-10.7 hereof unless Plaintiff's Counsel and counsel for Cigna mutually agree in writing to proceed with the Settlement.

    10.3.   <u>Cigna's Right to Withdraw or Terminate for Opt Outs</u>.

       (a)       Cigna shall have the right to withdraw and terminate the Settlement and render it null and void in the event that 5% or more of Persons who would otherwise be Settlement Class Members timely and validly Opt Out pursuant to ¶8.1. If Cigna chooses to terminate the Agreement, it will deliver notice of the termination to the other Parties no later than five (5) calendar days prior to the Final Approval Hearing, or by such later date as shall be agreed upon in writing as between Plaintiff's Counsel and Cigna's counsel.

    10.4.   <u>The Parties' Right to Terminate if Settlement Is Not Approved</u>.

       (a)       Each of the Parties shall have the right to terminate the Settlement and this Agreement by providing written notice of their election to do so to all other parties hereto within thirty (30) calendar days of: (a) the Court's declining to enter the Preliminary Approval Order in any material respect; (b) the Court's refusal to approve this Agreement or any material part of it, including but not limited to failing to approve the Total Settlement Fund; (c) the Court's declining to enter the Judgment in any material respect; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Court, Court of Appeals, or Supreme Court.

    10.5.   <u>If Cigna Files for Bankruptcy Protection</u>.

(a)    If, before the Settlement becomes Final, Cigna files for protection under the Bankruptcy Code, or any similar law, or a trustee, receiver, conservator, or other fiduciary is appointed under bankruptcy, or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Escrow Agent by Cigna to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned to Cigna out of the Escrow Account, and such amount is not promptly placed in the Escrow Account by others, then, at the election of Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the Judgment, including the releases pursuant thereto, and the Settlement and this Agreement shall terminate.

10.6.    Refund of Settlement Fund.

(a)    Unless otherwise ordered by the Court, in the event this Agreement is not approved or this Agreement or the Settlement is terminated, or canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or materially altered following any appeal taken therefrom, or is successfully collaterally attacked, within ten (10) business days after written notification of such event is sent by Cigna's counsel or Plaintiff's Counsel to the Escrow Agent, the Total Settlement Fund, less Taxes, Tax Expenses and Notice and Administration Expenses which have either been disbursed pursuant to ¶¶3.3 and 4 hereof, or are chargeable to the Total Settlement Fund pursuant to ¶¶3.3 and 4 hereof, shall be refunded by the Escrow Agent to Cigna.  Such refunds shall be pursuant to written instructions from Cigna's counsel.  The Escrow Agent or its designee shall apply for any tax refund owed on the Total Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to the same Persons in the same manner as the Total Settlement Fund described in this ¶10.6.  Such payments shall be pursuant to written instructions from Cigna' counsel.

10.7.   Restoration of Parties.

(a)      In the event that this Agreement is not approved or this Agreement or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, the Parties shall be restored to their respective positions as of the date upon which the final party signs this Settlement Agreement.  In such event, the terms and provisions of the Agreement, with the exception of ¶¶1, 3.1, 3.3-4.2, 5.5, 9.1(c)-(d), 10.4, 10.6, 10.7(b), 11.4(a), and 11.9 hereof, shall have no further force and effect with respect to the Parties and shall not be used in the *Hockenstein* Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Attorneys' Fees or Incentive Award shall operate to terminate or cancel this Agreement or constitute grounds for cancellation or termination of this Agreement.

(b)      If the Effective Date does not occur, or if this Agreement is terminated pursuant to its terms, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶3.3 and 4.  In addition, any amounts already incurred pursuant to ¶¶3.3 or 4 hereof at the time of such termination or cancellation but which have not been paid shall be paid by the Escrow Agent in accordance with the terms of this Agreement prior to the balance being refunded in accordance with ¶10.6 hereof.

11.1.   Confidentiality of Settlement Class Members.

(a)      The Settlement Administrator will keep confidential from all persons, except as authorized in writing by a Settlement Class Member or as ordered by the Court, the identities of the Settlement Class Members and all other protected health information ("PHI"), as defined by 45 C.F.R. § 160.103 and applicable state laws, of the Settlement Class Members,

which includes names, addresses, and any other personally identifiable information that can be used on its own or combined with other information to identify, contact, or locate an individual, or to identify an individual in context. The Settlement Administrator shall maintain a unique member identifier system so that it can communicate with Settlement Class Members, Plaintiff's Counsel, Cigna, and Cigna's counsel to the extent needed to facilitate settlement administration. Any permitted disclosures of Settlement Class Member information under this Section or any other section of the Agreement shall be limited to the minimum reasonably necessary to satisfy the Agreement's requirements. Settlement Class Members who ask the Settlement Administrator for contact information for Plaintiff's Counsel shall be provided such information and a form prepared by the Settlement Administrator through which the Settlement Class Member can authorize the Settlement Administrator to share his or her identity and/or PHI with Plaintiff's Counsel to assist in answering questions or in facilitating the Settlement. Without limitation of the foregoing limitations and restrictions, the Parties shall jointly move the Court enter a protective order in a form agreeable to the Settlement Administrator, whose approval shall not be unreasonably withheld, and all permitted disclosures of Settlement Class Members' information under this Settlement shall be subject to the additional protections governing PHI in that order, including that the Settlement Administrator does not divulge any PHI when providing Notice. Within sixty (60) days after completion of all payments and related settlement administration by the Settlement Administrator, the Settlement Administrator shall destroy all records of Settlement Class Members and any PHI related to this Agreement and provide a written certification of same to Plaintiff's Counsel and Cigna's counsel.

      11.2.   <u>Force Majeure</u>.

         (a)     The Parties shall not be liable for any delay or non-performance of their obligations under this Agreement arising from any act of God, governmental act, act of

terrorism, war, fire, flood, earthquake, explosion, or civil commotion. The performance of the parties' obligations under this Agreement, to the extent affected by such delay, shall be suspended for the period during which the cause, or the Parties' substantial inability to perform arising from the cause, persists.

11.3.    This Agreement Is Fully Integrated.

(a)    This Agreement contains an entire, complete, and integrated statement of each and every term and provision agreed to by and among the Parties; it is not subject to any condition not provided for herein. This Agreement supersedes any prior agreements or understandings, whether written or oral, between and among the Parties regarding the *Hockenstein* Action. No Party has been induced to enter into this Agreement by, nor is any Party relying on, any representation outside of those expressly stated in this Agreement. This Agreement shall not be modified in any respect except by a writing executed by both Parties.

(b)    This Agreement was drafted with substantial input by all Parties and their counsel, and no reliance was placed on any representations other than those contained herein. The Parties agree that this Agreement shall be construed by its own terms, and not by referring to, or considering, the terms of any other settlement, and not by any presumption against the drafter.

(c)    The use of captions and headings in this Agreement is solely for convenience and shall have no legal effect.

