UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY HOCKENSTEIN, for himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>Defendant. | Civil Case No. 1:22-cv-4046-ER<br><br>**PRELIMINARY CLASS ACTION SETTLEMENT APPROVAL ORDER** |

The Court, having considered the unopposed motion submitted in this matter for preliminary approval for a class action settlement, hereby grants preliminary approval to the Class Settlement Agreement (the "Settlement Agreement") between Plaintiff, Jeremy Hockenstein, individually, and as representative of the Settlement Class defined below, and Defendant Cigna Health and Life Insurance Company ("Cigna");

**WHEREFORE**, with respect to preliminary certification of this action as a class action for settlement purposes the Court finds:

A.   The proposed Settlement Class is so numerous that joinder of all members is impracticable;

B.   There are questions of law and fact common to the proposed Settlement Class;

C.   The individual claims of Plaintiff are typical of the claims of the proposed Settlement Class;

D.   Plaintiff is an appropriate and adequate representative for the Settlement Class; and

E. Questions of law and fact common to the Settlement Class Member claims predominate over any questions affecting only individual members, and a class action is superior to other methods for fairly and efficiently settling the claims of the proposed Settlement Class;

F. With respect to the appointment of Settlement Class Counsel under Fed. R. Civ. P. 23(g), the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiff's counsel, Gabriel Posner of Posner Law PLLC, has fairly and adequately represented the interests of the Settlement Class and will continue to do so;

G. With respect to the proposed Settlement Agreement, after consideration of the Settlement Agreement submitted with the instant Motion, the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate;

H. The Court finds, as required by FRCP 23(e)(1)(B), that for purposes of preliminary approval of the Settlement Agreement, "it will likely be able to" grant final approval to the Settlement Agreement under FRCP 23(e)(2), subject to a final hearing.

**WHEREFORE, IT IS HEREBY ORDERED**:

1. Pursuant to Fed. R. Civ. P. 23(c)(1), the Court conditionally certifies this action as a class action and for purposes of settlement, and conditionally certifies the Settlement Class as defined below in accordance with Fed. R. Civ. P. 23(c)(1)(B):

> all persons in an employee welfare benefit plan established and maintained under ERISA insured by and/or for which Cigna administered claims for benefits for all or part of the time period set forth below (a "Plan"), who received, or whose dependents enrolled in such Plan received, COVID-19 testing services on or after

      March 27, 2020 and prior to September 1, 2023, and who submitted a claim to their respective Plans for reimbursement for such services, and whose claim(s) for such services were allowed at less than the amount that their provider billed for such COVID-19 testing services.

Excluded from the Settlement Class are: (1) any of Cigna's officers or directors; (2) the judicial officers to whom this case is assigned and any members of their staffs and immediate families; (3) any heirs, assigns, or successors of any of the persons or entities described in this paragraph; and (4) anyone who duly opts out of the Settlement.

    2.    Provisionally and for purposes of settlement, Plaintiff Jeremy Hockenstein is appointed as the Class Representative of the Settlement Class, and Plaintiff's counsel Gabriel Posner of Posner Law PLLC, is appointed as Class Counsel for the Settlement Class.

    3.    Angeion Group, LLC is appointed as the Settlement Administrator to administer notice to the Settlement Classes and to administer the settlement.

    4.    This action is stayed other than for purposes of activities related to the Settlement Agreement.

    5.    The Court approves the Parties' proposed plan of notice to Settlement Class Members as set forth in the Settlement Agreement. Defendant shall provide the Settlement Administrator with class lists within **14 days** hereof. The Settlement Administrator shall cause such notice to be effectuated in accordance with such class lists, by U.S. Mail, in accordance with and as set forth in the notice plan in the Settlement Agreement, no later than **thirty-five (35) days** after entry of this Order.

