# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY HOCKENSTEIN, for himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY<br><br>Defendant. | Civil Case No. 1:22-cv-04046-ER<br><br>**STIPULATION AND [PROPOSED] HIPAA QUALIFIED PROTECTIVE ORDER AND ORDER TO DISCLOSE PROTECTED HEALTH INFORMATION** |

THIS CAUSE comes before the Court on the Parties' Joint Motion for Entry of an Agreed HIPAA Qualified Protective Order and Order to Disclose Protected Health Information. The Agreed HIPAA Qualified Protective Order and Order to Disclose Protected Health Information is intended to comply with the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Health Information Technology for Economic and Clinical Health Act of 2009 (the "HITECH Act"), and regulations adopted thereunder by the U.S. Department of Health and Human Services, 45 C.F.R. Parts 160, 162, and 164 (the "HIPAA Rules"), 42 C.F.R. Part 2 and applicable state laws and regulations governing patient privacy and protecting healthcare information. Having considered the Motion, the Parties' agreement, legal authorities, and being otherwise fully advised, the Court enters the following HIPAA Qualified Protective Order ("QPO") and Order to Disclose Protected Health Information ("Order to Disclose"):

1.  In accordance with and as defined by the HIPAA Rules, specifically 45 C.F.R. section 164.512(e)(1)(ii)(B) and (v), 42 C.F.R. Part 2 and related state laws, the Court hereby enters a HIPAA Qualified Protective Order (QPO). Pursuant to this QPO, all parties to this Action are:

    a)  prohibited from using or disclosing protected health information (PHI) (as defined by the HIPAA Rules), specifically 45 C.F.R. section 164.500 *et seq.,* 42 C.F.R. Part 2 or applicable state laws and regulations governing patient privacy and protecting healthcare information, for any purpose other than the prosecution and defense of the above-styled Action.

    b)  required to securely destroy all copies of the PHI or to return them to the disclosing entity within 120 days of the conclusion of the above-styled Action pursuant to paragraph 10 of this QPO.

    c)  permitted to file pleadings, discovery or other documents which include or reference PHI under seal with the Court, the terms of this QPO and any separate Agreed Protective Order Regarding Confidentiality.

  2.  "Action" is understood to include the above-styled action, mediation, settlement discussions, hearings, trial, appeals (including the expiration of the time to commence appellate proceedings without appeal), and preparation for the same (collectively, "Action").

### Authorization and Order to Disclose PHI in the Course of Discovery and Court Proceedings

  3.  PHI, as used herein, includes such information of Settlement Class Members in this action, which, for purposes of this Order means:

> *All persons in an employee welfare benefit plan established and maintained under ERISA insured by and/or for which Cigna administered claims for benefits (a "Plan") for the time period set forth below, who received, or whose dependents enrolled in such Plan received, COVID-19 testing services on or after March 27, 2020 and prior to September 1, 2023, and who submitted a claim to their respective Plans for reimbursement for such services, and whose claim(s) for such services were allowed at less than the amount that their provider billed for such COVID-19 testing services.*

PHI of persons who meet the definition of Settlement Class Members defined above but are otherwise excluded therefrom shall be covered by this Order.

  4.  Pursuant to 45 C.F.R. section 164.512(e)(1)(i) and for purposes of compliance with the HIPAA Rules, 42 C.F.R. Part 2 and related state laws, and without waiver of any right to the

prepayment of costs or any other appropriate objection or privilege that may be timely asserted, the attorneys, employees, agents, or designees of each party or each party's legal counsel in this case, and Angeion Group, LLC as the duly appointed Settlement Administrator, and all duly noticed persons, are expressly and specifically **AUTHORIZED** and **ORDERED** to exchange and disclose PHI insofar as necessary, appropriate, or expedient for purposes of preparing, effectuating, and administering:

    a. settlement of this matter,

    b. the Court ordered plan of notice to Settlement Class Members;

    c. the Plan of Allocation set forth in the Settlement Agreement;

    d. review and assessment of Settlement Class Member claims for payment from the Total Settlement Fund, and documentation submitted in connection therewith;

    e. adjudication of any objections to the Settlement Agreement; and

    f. filings to the Court as may be necessary or appropriate in connection with settlement or Court review of proposed terms of settlement;

