## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY HOCKENSTEIN, for himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>        Defendant. | Civil Case No. 1:22-cv-4046-ER<br><br>[~~PROPOSED~~]<br>**FINAL CLASS ACTION<br>SETTLEMENT APPROVAL ORDER** |

Upon consideration of the Motion for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff Jeremy Hockenstein ("Plaintiff"), individually and as representative of the class defined below (the "Settlement Class"), and Defendant Cigna Health and Life Insurance Company ("Cigna"), the Court orders and finds as follows:

1.  This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class members, and Cigna.

2.  The Settlement Class defined below is hereby certified pursuant to Fed. R. Civ. P. 23:

> all persons in an employee welfare benefit plan established and maintained under ERISA insured by and/or for which Cigna administered claims for benefits for all or part of the time period set forth below (a "Plan"), who received, or whose dependents enrolled in such Plan received, COVID-19 testing services on or after March 27, 2020 and prior to September 1, 2023, and who submitted a claim to their respective Plans for reimbursement for such services, and whose claim(s) for such services were allowed at less than the amount that their provider billed for such COVID-19 testing services.

Excluded from the Settlement Class are: (1) any of Cigna's officers or directors; (2) the judicial officers to whom this case is assigned and any members of their staffs and immediate families; (3) any heirs, assigns, or successors of any of the persons or entities described in this paragraph; and (4) persons who validly opted out of the Settlement, all

of whom are listed on Exhibit A hereto.

3.      This action satisfies the applicable prerequisites for class action treatment under Fed.

R. Civ. P. 23(a) and (b). Specifically, the Court finds: (A) the Settlement Class is

sufficiently numerous such that joinder is impracticable; (B) the claim of Plaintiff is

typical of the Settlement Class members' claims; (C) Plaintiff is an appropriate and

adequate representative for the Class and (D) Plaintiff's counsel, Gabriel Posner, of

Posner Law PLLC, is hereby appointed as Class Counsel for the Settlement Class.

4.      Certification of the Settlement Class is appropriate pursuant to Fed. R. Civ. P.

23(b)(3) because common questions of law and fact predominate over any questions

affecting only individual Class members' claims, specifically whether or not

Defendant Cigna violated ERISA § 502(a)(1)(B) and/or ERISA § 502(b)(3) in

approving payment for less than the full amount billed for Settlement Class Members

Covid-19 tests.  Additionally, a class action is the superior method for the fair and

efficient adjudication of the claims of Class members.

5.      The Court approved a form of notice for mailing to the Settlement Class. The Court is

informed by the settlement administrator for this action, that notice was sent via U.S.

Mail to approximately **21,610** members of the Settlement Class. Of these, the

Settlement Administrator learned **287** such notices were undeliverable.

6.      **Zero** members of the Settlement Class requested exclusion.

7.      A total of **21,610** Settlement Class Members are entitled to a share of the monetary

benefits of the settlement.

8.      On **May 29, 2025**, the Court held a fairness hearing to which Settlement Class

Members, including any with objections, were invited.

9.      The Court finds that provisions for notice to the class satisfy the requirements of

due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the

United States Constitution and any other applicable law.

10.    The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Settlement Agreement submitted by the Parties, including the settlement and release contained therein and payments by Cigna.

11.    The Court approves the following awards, costs, or fees, to be taken out of the Total Settlement Fund:

(a)    **$600,000** in attorney fees, payable to Posner Law PLLC; and

(b)    **Up to $101,684** in payment to the Settlement Administrator for work performed on behalf of the Settlement Class.

12.    The Settlement Administrator, in computing the Net Pro Rata Share payable to each Settlement Class member out of the Total Settlement Fund, shall deduct from the Gross Pro Rata Share of each Settlement Class Member an equal proportion sufficient to cover all amounts set forth in paragraph 11 above, and shall allocate and distribute such amounts from the Total Settlement Fund to the payees set forth in paragraph 11 above.

13.    Within 21 days of the Effective Date, as that term is defined in the Settlement Agreement, the Settlement Administrator shall make the payments to Settlement Class Members pursuant to the Plan of Allocation set forth in the Settlement Agreement.

14.    Within 21 days of the Effective Date, as that term is defined in the Settlement Agreement, the Settlement Administrator shall make payment of the attorney fees approved herein to class counsel.

15.    The Court approves an award of **$10,000** as an incentive fee, payable by Cigna directly to Plaintiff Jeremy Hockenstein within 21 days.

16.    Checks issued to Class members will be void ninety (90) days from the date of issuance.

17.    Any unclaimed funds in the settlement funds created pursuant to the Settlement

Agreement, including any checks that have not been cashed by the void date, will also be treated as excess funds, which, in accordance with the terms of the Settlement Agreement, the Settlement Administration shall distribute as a *cy pres* award to **Health Leads, Inc.** a non-profit corporation located at **P.O. Box 961630, Boston, MA 02196**.

18.    Upon the Effective Date, as that term is defined in the Settlement Agreement, all Settlement Class members fully, finally, and forever settle, release and discharge the Released Parties from the Released Claims as defined in the Settlement Agreement.

19.    The Court finds the Settlement Agreement is fair, negotiated at arm's length, and made in good faith.

20.    The terms of the Settlement Agreement are incorporated into this Order.

21.    This Order shall operate as a final judgment and dismissal with prejudice of the claims in this action.

22.    The Court retains exclusive jurisdiction to enforce the terms and provisions of the Settlement Agreement and this Order.

23.    The Parties are hereby ordered to comply with the terms of the Settlement Agreement and this Order.

**IT IS SO ORDERED:**

HON. EDGARDO RAMOS
United States District Judge

Dated:    May 29    , 2025

New York, New York

4

**EXHIBIT A TO FINAL APPROVAL ORDER**

<u>List of Class Opt-Outs</u>

None