11.4.    Jurisdiction and Venue.

(a)    Except as otherwise provided in this Agreement, it is expressly agreed and stipulated that the U.S. District Court for the Southern District of New York shall have exclusive jurisdiction and authority to consider, rule upon, and issue a final order with respect to suits, whether judicial, administrative or otherwise, which may be instituted by any person, individually or derivatively, with respect to this Agreement.

(b)      Except as otherwise provided in this Agreement, each Settlement Class Member hereby irrevocably submits to the exclusive jurisdiction and venue of the U.S. District Court for the Southern District of New York for any suit, action, proceeding, case, controversy, or dispute relating to this Agreement and agrees not to assert by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of such Court, or that such Court is in any way an improper venue or an inconvenient forum.

11.5.    Execution of this Agreement.

(a)      This Agreement may be executed in counterparts, each of which shall constitute an original.  A facsimile or electronic image of a signature to this agreement shall have the same force and effect as the original.

11.6.    Effect of Execution.

(a)      The provisions of this Agreement shall be binding upon and inure to the benefit of the respective successors and assigns of the Lead Plaintiff, Settlement Class Members, Plaintiff's Counsel and Cigna.

11.7.    Choice of Law.

(a)      This Agreement and all agreements, exhibits, and documents relating to this Agreement shall be construed under the laws of the State of New York, except that federal law shall apply to (i) fee applications made pursuant to this Agreement, and (ii) otherwise to the extent the federal law of the United States requires that federal law governs.

11.8.    Severability.

(a)      The provisions of this Agreement are intended to be severable. Should any provision be found illegal, invalid or unenforceable by any court of competent jurisdiction for any reason, it shall be severable from the remainder of this Agreement, and the remainder of this Agreement shall be unchanged and shall be read as if it did not contain the illegal,

invalid, or unenforceable provision, except that if the release in ¶6.1 is deemed invalid then Cigna shall have the option to void the remainder of this Agreement.

11.9.    No Admission of Wrongdoing.

(a)    The Parties agree that this Agreement, in whole or in part, whether effective, terminated, or otherwise, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way, shall not be construed as an admission of liability or wrongdoing or breach of any duty on the part of Cigna.  This Agreement or any negotiations, statements, or proceedings relating to it in any way shall not be admissible as evidence of any kind in any proceeding except an action to enforce the terms of the Agreement.  Without limiting the foregoing, neither this Agreement nor any related negotiations, statements or proceeding shall be construed as, offered as, received as, used as or deemed to be evidence of any waiver of any applicable defense or protection by Cigna.  The Parties agree that this Section ¶11.9 shall survive the termination of this Agreement.

11.10.    Agreement to Keep Settlement Agreement Confidential Until Filing.

(a)    Except as agreed otherwise or as required by the Parties in accordance with applicable law, rule, or regulation (e.g. securities law, rules, or regulations), to avoid contradictory, incomplete, or confusing information about the Settlement, the Parties agree to keep the Settlement and this Agreement confidential until it is filed with the Court.  After filing with the Court, none of the Parties shall issue a written press release or statement to the media concerning the Settlement, nor any promotional material, social media post, nor any publicly or widely disseminated communication that states, implies, or suggests that any Party, by entering into this Settlement, prevailed in the Action or that any other Party admitted any fault or wrongdoing.  Except as noted herein and by mutual agreement of the Parties, or by order of the Court, the plan for notice hereunder shall constitute the only broad-based communication with

Settlement Class Members regarding the Agreement prior to the Final Approval Hearing. Notwithstanding, Plaintiff's Counsel can answer any inquiries initiated by Settlement Class Members and Plaintiff's Counsel may communicate freely with Plaintiffs. Cigna's employees may answer any routine question raised by a Settlement Class Member concerning clinical services provided or claims payment. Cigna and their counsel shall direct any inquiries regarding the Settlement initiated by Settlement Class Members to Plaintiff's Counsel or the Settlement Administrator. Nothing herein prohibits Plaintiff's Counsel from providing accurate, already public information about the Settlement in connection with documents filed with courts related to Plaintiff's Counsel's experience and qualifications, or, providing factual information in their biographies and CVs.

11.11.  Acknowledgment and Authority of Signing Parties.

(a)  By the signature affixed hereto, each Party acknowledges that it, he, or she has read this Agreement, fully understands the agreements, representations, covenants, obligations, conditions, warranties, releases, and terms contained herein, and has had the advice of counsel pertaining thereto, prior to the time of execution.

(b)  Each Person signing this Agreement on behalf of a Party represents and warrants that he or she has all requisite power and authority to enter into this Agreement and to implement the transactions contemplated herein, and is duly authorized to execute this Agreement on behalf of that Party. Plaintiff hereby authorizes Settlement Class Counsel, on behalf of Plaintiff and the Settlement Class Members, to (i) take all appropriate action required or permitted to be taken by the Settlement Class Members as a class under this Settlement Agreement to effectuate its terms and (ii) to enter into any modifications or amendments of this Settlement Agreement on behalf of the Settlement Class Members that they deem necessary or appropriate.

11.12.  Form of Notices to the Parties.

(a)      All notices to the Parties required under this Agreement (except for Notices to the Settlement Class) shall be sent to counsel of record *via* email to the address registered on the Court's electronic filing system for service of papers in the Action, or by such other methods as may hereafter be reasonably requested in writing.

11.13.  Efforts to Support Settlement

(a)      The Parties and their counsel shall cooperate fully in seeking Court approval for this Settlement Agreement and to use their reasonable efforts to effect the completion settlement under this Settlement Agreement and to protect the Settlement Agreement by applying for appropriate orders enjoining others from initiating or prosecuting any action arising out of or related to facts or claims alleged in the Action, if so required.

IN WITNESS WHEREOF, the parties hereto have caused the Agreement to be executed by their duly authorized attorneys or agents on the dates set forth below.

**LEAD PLAINTIFF JEREMY HOCKENSTEIN**

By: _Jeremy Hockenstein_
71AE67022DF84A7...