    6.    The Court finds that mailing of the Class Notice, and the Parties' notice plan as set forth in the Settlement Agreement, is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

7.     The Court finds that, insofar as applicable under the Settlement Agreement, the proposed requirements for submitting claim forms and documentation for certain claims is fair and reasonable, and satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

8.     Settlement Class Members who seek payment for any Class Period Covid-19 tests billed in excess of $500 must comply with all relevant instructions in the class Notice and submit a legible completed claim form by mail or via the settlement website established by the Settlement Administrator, together with all required documentation described in the claim form, Settlement Agreement and Notice.  Claim forms and supporting documentation must be submitted online or postmarked no later than 30 days prior to the Final Approval Hearing.

9.     Settlement Class Members shall have until 30 days prior to the Final Approval Hearing to opt out of the Settlement Class.  To be valid, the proposed Settlement Class Member's opt-out request must contain the proposed Settlement Class Member's name, signature, current postal address, and current telephone number, and a statement that the proposed Settlement Class Member wants to be excluded from the Settlement Class.  Requests to opt out must be: *(i)* submitted by mail, post-marked no later than 30 days prior to the Final Approval Hearing, sent to the Settlement Administrator at the address for opt outs set forth in the Notice, or (ii) submitted via the settlement website established by the Settlement Administrator no later than 30 days prior to the Final Approval Hearing.

10.    Any members of the Settlement Classes who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Southern District of New York, postmarked or otherwise submitted no later than 30 days prior to the Final Approval Hearing, and serve copies of the objection by first class mail to Plaintiff's Counsel and

Defendant's Counsel.  All objections must be in writing and include: (1) the name of this lawsuit, *Hockenstein v. Cigna Health and Life Insurance Company*, and the case number 1:22-cv-04046-ER; (2) the objecting class member's full name, current address, email, and telephone number; (3) the objecting class member's class notice ID and verification code (appearing on the notice of settlement sent to such class member in the mail); (4) a statement that the class member is objecting to the proposed settlement in this case; and (5) a detailed explanation of the reasons for the objection and any papers in support of the objecting class member's position.

11. If the Settlement Class Member's objection is submitted through an attorney, the objection must contain, in addition to the information set forth above, the identity and number of the Settlement Class Members represented by objector's counsel. Furthermore, if the objector's counsel will ask to be awarded attorneys' fees or expenses from a source other than such attorney's client, not later than 20 days before the Final Approval Hearing, the objector's counsel must provide a document containing the following: (a) a description of the attorney's legal background and prior experience in connection with class action litigation, including all the previous cases in which the attorney has represented an objector to a class action settlement; (b) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (c) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (d) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (e) the attorney's hourly rate.

12. Plaintiff's motion for any attorney fees and any individual incentive award to named Plaintiff shall be filed at least 60 days prior to the Final Approval Hearing.

13. A final hearing on the fairness and reasonableness of the Settlement Agreement and whether final approval shall be given to it, and the requests for fees and expenses by Class Counsel

and an incentive award to Plaintiff Jeremy Hockenstein, will be held on _____May 29_____, 2025, at _____ 11:00 a.m. (at least 110 days from the date of this Order).

    14.    The Final Approval Hearing shall be held

in person at:
The Thurgood Marshall
  United States Courthouse
Courtroom 619
40 Foley Square
New York, N.Y. 10007

    15.    All Settlement Class Members may request to appear and be heard at the Final Approval Hearing by following the instructions in the class Notice, including sending a letter to the Settlement Administrator or the Court, post marked at least 30 days prior to the Final Approval Hearing, which states it is a "Notice of Intention to Appear at the *Hockenstein v. Cigna Approval Hearing*," and including the index number for this action, and the Settlement Class Member's name, address, telephone number, email, and signature.

    16.    At least 20 days prior to the Final Approval Hearing, Plaintiff shall file any motion seeking final approval of the Settlement Agreement.

**IT IS SO ORDERED:**

_____
HON. EDGARDO RAMOS
United States District Judge

Dated: January 31, 2025