5. In compliance with HIPAA, 42 C.F.R. Part 2 and related state laws, the authorizations and orders set forth in this Order expressly include PHI concerning psychological and mental health records, disability status and records, substance abuse and treatment history, and HIV status, as well as records concerning other sexually transmitted diseases if so requested.

6. Consistent with 45 C.F.R. 164.512(e)(1)(i), individual HIPAA authorizations are not required for any disclosure requested or made pursuant to this Order.

7. The commands of the Court in paragraphs 4 and 5 of this Order are a separate authorization for use or disclosure of PHI in addition to, and potentially inclusive of, the use and disclosures authorized under paragraph 1 of the QPO.

8. Any person or entity authorized or ordered above to use or disclose PHI is expressly and specifically **AUTHORIZED** and **ORDERED** to do so with, to, or before the Court overseeing this matter or any appeal, and any court reporter service, videographer service, translation service, photocopy service, document management service, records management service, or other such litigation support service designated by a party or a party's legal counsel in this case.

9. Unless a motion for enforcement of the QPO and Order to Disclose has been filed in this case and remains pending at the time, the QPO and Order to Disclose shall expire 120 days following the conclusion of the Action as defined in paragraph 2. Within 120 days of the later of the conclusion of this Action, whether by judgment, settlement, or otherwise, resolution of all available appellate proceedings and the expiration of the time period in which to appeal, counsel of record and each party, person and entity who obtained PHI shall either (a) assemble and return to the producing party all materials that reveal or tend to reveal PHI or (b) destroy such documents and information. All documents prepared by counsel or experts and consultants designated herein, containing summaries, abstracts or quotations from documents that contain PHI and are subject to this QPO and Order to Disclose shall be destroyed or returned within this same time period. No originals or copies of any such PHI will be retained by any person or entity to which disclosure was made, except the Parties may retain one electronic or hard copy of all documents submitted in the Action, all depositions taken in this Action and exhibits to the deposition, all transcripts of proceedings in the Action and all exhibits introduced into evidence. With respect to any such retained material, this QPO shall survive the final termination of the Action and the receiving party's counsel or any other person authorized to receive such retained material shall maintain the confidentiality and the restrictions of this QPO to the extent that the information in such material is not or does not become known to the public.

10. Neither the conclusion of this Action nor the termination of employment of any person who had access to any information exchanged in this Action shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of anything disclosed pursuant to this QPO.

11. All uses and disclosures of PHI shall comply, to the extent practicable, with the minimum necessary standard set forth in 45 C.F.R. § 164.502.

12. Any recipient of PHI shall implement reasonable administrative, technical, and physical security safeguards for such PHI.

13. This QPO and Order to Disclose are self-executing and effective upon entry. A copy of this QPO and Order to Disclose shall be valid as an original.

14. In the event a party wishes to use PHI in any affidavits, briefs, memoranda of law, exhibits to motions, or other papers submitted in the Action, the party should take reasonable steps to protect the PHI.

| | |
|---|---|
| **POSNER LAW PLLC** | **MCDERMOTT WILL & EMERY LLP** |
| s/ Gabriel Posner, Esq. | /s Dmitriy Tishyevich, Esq. |
| 50 Main St., Suite 1000 | One Vanderbilt Avenue |
| White Plains, New York 10606 | New York, NY 10017-3852 |
| Phone: (914) 517-3532 | Phone: (212) 547-5400 |
| Email: gabe@Posner.Law | dtishyevich@mwe.com |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

**IT IS SO ORDERED:**

_____
Hon. Edgardo Ramos, USDJ
Dated: February 7, 2025