Printed Name: Jeremy Hockenstein

Title: Lead Plaintiff

Date Signed: 01/13/2025

**PLAINTIFF'S COUNSEL**

By: _Gabriel Posner_

Printed Name: Gabriel Posner

Posner Law PLLC

Date Signed: 1/13/2025

DEFENDANT CIGNA HEALTH AND LIFE INSURANCE
COMPANY

By: _____

Printed Name: _GLENN M. GERHARD_____

Title: _VP, MEDICAL ECONOMICS_____

Date Signed: _JAN 14, 2025_____

CIGNA'S COUNSEL

By: _____

Printed Name: Dmitriy Tishyevich_____

Title: Partner_____

Date Signed: January 15, 2025_____

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JEREMY HOCKENSTEIN, for himself and all others similarly situated, | Civil Case No. 1:22-cv-4046-ER |
| Plaintiffs, | **[PROPOSED]** **PRELIMINARY CLASS ACTION SETTLEMENT APPROVAL ORDER** |
| v. | |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, | |
| Defendant. | |

The Court, having considered the unopposed motion submitted in this matter for preliminary approval for a class action settlement, hereby grants preliminary approval to the Class Settlement Agreement (the "Settlement Agreement") between Plaintiff, Jeremy Hockenstein, individually, and as representative of the Settlement Class defined below, and Defendant Cigna Health and Life Insurance Company ("Cigna");

**WHEREFORE**, with respect to preliminary certification of this action as a class action for settlement purposes the Court finds:

A.     The proposed Settlement Class is so numerous that joinder of all members is impracticable;

B.     There are questions of law and fact common to the proposed Settlement Class;

C.     The individual claims of Plaintiff are typical of the claims of the proposed Settlement Class;

D.     Plaintiff is an appropriate and adequate representative for the Settlement Class; and

E.      Questions of law and fact common to the Settlement Class Member claims predominate over any questions affecting only individual members, and a class action is superior to other methods for fairly and efficiently settling the claims of the proposed Settlement Class;

F.      With respect to the appointment of Settlement Class Counsel under Fed. R. Civ. P. 23(g), the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiff's counsel, Gabriel Posner of Posner Law PLLC, has fairly and adequately represented the interests of the Settlement Class and will continue to do so;

G.      With respect to the proposed Settlement Agreement, after consideration of the Settlement Agreement submitted with the instant Motion, the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate;

H.      The Court finds, as required by FRCP 23(e)(1)(B), that for purposes of preliminary approval of the Settlement Agreement, "it will likely be able to" grant final approval to the Settlement Agreement under FRCP 23(e)(2), subject to a final hearing.

**WHEREFORE, IT IS HEREBY ORDERED**:

1.      Pursuant to Fed. R. Civ. P. 23(c)(1), the Court conditionally certifies this action as a class action and for purposes of settlement, and conditionally certifies the Settlement Class as defined below in accordance with Fed. R. Civ. P. 23(c)(1)(B):

> all persons in an employee welfare benefit plan established and maintained under ERISA insured by and/or for which Cigna administered claims for benefits for all or part of the time period set forth below (a "Plan"), who received, or whose dependents enrolled in such Plan received, COVID-19 testing services on or after

March 27, 2020 and prior to September 1, 2023, and who submitted a claim to their respective Plans for reimbursement for such services, and whose claim(s) for such services were allowed at less than the amount that their provider billed for such COVID-19 testing services.

Excluded from the Settlement Class are: (1) any of Cigna's officers or directors; (2) the judicial officers to whom this case is assigned and any members of their staffs and immediate families; (3) any heirs, assigns, or successors of any of the persons or entities described in this paragraph; and (4) anyone who duly opts out of the Settlement.

2.      Provisionally and for purposes of settlement, Plaintiff Jeremy Hockenstein is appointed as the Class Representative of the Settlement Class, and Plaintiff's counsel Gabriel Posner of Posner Law PLLC, is appointed as Class Counsel for the Settlement Class.

3.      Angeion Group, LLC is appointed as the Settlement Administrator to administer notice to the Settlement Classes and to administer the settlement.

4.      This action is stayed other than for purposes of activities related to the Settlement Agreement.

5.      The Court approves the Parties' proposed plan of notice to Settlement Class Members as set forth in the Settlement Agreement.  Defendant shall provide the Settlement Administrator with class lists within **14 days** hereof.  The Settlement Administrator shall cause such notice to be effectuated in accordance with such class lists, by U.S. Mail, in accordance with and as set forth in the notice plan in the Settlement Agreement, no later than **thirty-five (35) days** after entry of this Order.

6.      The Court finds that mailing of the Class Notice, and the Parties' notice plan as set forth in the Settlement Agreement, is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

7.     The Court finds that, insofar as applicable under the Settlement Agreement, the proposed requirements for submitting claim forms and documentation for certain claims is fair and reasonable, and satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

8.     Settlement Class Members who seek payment for any Class Period Covid-19 tests billed in excess of $500 must comply with all relevant instructions in the class Notice and submit a legible completed claim form by mail or via the settlement website established by the Settlement Administrator, together with all required documentation described in the claim form, Settlement Agreement and Notice.  Claim forms and supporting documentation must be submitted online or postmarked no later than 30 days prior to the Final Approval Hearing.

9.     Settlement Class Members shall have until 30 days prior to the Final Approval Hearing to opt out of the Settlement Class.  To be valid, the proposed Settlement Class Member's opt-out request must contain the proposed Settlement Class Member's name, signature, current postal address, and current telephone number, and a statement that the proposed Settlement Class Member wants to be excluded from the Settlement Class.  Requests to opt out must be: *(i)* submitted by mail, post-marked no later than 30 days prior to the Final Approval Hearing, sent to the Settlement Administrator at the address for opt outs set forth in the Notice, or (ii) submitted via the settlement website established by the Settlement Administrator no later than 30 days prior to the Final Approval Hearing.

10.     Any members of the Settlement Classes who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Southern District of New York, postmarked or otherwise submitted no later than 30 days prior to the Final Approval Hearing, and serve copies of the objection by first class mail to Plaintiff's Counsel and

Defendant's Counsel.  All objections must be in writing and include: (1) the name of this lawsuit, *Hockenstein v. Cigna Health and Life Insurance Company*, and the case number 1:22-cv-04046-ER; (2) the objecting class member's full name, current address, email, and telephone number; (3) the objecting class member's class notice ID and verification code (appearing on the notice of settlement sent to such class member in the mail); (4) a statement that the class member is objecting to the proposed settlement in this case; and (5) a detailed explanation of the reasons for the objection and any papers in support of the objecting class member's position.

11.    If the Settlement Class Member's objection is submitted through an attorney, the objection must contain, in addition to the information set forth above, the identity and number of the Settlement Class Members represented by objector's counsel. Furthermore, if the objector's counsel will ask to be awarded attorneys' fees or expenses from a source other than such attorney's client, not later than 20 days before the Final Approval Hearing, the objector's counsel must provide a document containing the following: (a) a description of the attorney's legal background and prior experience in connection with class action litigation, including all the previous cases in which the attorney has represented an objector to a class action settlement; (b) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (c) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (d) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (e) the attorney's hourly rate.

12.    Plaintiff's motion for any attorney fees and any individual incentive award to named Plaintiff shall be filed at least 60 days prior to the Final Approval Hearing.

13.    A final hearing on the fairness and reasonableness of the Settlement Agreement and whether final approval shall be given to it, and the requests for fees and expenses by Class Counsel

and an incentive award to Plaintiff Jeremy Hockenstein, will be held on **_____, 2025**,

at _____ __.m. (at least 110 days from the date of this Order).

14.    The Final Approval Hearing shall be held **[PICK ONLY ONE]**:

| in person at:<br>The Thurgood Marshall<br>  United States Courthouse<br>Courtroom 619<br>40 Foley Square<br>New York, N.Y. 10007 | **Or** | Virtually by video conference or other remote means, for which access information will be circulated in advance to all individuals who request to appear or are entitled to be heard. |
|---|---|---|

15.    All Settlement Class Members may request to appear and be heard at the Final

Approval Hearing by following the instructions in the class Notice, including sending a letter to

the Settlement Administrator or the Court, post marked at least 30 days prior to the Final Approval

Hearing, which states it is a "Notice of Intention to Appear at the *Hockenstein v. Cigna Approval*

*Hearing*," and including the index number for this action, and the Settlement Class Member's

name, address, telephone number, email, and signature.

16.    At least 20 days prior to the Final Approval Hearing, Plaintiff shall file any motion

seeking final approval of the Settlement Agreement.

**IT IS SO ORDERED:**


_____
HON. EDGARDO RAMOS
United States District Judge

Dated:

# EXHIBIT B

Docusign Envelope ID: 3097ADEE-B5B5-44FA-8F7D-551A3107A34C

**A FEDERAL COURT**
**AUTHORIZED THIS NOTICE**

Hockenstein v. Cigna Health
and Life Insurance Company
United States District Court for
the Southern District of New
York
Index No. 1:22-cv-4046-ER

For more information, visit
WEBSITE URL or call toll-free
1-XXX-XXX-XXXX

Cigna Covid-19 Settlement
Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

«ScanString»
Postal Service: Please do not mark barcode

Notice ID: «Notice ID»
Confirmation Code: «Confirmation Code»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

Docusign Envelope ID: 3D97ADEE-B5B5-44FA-8F7D-551A3107A34C

«FIRST NAME» «LAST NAME»
«ADDRESS»
«CITY» «STATE» «ZIP»

**PAYMENT INSTRUCTION FORM**

«Barcode»

Complete this payment instruction form if you would like to receive your *pro rata* share of the settlement fund via one of the electronic payment options below. If you do not complete and return this payment instruction form, then any payment you are entitled to will be mailed to you as a check.

## PAYMENT SELECTION

☐ PayPal    ☐ Venmo    ☐ Zelle    ☐ Virtual Prepaid Card

Please provide the email address or phone number associated with your PayPal, Venmo or Zelle account, or email address for the Virtual Prepaid card:

_____

If you would like to seek reimbursement for amounts you paid above $500 per Covid-19 test, you must visit [www.classactionwebsite.com] and follow the instructions to submit an additional form and supporting documents.

**Affirmation:** By signing below, I affirm that I am the Settlement Class Member identified on this payment instruction form and that I would like to receive my *pro rata* share of the settlement fund via the electronic payment option selected above.

Signature: _____    **Date:** ___/___/___

Docusign Envelope ID: 3D97ADEE-B5B5-44FA-8F7D-551A3107A34C

Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq, by failing to approve in full certain member claims for reimbursement of Covid-19 tests. Cigna denies all liability.

**Who is in the settlement?** All persons enrolled in a Cigna ERISA healthcare plan who received, or whose dependents received, Covid-19 testing services on or after March 27, 2020 and prior to September 1, 2023, and who submitted a claim to their respective plans for reimbursement, and whose claim(s) for such services were allowed at less than the amount that their provider billed for such Covid-19 testing services.

**What are the settlement terms?** In exchange for a release of settled claims, Cigna is establishing a settlement fund of $2,908,683, which is approximately 85% of the difference between Cigna's reimbursement of the covered Covid-19 tests and the providers' billed amounts for those tests, up to a maximum of $500 per test. Settlement class members will be paid a pro rata share of the settlement fund, after deductions for court approved attorney fees and settlement costs. You do not need to do anything to get paid your share of the settlement for Covid-19 tests billed up to $500. If you would like to seek reimbursement of the pro rata share for amounts you paid above $500 per Covid-19 test, you must submit a claim with supporting documents before _____. To submit a claim, follow the instructions on the Long Form Notice on the settlement website. If you are covered by the settlement, your check will arrive in the mail, or, to be paid electronically, complete and return an electronic payment instruction form.

**Binding Effect.** If you do not want to be legally bound by the settlement, you must opt out by _____. Unless you opt out, you will not be able to sue or continue to sue Cigna for any claims released by the settlement. To opt out, follow the instructions on the Long Form Notice on the settlement website. If you opt out, you will receive no benefits from the settlement.

**Your right to an Attorney.** You are entitled to appear in this matter through your own attorney at your expense.

**Can you object to the settlement?** Yes. To object, follow the instructions in the Long Form Notice on the settlement website. Objections must be post marked or otherwise submitted by _____.

**Final Approval Hearing.** The Court will hold a hearing on _____, 2025 to determine whether to grant final approval to the settlement and class counsel's attorney fees and any award to the Lead Plaintiff. For more information, and instructions on how to attend the hearing, see the Long Form Notice on the settlement website.

**This is only a short form notice. For additional important information, including a long form notice, visit [www.classactionwebsite.com] Additional information is also available by calling [phone number].**

Docusign Envelope ID: 3D97ADEE-B5B5-44FA-8F7D-551A3107A34C

Cigna Covid-19 Settlement
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

# EXHIBIT C

*A FEDERAL COURT AUTHORIZED THIS NOTICE.*
*THIS IS NOT A SOLICITATION FROM A LAWYER.*

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY HOCKENSTEIN, for himself and all others similarly situated, | Civil Case No. 1:22-cv-04046-ER |
| Plaintiff, | |
| v. | |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY | |
| Defendant. | |

### <u>LONG FORM NOTICE OF CLASS ACTION SETTLEMENT</u>

IF YOU ARE A CIGNA PLAN MEMBER OR A DEPENDENT OF A CIGNA PLAN MEMBER AND YOU SUBMITTED A CLAIM TO CIGNA FOR REIMBURSEMENT OF A COVID-19 TEST BETWEEN MARCH 27, 2020 AND SEPTEMBER 1, 2023, AND YOUR HEALTHCARE PLAN WAS GOVERNED BY ERISA, YOU MAY BE ENTITLED TO A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT.

A settlement has been proposed in a class action lawsuit against Cigna Health and Life Insurance Company (the "**Defendant**" or "**Cigna**") on behalf of a class of people whose healthcare plans were governed by ERISA and who submitted claims for reimbursement of Covid-19 tests obtained between March 27, 2020 and prior to September 1, 2023 (the "**Class Period**"), and who were reimbursed less than the amount billed.  Members of the settlement class were sent a post card in the mail providing notice of this settlement.  This is a Long Form Notice providing more detailed information.  If you paid more than $500 for a Covid-19 test covered by the settlement, please see below for additional instructions.

If you are a member of the proposed settlement class, you have the following options:

| Your Legal Rights and Options | |
|---|---|
| DO NOTHING | If the Court approves the settlement, a check for your share of the settlement will be mailed to you.  You are not required to submit a |

|  | claim form or otherwise take any action. If you do nothing you will be bound by the settlement. |
| SUBMIT A CLAIM FORM, IF YOU SPENT MORE THAN $500 ON ANY COVID-19 TEST | If you paid more than $500 for a Covid-19 test covered by the settlement, you may submit a claim form and supporting documentation to the Settlement Administrator. To submit a claim, follow the instructions below. The Settlement Administrator will review your claim. |
| EXCLUDE YOURSELF | You remove yourself from participation in this class action and do not receive any benefit from this settlement. However, you retain any right you may have to file a separate lawsuit against the Defendant. |
| OBJECT | You remain a class member, but write to the Court and explain why you don't think the settlement is fair, reasonable, or adequate. |

The deadline to submit any claim form, exclude yourself from the settlement, or object to the settlement is ⬛⬛⬛⬛⬛⬛⬛⬛⬛.

## BASIC INFORMATION

### 1.  WHY DID THE COURT AUTHORIZE THIS NOTICE?

A Court authorized this notice because all class members have a right to know about a proposed settlement of this class action lawsuit and about all of their options before the Court decides whether to give "final approval" to the settlement. This notice explains the lawsuit, the settlement, and class members' legal rights. Judge Edgardo Ramos, of the United States District Court for the Southern District of New York, is overseeing this class action. The case is known as *Hockenstein v. Cigna Health and Life Insurance Company*, 1:22-cv-04046-ER  (the "**Lawsuit**").

### 2.  WHAT IS THIS LAWSUIT ABOUT?

#### What the Plaintiff Claimed
Jeremy Hockenstein (the "**Plaintiff**") claims that the Defendant violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* by failing to approve, in full, certain member claims for reimbursement of Covid-19 tests submitted by class members.

#### How the Defendant Responded
Cigna has denied all claims in the Lawsuit and contends that it acted lawfully and in compliance with ERISA and all of its other obligations at all times. Despite denying liability and wrongdoing, Cigna has decided it is in its best interest to settle the Lawsuit to avoid the burden, expense, risk, and uncertainty of continuing the Lawsuit.  The Court did not decide in favor of Plaintiff or Cigna, and instead, both sides agreed to a settlement.

Questions? Visit WEBSITE URL or call toll-free 1-XXX-XXX-XXXX

## WHO IS AFFECTED BY THE SETTLEMENT?

**3.  HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**

You are a member of the Settlement Class and are affected by the settlement if you submitted a claim to Cigna for reimbursement from an ERISA healthcare benefits plan for a Covid-19 test obtained between March 27, 2020 and prior to September 1, 2023, and where Cigna approved payment for that test at less than the full amount billed by the healthcare provider.

Specifically, the Court has certified a Class of individuals defined as follows (the "**Settlement Class**"):

> All persons in an employee welfare benefit plan established and maintained under ERISA insured by and/or for which Cigna administered claims for benefits for all or part of the time period set forth below (a "Plan"), who received, or whose dependents enrolled in such Plan received, COVID-19 testing services on or after March 27, 2020 and prior to September 1, 2023, and who submitted a claim to their respective Plans for reimbursement for such services, and whose claim(s) for such services were allowed at less than the amount that their provider billed for such COVID-19 testing services.

If you fall within the foregoing Settlement Class definition, you will be a **"Settlement Class Member,"** unless you exclude yourself as described below.  If you submit a request to exclude yourself in accordance with the instructions below, then you will not be a Settlement Class Member.

(The settlement also excludes certain other limited categories of people from the Settlement Class, such as the judge overseeing this case, and Cigna's officers and directors.)

## WHAT BENEFITS ARE PROVIDED?

**4.  WHAT DOES THE SETTLEMENT PROVIDE?**

Cigna has agreed to pay $2,908,683 into a settlement fund (the "**Settlement Fund**") for the benefit of the Settlement Class Members.  The amount of money Cigna is contributing to the Settlement Fund is approximately 85% of the difference between Cigna's reimbursement of the covered Covid-19 tests and the providers' billed amounts for those tests, up to a maximum of $500 per test. Settlement Class Members will be paid a *pro rata* share of the settlement fund, after deductions for court approved attorney fees and settlement costs, covering a portion of the difference between the provider's bill up to $500 and Cigna's reimbursement rate, for covered Covid-19 tests. Settlement Class Members who spent more than $500 on any Covid-19 tests covered by the settlement, and who submit a valid claim with supporting documentation in accordance with the instructions below, will also be paid the same *pro rata* share above $500 for such claims.

Questions? Visit WEBSITE URL or call toll-free 1-XXX-XXX-XXXX

## HOW YOU GET SETTLEMENT BENEFITS

**5.   HOW CAN I GET A BENEFIT?**

If the settlement is finally approved, you will automatically receive a payment, unless you have excluded yourself from the Settlement Class. The amount of your automatic payment will be your *pro rata* share of the settlement fund, after deductions for court approved attorney fees and settlement costs, covering a portion of the difference between the provider's bill up to $500 per test and Cigna's reimbursement rate, for covered Covid-19 tests. Settlement Class Members who spent more than $500 on any Covid-19 tests covered by the settlement and who submit a claim with supporting documentation in accordance with the instructions below, will also be paid the same *pro rata* share above $500 for such claims.

A check will be mailed to you at the address appearing in the Defendant's records. Alternatively, you can submit the request for electronic payment which was included in the class action settlement notice you received in the mail. If your address has changed or is changing, you may contact the Settlement Administrator at the address listed at the bottom of this notice.

**6.   SUBMITTING A CLAIM FOR COVID-19 TESTS WHICH COST MORE THAN $500**

If you would like to seek reimbursement for amounts you paid in excess of $500 for any Covid-19 test covered by the settlement, you must complete a claim form and return it, together with the required documentation. You can complete a paper claim form, available for download on the settlement website, and mail it to the settlement administrator together with your supporting documentation to: Cigna Covid-19 Settlement, Attn: Claim Forms, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. Alternatively, you can complete the website version of the claim form and upload your supporting documentation on the settlement website: WEBSITE URL. Make certain to follow all instructions on the claim form.

If you submit a claim for a Covid-19 test for which you paid more than $500, the supporting documentation you provide must include a receipt or similar document from the healthcare service provider or its billing handler, and/or a record from a bank, credit or debit card, or other commonly used payment platform, which shows the following information:

- the service provider of the Covid-19 test;
- the service provided and date of service;
- the amount billed by the service provider for the Covid-19 test; and
- proof of actual payment for the Covid-19 test.

The information in your supporting documentation must not contradict the claims data on file provided by Cigna to the Settlement Administrator, and must not contradict the information you provide in you claim form.

**Claim forms and supporting documentation must be postmarked or submitted online by _____.**

## 7. WHEN WOULD SETTLEMENT PAYMENT ARRIVE?

The Court will hold a hearing on ▓▓▓▓▓▓▓▓▓, 2025, to decide whether to approve the settlement. If the Court approves the settlement after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year after Court approval. Please be patient.

## 8. WHAT AM I GIVING UP TO GET A BENEFIT OR STAY IN THE SETTLEMENT CLASS?

Unless you exclude yourself, you are staying in the Settlement Class, which means that you cannot be part of any other lawsuit against the Defendant (or other parties released by the settlement) about the legal claims in this case or legal claims related to reimbursement for Covid-19 tests that you submitted to a Cigna plan (as more specifically defined in the "Settlement Class" definition above). It also means that all of the Court's orders will apply to you and legally bind you. If you do not exclude yourself from the Settlement Class, you will agree to the release of claims in the Settlement Agreement. Basically, you are releasing your right to individually sue for any violation of federal or state law relating to Cigna's reimbursement determination or payment for Covid-19 testing. The exact terms of the release are set forth in the Settlement Agreement.

The "Discharge of Released Claims" contained in the Settlement Agreement states:

> Upon the Effective Date, for good and valuable consideration received from Cigna, the receipt and sufficiency of which are hereby acknowledged, Lead Plaintiff and all Settlement Class Members who do not Opt Out of this Agreement pursuant to ¶8.1, including their respective current and former heirs, executors, assigns, and successors, but only to the extent their claims are derived from the claims of the Releasing Parties, shall forever unconditionally, fully, and finally release, remise, relinquish, compromise, and discharge all Released Claims against any of the Released Parties, and will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Parties.

The Settlement Agreement defines "Releasing Parties" as:

> Lead Plaintiff, and all Settlement Class Members who do not Opt Out of this Agreement, including their respective current and former officers, directors, employees, attorneys, heirs, executors, administrators, agents, legal representatives, professional corporations, partnerships, members, assigns, and successors, but only to the extent their claims are derived from the claims of the Plaintiff and related to COVID-19 testing rendered to Plan Members. For the avoidance of doubt, "Releasing Parties" includes Plan Members who paid for their COVID-19 tests rendered to them as described in the Hockenstein Action, but does not include

Questions? Visit WEBSITE URL or call toll-free 1-XXX-XXX-XXXX

Plans, plan sponsors, or fiduciaries except to the extent any such entity brings claims on a Plan Member's behalf.

The Settlement Agreement defines "Released Parties" as:

> (i) Cigna and any of its former, present, and future assigns, predecessors, successors, affiliates, parent companies, subsidiaries, controller companies, employees, officers, directors, principals, and agents; and (ii) any Plan and any of its former, present, and future assigns, predecessors, successors, affiliates, parent companies, subsidiaries, controller companies, employees, officers, directors, principals, and agents.

The Settlement Agreement defines "Released Claims" as:

> any and all claims, including any and all claims, rights, and liabilities of any nature, including, but not limited to, actions, claims, demands, causes of action, obligations, damages, debts, charges, attorneys' fees, costs, arbitrations, forfeitures, judgments, indebtedness, liens and losses of any kind, source or character whether arising out of federal or state law, whether known, suspected to exist or unknown, whether asserted or unasserted, whether asserted by any Releasing Party either on its own behalf or on behalf of any other Person, whether in contract, express or implied, tort, at law or in equity or arising under or by virtue of any statute or regulation, by reason of, arising out of or relating to the payment of claims by the Released Parties for COVID-19 testing claims, and includes all causes of actions that were brought in the *Hockenstein* Action, and all such claims that could have been brought in the *Hockenstein* Action or against any of the Released Parties. Released Claims does not include claims to enforce the Settlement.

The Settlement Agreement defines "Plan" as:

> An employee welfare benefit plan established and maintained under ERISA insured by and/or for which Cigna administered claims for benefits for all or part of the Class Period.

The Settlement Agreement defines "Class Period" as on or after March 27, 2020 and prior to September 1, 2023.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 9.  HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

If you do not want a benefit from this settlement, but you want to maintain your right to sue or continue to sue the Defendant on your own about the legal issues in this case, you must take steps to exclude yourself from the Settlement Class. This is sometimes referred to as "opting out" of the Settlement Class. Opting out gives you the right to bring your own lawsuit but does not guarantee

that your own lawsuit will be successful. You may "opt out" or exclude yourself from the settlement by sending a request to opt out, by first class mail, to:

<div align="center">

Cigna Covid-19 Settlement
Attn: Opt Outs
P.O. Box 58220
Philadelphia, PA 19102

</div>

Your request to opt out must include: (1) the name of this lawsuit, *Hockenstein v. Cigna Health and Life Insurance Company*, Civil Action No. 1:22-cv-04046-ER; (2) your full name, current address, email, and telephone number; (3) the statement, "I am opting out of the settlement in *Hockenstein v. Cigna Health and Life Insurance Company*, Civil Action No. 1:22-cv-4046-ER."; and (4) your signature. You may also opt out by printing the form for opting out which is available on the settlement website, completing that form, and mailing it, by first class mail, to the address above by the deadline.

REQUESTS FOR EXCLUSION THAT ARE NOT POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____ WILL NOT BE HONORED.

You cannot exclude yourself by telephone or by e-mail. You also cannot exclude yourself by mailing a request to any location other than that specified above or by mailing a request after the deadline. You also cannot exclude yourself as part of a group, aggregate, or class involving more than one person. If you exclude yourself, you should promptly consult your own attorney about your rights as the time to file an individual lawsuit is limited.

## 10. IF I DO NOT EXCLUDE MYSELF, CAN I SUE THE DEFENDANT FOR THE SAME THING LATER?

No. Unless you exclude yourself, you give up the right to sue the Defendant for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You may need to exclude yourself from **this** class action to continue your own lawsuit. Remember, your Exclusion Request must be submitted to the settlement website or postmarked by _____.

## 11. IF I EXCLUDE MYSELF, CAN I GET ANY MONETARY BENEFIT FROM THE SETTLEMENT?

No.

<div align="center">

**THE LAWYERS REPRESENTING YOU**

</div>

## 12. DO I HAVE A LAWYER IN THE CASE?

The Plaintiff retained Gabriel Posner of Posner Law PLLC, 50 Main Street, Suite 1000, White Plains, New York 10606 to represent him (**"Class Counsel"**). In connection with the preliminary approval of the settlement, the Court appointed Class Counsel to represent you and other members

7

Questions? Visit WEBSITE URL or call toll-free 1-XXX-XXX-XXXX

of the Settlement Class. Class Counsel will not separately charge you for their work on the case. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 13. HOW WILL THE LAWYERS BE PAID?

Class Counsel will ask the Court for an award of attorneys' fees and costs and expenses incurred in this matter to be paid from the Settlement Fund created by Cigna. Class Counsel will not request payment of more than 25% of the Settlement Fund. However, the Court may ultimately award less than this amount. Class Counsel's request for fees will be posted on the settlement website about 60 days prior to the Final Approval Hearing to be scheduled by the Court.

## 14. IS THE PLAINTIFF ENTITLED TO A SEPARATE PAYMENT?

The Plaintiff will ask the Court to approve a payment of an amount not to exceed $10,000 as an individual settlement and service award for his efforts and time expended in prosecuting this case. However, the Court may ultimately award less than this amount.

## OBJECTING TO THE SETTLEMENT

## 15. HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT?

If you are a Settlement Class Member, you can object to the settlement if you do not think any part of the settlement is fair, reasonable, or adequate. You can and should explain the detailed reasons why you think that the Court should not approve the settlement, if this is the case. The Court and Class Counsel will consider your views carefully. To object, you must send a letter stating that you object to the settlement in *Hockenstein v. Cigna Health and Life Insurance Company.* Be sure to include: (1) the name of this lawsuit, *Hockenstein v. Cigna Health and Life Insurance Company*, Civil Action No. 1:22-cv-04046-ER; (2) your full name, current address, email, and telephone number; (3) your class notice ID and verification code (these appeared on the notice you received in the mail for this settlement); (4) a statement that you are objecting to the proposed settlement in this case; and (5) a detailed explanation of the reasons you object to the settlement and any papers in support of your position. **Mail the foregoing by first class mail to these three different places:**

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court | Gabriel Posner | Dmitriy Tishyevich |
| United States District Court | Posner Law PLLC | McDermott, Will & Emory LLP |
| Southern District of New York | 50 Main Street | One Vanderbilt Avenue |
| 500 Pearl Street | Suite 1000 | New York, N.Y. 10017-3852 |
| New York, N.Y. 10007 | White Plains, N.Y. 10606 | |

**All objections must be postmarked or otherwise submitted to the Court by** ⬚⬚⬚⬚⬚⬚⬚⬚⬚.

Questions? Visit WEBSITE URL or call toll-free 1-XXX-XXX-XXXX

There are additional requirements necessary for your attorney if you retain one. These are available as stated in the Settlement Agreement and Preliminary Approval Order.

## 16. WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you remain in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object to this settlement because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

## 17. WHEN AND WHERE WILL THE COURT DECIDE TO APPROVE THE SETTLEMENT?

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to.

The Court will hold a fairness hearing on _____, at _____. The hearing will be held [*physical location (e.g. courthouse) or web-based platform of Final Approval Hearing, TBD per Court's preliminary approval order.*] At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have submitted timely requests to speak at the hearing. The Court may also decide the amount that Class Counsel and the Plaintiff will be paid, and whether to approve payments to the settlement administrator out of the Settlement Fund. After the hearing, the Court will decide whether to finally approve the settlement.

The time and place for the Final Approval Hearing may change, so be sure to check the settlement website for updates as the hearing date approaches.

## 18. DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer any questions the Court may have. You are welcome to attend the hearing at your own expense if you so desire. If you send an objection, you do not have to appear at the hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## 19. MAY I SPEAK AT THE HEARING?

You may ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Hockenstein v. Cigna Health and Life Insurance Company.*" Be sure to include your name, address, telephone number, email, and your signature. Your Notice of Intention to Appear must be sent to the Clerk of Court, Class Counsel, and Defense Counsel, at the three addresses previously provided in Section 15, and must be post

Questions? Visit WEBSITE URL or call toll-free 1-XXX-XXX-XXXX

Docusign Envelope ID: 2D97AD5E-B5B5-44FA-8F7B-551A3107A34C

marked by ▓▓▓▓▓▓▓▓▓▓▓. You cannot speak at the hearing if you have excluded yourself.

| **20. HOW DO I GET MORE INFORMATION?** |
| --- |

If you have questions about the case, you can call toll free ▓▓▓▓▓▓▓ or write to: Settlement Administrator, Cigna Covid-19 Settlement, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

**PLEASE DO NOT CALL THE COURT, THE CLERK, OR THE DEFENDANT REGARDING THIS SETTLEMENT.**

---

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEREMY HOCKENSTEIN, for himself and all others similarly situated, | Civil Case No. 1:22-cv-4046-ER |
| Plaintiffs, | **[PROPOSED]** **FINAL CLASS ACTION SETTLEMENT APPROVAL ORDER** |
| v. | |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, | |
| Defendant. | |

Upon consideration of the Motion for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff Jeremy Hockenstein ("Plaintiff"), individually and as representative of the class defined below (the "Settlement Class"), and Defendant Cigna Health and Life Insurance Company ("Cigna"), the Court orders and finds as follows:

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class members, and Cigna.

2. The Settlement Class defined below is hereby certified pursuant to Fed. R. Civ. P. 23:

> all persons in an employee welfare benefit plan established and maintained under ERISA insured by and/or for which Cigna administered claims for benefits for all or part of the time period set forth below (a "Plan"), who received, or whose dependents enrolled in such Plan received, COVID-19 testing services on or after March 27, 2020 and prior to September 1, 2023, and who submitted a claim to their respective Plans for reimbursement for such services, and whose claim(s) for such services were allowed at less than the amount that their provider billed for such COVID-19 testing services.

1

Excluded from the Settlement Class are: (1) any of Cigna's officers or directors; (2) the judicial officers to whom this case is assigned and any members of their staffs and immediate families; (3) any heirs, assigns, or successors of any of the persons or entities described in this paragraph; and (4) persons who validly opted out of the Settlement, all of whom are listed on Exhibit A hereto.

3.    This action satisfies the applicable prerequisites for class action treatment under Fed.

R. Civ. P. 23(a) and (b). Specifically, the Court finds: (A) the Settlement Class is sufficiently numerous such that joinder is impracticable; (B) the claim of Plaintiff is typical of the Settlement Class members' claims; (C) Plaintiff is an appropriate and adequate representative for the Class and (D) Plaintiff's counsel, Gabriel Posner, of Posner Law PLLC, is hereby appointed as Class Counsel for the Settlement Class.

4.    Certification of the Settlement Class is appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual Class members' claims, specifically whether or not Defendant Cigna violated ERISA § 502(a)(1)(B) and/or ERISA § 502(b)(3) in approving payment for less than the full amount billed for Settlement Class Members Covid-19 tests.  Additionally, a class action is the superior method for the fair and efficient adjudication of the claims of Class members.

5.    The Court approved a form of notice for mailing to the Settlement Class. The Court is informed by the settlement administrator for this action, that notice was

2

sent via U.S. Mail to approximately _____ members of the Settlement Class. Of these, the Settlement Administrator learned _____ such notices were undeliverable.

6.  _____ members of the Settlement Class requested exclusion.  Excluded from the Settlement Class are those persons, identified in Exhibit A hereto, who timely and validly requested exclusion.

7.  A total of _____ Settlement Class Members are entitled to a share of the monetary benefits of the settlement, for a total of _____ Covid-19 test claims.

8.  On _____, **2025**, the Court held a fairness hearing to which Settlement Class Members, including any with objections, were invited.

9.  The Court finds that provisions for notice to the class satisfy the requirements of  due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

10.  The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Settlement Agreement submitted by the Parties, including the settlement and release contained therein and payments by Cigna.

11.  The Court approves the following awards, costs, or fees, to be taken out of the Total Settlement Fund:

     (a)  $_____ in attorney fees, payable to Posner Law PLLC; and

     (b)  $_____ in payment to the Settlement Administrator for work performed on behalf of the Settlement Class.

12.  The Settlement Administrator, in computing the Net Pro Rata Share payable to each Settlement Class member out of the Total Settlement Fund, shall deduct from

3

the Gross Pro Rata Share of each Settlement Class Member an equal proportion sufficient to cover all amounts set forth in paragraph 11 above, and shall allocate and distribute such amounts from the Total Settlement Fund to the payees set forth in paragraph 11 above.

13. Within 21 days of the Effective Date, as that term is defined in the Settlement Agreement, the Settlement Administrator shall make the payments to Settlement Class Members pursuant to the Plan of Allocation set forth in the Settlement Agreement.

14. Within 21 days of the Effective Date, as that term is defined in the Settlement Agreement, the Settlement Administrator shall make payment of the attorney fees approved herein to class counsel.

15. The Court approves an award of _____ as an incentive fee, payable by Cigna directly to Plaintiff Jeremy Hockenstein within 21 days.

16. Checks issued to Class members will be void ninety (90) days from the date of issuance.

17. Any unclaimed funds in the settlement funds created pursuant to the Settlement Agreement, including any checks that have not been cashed by the void date, will also be treated as excess funds, which, in accordance with the terms of the Settlement Agreement, the Settlement Administration shall distribute as a *cy pres* award to _____, a non-profit corporation located at _____.

18. Upon the Effective Date, as that term is defined in the Settlement Agreement, all Settlement Class members fully, finally, and forever settle, release and discharge

4

the Released Parties from the Released Claims as defined in the Settlement Agreement.

19. The Court finds the Settlement Agreement is fair, negotiated at arm's length, and made in good faith.

20. The terms of the Settlement Agreement are incorporated into this Order.

21. This Order shall operate as a final judgment and dismissal with prejudice of the claims in this action.

22. The Court retains exclusive jurisdiction to enforce the terms and provisions of the Settlement Agreement and this Order.

23. The Parties are hereby ordered to comply with the terms of the Settlement Agreement and this Order.

<div style="text-align:center">**IT IS SO ORDERED:**</div>

_____

HON. EDGARDO RAMOS
United States District

Judge Dated:

_____, 2025

# EXHIBIT A TO FINAL APPROVAL ORDER

<u>List of Class Opt-Outs</u>

# EXHIBIT E

| Your claim must be submitted online or **postmarked by:** **[DEADLINE]** | *Hockenstein v. Cigna Health and Life Insurance Company*<br>United States District Court S.D.N.Y. Case No. 1:22-cv-4046-ER<br><br>**CLAIM FORM FOR COVID-19 TESTS COSTING MORE THAN $500** | CIGNA COVID-19 CLAIM |

---

## I. INSTRUCTIONS

If you would like to seek reimbursement for amounts you paid in excess of $500 for any Covid-19 test covered by the settlement, you must complete a claim form and return it, together with the required documentation. You can print this form, complete it by hand, and mail it to the settlement administrator together with your supporting documentation to: **Cigna Covid-19 Settlement, Attn: Claim Forms, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103**.

Alternatively, you can complete the website version of this form and upload the required documentation on the settlement website: WEBSITE URL. **Claim forms and supporting documentation must be postmarked or submitted online by _____.**

---

## II. YOUR NAME & CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

| | |
|---|---|
| **First Name** | **Last Name** |

**Street Address**

| | | |
|---|---|---|
| **City** | **State** | **Zip Code** |

**Email Address**

The postcard you received in the mail providing notice of this class action settlement contained a Notice ID and a Confirmation Code. Write those numbers in the space provided below:

| | |
|---|---|
| **Notice ID** | **Confirmation Code** |

---

## III. INFORMATION ABOUT YOUR COVID-19 TESTS COSTING MORE THAN $500

Provide the following information for each COVID-19 test for which you are claiming:

| Date of Covid-19 Test (MM/DD/YYYY) | Provider of Covid-19 Test | Amount Billed for Covid-19 Test | Amount You Paid | Date of Your Payment (MM/DD/YYYY) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

<table>
<tr><td>

**Your claim must be submitted online or postmarked by: [DEADLINE]**

</td><td>

*Hockenstein v. Cigna Health and Life Insurance Company*
United States District Court S.D.N.Y. Case No. 1:22-cv-4046-ER

**CLAIM FORM FOR COVID-19 TESTS COSTING MORE THAN $500**

</td><td>

**CIGNA COVID-19 CLAIM**

</td></tr>
</table>

## REQUIRED DOCUMENTATION:

Together with your claim form, you must submit a receipt or similar document from the healthcare service provider or its billing handler, and/or a record from a bank, credit or debit card, or other commonly used payment platform, which shows:

- the service provider for the Covid-19 test;
- the service provided and the date of service;
- the amount billed by the service provider for the Covid-19 test; and
- proof of actual payment for the Covid-19 test.

The information in your supporting documentation must not contradict the information you provide in this form, and must not contradict claims data on file provided by Cigna to the Settlement Administrator.

## IV.    PAYMENT SELECTION

Please select **one** of the following payment options.

☐ **PayPal** - Enter your PayPal email address: _____

☐ **Venmo** - Enter the mobile number associated with your Venmo account: __ __ __-__ __ __-__ __ __ __

☐ **Zelle** - Enter the mobile number or email address associated with your Zelle account:

  Mobile Number: __ __ __-__ __ __-__ __ __ __   or Email Address: _____

☐ **Virtual Prepaid Card** - Enter your email address: _____

☐ **Physical Check** - Payment will be mailed to the address provided in Section II above.

## V.    AFFIRMATION

By signing below, I affirm that the information in this claim form and supporting documentation are true to the best of my knowledge.

Signature: _____   Printed Name: _____

Date: ___/___/_____

*Questions? Call [TOLL-FREE NUMBER] toll-free, or visit [SETTLEMENT WEBSITE]*
*To view Settlement Administrator's privacy policy, please visit [ADMIN WEBSITE]*